# Exhibit 4

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

MARK W. LERNER
212-506-1728
DIRECT FAX: 212-835-5028
MLERNER@KASOWITZ.COM

212-506-1700

FACSIMILE: 212-506-1800

ATLANTA
HOUSTON
NEWARK
SAN FRANCISCO

August 10, 2010

<u>Via E-Mail</u>

Kenneth P. Thompson, Esq.
Thompson Wigdor & Gilly LLP
85 Fifth Avenue, 5th Floor
New York, New York 10003

Re:   <u>Guzman v. News Corporation, et al.</u>, 09 Civ. 9323 (BSJ) (RLE)

Dear Ken:

We write in response to your letter dated August 3, 2010, wherein you seek defendants' consent to amend Ms. Guzman's complaint pursuant to Fed. R. Civ. P. 15(a)(2) to add causes of action for harassment, discrimination and retaliation under Title VII of the Civil Rights Act of 1964. For the reasons stated below, defendants decline to provide such consent.

First, based on all of the arguments proffered in our motion to dismiss Ms. Guzman's complaint, which is *sub judice* before Judge Jones, we believe this amendment is futile. Moreover, the Title VII claims, which are narrower in scope based on judicial construction of the relevant statutes than claims already in the Complaint, face additional hurdles. Finally, there is no remedy available to Ms. Guzman under Title VII that is not already available under other claims contained in the Complaint.

Second, certain amendments appear unfounded. For example, in describing Mr. Allan's alleged inquiry into whether a baseball player was carrying a machete, Ms. Guzman now supplements that such statement "was typical" of Allan's "casual and brazen" animus towards Latinos and Hispanics. (Pr. Am. Compl. ¶ 50.) There is no evidence to support that allegation, nor did Ms. Guzman so allege in her sworn EEOC charge. Moreover, you now seek to have Ms. Guzman, for the first time, introduce Rupert Murdoch into the Complaint. This proposal is most notable for its timing – just after Magistrate Judge Ellis's adverse discovery rulings and without any factual predicate for Mr. Murdoch's involvement in the action. (Pr. Am. Compl. ¶ 18.) This was plainly done to harass the defendants, and for no other reason.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

Kenneth Thompson, Esq.
August 10, 2010
Page 2

Third, even at this stage of discovery information has been exchanged demonstrating the falsity of many allegations, yet you persist in advancing them as part of the Amended Complaint.

Should you move for leave to file this Amended Complaint, we will make these and any other arguments in opposition to such filing in our opposition.

Sincerely,

Mark W. Lerner