# Exhibit 6

**Subject: Re: Letter re: Guzman v. News Corp.**
**Date:** Fri, 27 Aug 2010 07:54:44 -0400
**From:** Ariel Graff <agraff@twglaw.com>
**To:** Mark Lerner <mlerner@kasowitz.com>, "Blythe E. Lovinger" <BLovinger@kasowitz.com>
**Cc:** <kthompson@twglaw.com>

Mark – I noted when we spoke that I had anticipated that Defendants' pending motion to dismiss was likely to to be a factor in resolving Plaintiff's request for consent to file the Amended Complaint, but I did not suggest that I expected a tolling agreement to be proposed as a solution. Having now considered the possibility, a stipulation along the lines of what I proposed below appears to provide a superior alternative, particularly given the absence of any non-frivolous grounds for dismissal that Defendants might advance in connection with the Title VII claims. Moreover, Defendants' pending motion has already served only to delay Defendants' filing of their Answer, and having Plaintiff wait to file her Amended Complaint until the Court rules on the pending motion would simply afford Defendants an opportunity to file a new motion to dismiss and further delay the timely progression of this case. Furthermore, in the unlikely event that the pending motion were to result in the Court's dismissal of the Complaint with prejudice, Plaintiff would be precluded from filing an Amended Complaint irrespective of any tolling agreement between the parties. It should also be noted that the fact that Defendants didn't even propose the possibility of a tolling agreement for more than three weeks after receiving a copy of the proposed Amended Complaint — and did so only after securing Plaintiff's agreement to forego certain minor revisions to its factual allegations — smacks of bad faith.

Although I hope this clarifies our perspective I would, as noted, be more than happy to discuss this matter with you directly, rather than devoting additional time to email correspondence if you have any further questions or concerns.

----------
**Ariel Y. Graff**
Thompson Wigdor & Gilly LLP
85 Fifth Avenue
New York, NY 10003
(212) 257-6800 (Main)
(212) 257-6845 (Fax)
agraff@twglaw.com
http://www.twglaw.com

This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

**From:** Mark Lerner <mlerner@kasowitz.com>
**Date:** Thu, 26 Aug 2010 18:01:05 -0400
**To:** Ariel Graff <agraff@twglaw.com>
**Cc:** <kthompson@twglaw.com>, "Blythe E. Lovinger" <BLovinger@kasowitz.com>
**Subject:** RE: Letter re: Guzman v. News Corp.

Ari, the reason we object to that approach is that there are legal arguments that we would have asserted against the putative Title VII claims but did not because no Title VII claims were set forth in the November 2009 Complaint. We feel that the filing of an amended complaint now, 7 months after the motion to dismiss was fully submitted, could delay a decision from the Court on the motion and would require additional briefing. That neither seems an efficient use of judicial resources or of those of the parties, nor consistent with Rule 1 of the Federal Rules of Civil Procedure. Nor does your proposed stipulation solve any of these issues.
Because of these reasons, we proposed the tolling arrangement, which would preserve all of plaintiff's alleged rights with respect to Title VII claims that have yet to be asserted. Can you please explain why it is you believe a tolling arrangement does not adequately protect whatever right your client has to bring a Title VII claim, especially in light of your statement to Blythe and me on the phone Tuesday that you anticipated that a tolling arrangement would be our position, that you believed it would be acceptable, and that you would send us a tolling agreement for our signature?
Mark


Mark W. Lerner
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
Tel. (212) 506-1728
Fax (212) 835-5028
MLerner@kasowitz.com

**From:** Ariel Graff  [mailto:agraff@twglaw.com]
**Sent:** Thursday, August 26, 2010 5:23  PM
**To:** Mark W. Lerner; Blythe E. Lovinger
**Cc:**  kthompson@twglaw.com
**Subject:** Re: Letter re: Guzman v. News  Corp.

Mark  -

Per our discussion on Tuesday, we have considered the possibility of entering into a tolling agreement with respect to Ms. Guzman's Title VII claims, and have determined that we are not amenable to proceeding on that basis.  However, as you know from your review of the proposed Amended Complaint, its factual allegations are substantively identical to those alleged in the initial Complaint, from which it differs only by the addition of Plaintiff's claims under Title VII to her existing claims under Section 1981 and the City and State Human Rights Laws.  Accordingly, to obviate the need for further briefing in connection with Defendants' pending motion to dismiss Plaintiff's initial Complaint, we would be willing to enter into a stipulation (subject to the Court's approval) to the effect that the previously submitted briefing on Defendants' motion to dismiss will be deemed to apply to Plaintiff's Amended Complaint, such that no further briefing will be required.  Please let me know at your earliest convenience if Defendants would consent to Plaintiff's filing of her Amended Complaint on the basis of such a stipulation, as we otherwise anticipate making an application for the Court's leave to file the Amended Complaint toward the end of the day tomorrow.

As always, please feel free to give me a call if you have any questions or concerns about the foregoing or other matters.

Sincerely,
Ari
----------
**Ariel Y.  Graff**
Thompson Wigdor & Gilly LLP
85 Fifth Avenue
New  York, NY 10003
(212) 257-6800 (Main)
(212) 257-6845 (Fax)
agraff@twglaw.com
http://www.twglaw.com

This communication may contain  Confidential or Attorney-Client Privileged Information and/or Attorney Work  Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone.  Thank you.

**From:** Mark Lerner <mlerner@kasowitz.com>
**Date:** Thu, 12 Aug 2010 18:18:05 -0400
**To:** Ariel Graff <agraff@twglaw.com>
**Cc:** <kthompson@twglaw.com>, "Blythe E. Lovinger" <BLovinger@kasowitz.com>, "Garrett D. Kennedy" <GKennedy@kasowitz.com>
**Subject:** RE: Letter re: Guzman v. News Corp.

Ari - we're in receipt of your letter and are still considering the options.  We will let you know our response tomorrow.

Thanks,

Mark

Mark W. Lerner
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
Tel. (212) 506-1728
Fax (212) 835-5028
MLerner@kasowitz.com

---

**From:** Ariel Graff  [mailto:agraff@twglaw.com]
**Sent:** Tuesday, August 10, 2010 6:57 PM
**To:** Mark W. Lerner; Blythe E. Lovinger; Garrett D. Kennedy
**Cc:** kthompson@twglaw.com
**Subject:** Re: Letter re: Guzman v. News Corp.

Please see attached.

----------
**Ariel Y. Graff**
Thompson Wigdor & Gilly LLP
85 Fifth Avenue
New York, NY 10003
(212) 257-6800 (Main)
(212) 257-6845 (Fax)
agraff@twglaw.com
http://www.twglaw.com

This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone.  Thank you.