```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
SANDRA GUZMAN,                          :
                                        :
                Plaintiffs,             :
                                        :
        v.                              :   09 Civ. 9323(BSJ)
                                        :        ORDER
NEWS CORPORATION, NYP HOLDINGS,         :
INC., d/b/a THE NEW YORK POST,          :
MICHELLE GOTTHELF and DANIEL            :
GREENFIELD, in the official and         :
Individual capacities                   :
                                        :
                Defendant.              :
----------------------------------------x
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

In this case involving claims of unlawful retaliation and hostile work environment by Defendants against Plaintiff Sandra Guzman, before the Court is Defendants' motion to dismiss the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the motion is DENIED.

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted," a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (U.S. 2007). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (U.S. 2009).

Mindful of the First Amendment protections enjoyed by newspaper organizations, the Court notes that Plaintiff has sufficiently alleged that she objected not just to the paper's content but to the general work environment at the Post and the way the editorial staff dealt with the publication of the content at issue.

To state a claim for hostile work environment under 42 U.S.C. § 1981, Plaintiff must allege that the "workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or persuasive to alter the conditions of the victim's employment." Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir. 2000). Defendants argue that the paper's published content should not be used to support this claim, that Plaintiff has misguidedly alleged "discrete acts" of discrimination, and that overall the allegations in the complaint are not sufficient to meet this pleading standard. These issues, however, all present factual questions that are inappropriate to decide on a motion to dismiss.

Additionally, Defendants move to dismiss Plaintiffs' claims of unlawful retaliation. To establish a *prima facie* claim for

retaliation under 42 U.S.C. § 1981, a plaintiff must allege that: (1) the plaintiff engaged in a protected activity, (2) the employer knew of this activity, (3) the employer took adverse employment action against the employee, and (4) a causal connection exists between the alleged adverse action and the protected activity. Paulino v. N.Y. Printing Pressman's Union, Local Two, 301 F.App'x 34, 37 (2d Cir. 2008). Defendants argue that Plaintiff has failed to sufficiently allege the first element because the Plaintiffs, when complaining about the cartoon published by the paper on February 18, 2009, did not actually speak out regarding an "employment practice" of the New York Post. Moreover, they allege that she has also failed to sufficiently allege retaliatory acts that constitute an "adverse employment decision."

At this stage in the litigation, the Court finds that Plaintiff's factual allegations sufficiently "raise a right to relief above the speculative level." See Twombly, 127 S. Ct. at 1965. Plaintiffs have sufficiently put Defendants on notice of the retaliation claims against it by alleging that Plaintiffs' complaints were about the working climate generally at the Post, rather than solely about the content published by the paper. See Barbosa v. Continuum Health Partners, Inc., 2010 U.S. Dist. LEXIS 21052 (S.D.N.Y. Mar. 5, 2010)("[A] complaint need not establish a prima facie case of employment discrimination to

survive a motion to dismiss; however, the claim must be facially plausible and must give fair notice to the defendants of the basis for the claim."). Given the lenient standard applied when considering a motion to dismiss, dismissal is not appropriate at this time.

The Court also finds that Plaintiffs have adequately pled that News Corporation was Plaintiff's employer.

Accordingly, Defendants' Motion to Dismiss is DENIED.

**SO ORDERED:**

/s/ Barbara S. Jones
Barbara S. Jones
**UNITED STATES DISTRICT JUDGE**

New York, New York
September 24, 2010