**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
SANDRA GUZMAN,                                   :
                                                 :
                          Plaintiff,             :          No. 09 Civ. 9323 (BSJ)(RLE)
                                                 :
              v.                                 :
                                                 :
NEWS CORPORATION, NYP HOLDINGS, INC.,            :
d/b/a THE NEW YORK POST, and COL ALLAN,          :
in his official and individual capacities,       :
                                                 :
                          Defendants.            :
-------------------------------------------------------------X


### PLAINTIFF'S OBJECTIONS TO ORDER OF MAGISTRATE JUDGE


**THOMPSON WIGDOR & GILLY LLP**

Kenneth P. Thompson
Ariel Y. Graff
85 Fifth Avenue
New York, New York 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
kthompson@twglaw.com
agraff@twglaw.com

*COUNSEL FOR PLAINTIFF SANDRA GUZMAN*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................ 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY .................................................. 2

I.     MS. GUZMAN'S CLAIMS OF HOSTILE WORK ENVIRONMENT,
       DISCRIMINATION AND RETALIATION ON BASIS OF RACE, NATIONAL
       ORIGIN AND GENDER ............................................................................................ 2

II.    MS. GUZMAN'S APPLICATION TO COMPEL DISCOVERY AND PROCEEDINGS
       BEFORE THE MAGISTRATE JUDGE ...................................................................... 2

ARGUMENT ...................................................................................................................... 5

I.     STANDARD OF REVIEW ON OBJECTIONS TO DISCOVERY RULING BY
       MAGISTRATE JUDGE ............................................................................................. 5

II.    SCOPE OF PERMISSIBLE DISCOVERY UNDER RULE 26 ........................................ 6

III.   THE MAGISTRATE'S DENIAL OF DISCOVERY CONCERNING
       DISCRIMINATION COMPLAINTS BY OTHER EMPLOYEES – IN THE SAME
       PROTECTED CLASS(ES) AND WORK  ENVIRONMENT AS MS. GUZMAN – IS
       CLEARLY ERRONEOUS AND CONTRARY TO LAW ................................................ 7

       A.     Co-Workers' Complaints Are Reasonably Calculated To Lead To
              Discovery Of Admissible Evidence Of Pretext And Intent ......................................... 7

       B.     Co-Workers' Discrimination Complaints Are Relevant To
              Demonstrating The Existence Of An Objectively And Subjectively
              Hostile Work Environment At Defendants .................................................................. 13

       C.     Co-Workers' Discrimination Complaints Are Relevant To Rebut
              Defendants' Anticipated Invocation Of The "Faragher/Ellerth"
              Defense ....................................................................................................................... 14

       D.     Plaintiff's Discovery Requests Do Not Impose
              An Undue Burden On Defendants .............................................................................. 15

CONCLUSION ................................................................................................................... 17

CERTIFICATE OF SERVICE ............................................................................................ 18

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Bell v. Lockheed Martin Corp.*,
No. 08-CV-6292 (RBK)(AMD), 2010 U.S. Dist. LEXIS 62971
(D.N.J. June 23, 2010) ............................................................................................ 10, 16

*Burlington Industrial v. Ellerth*,
524 U.S. 742 (1998) ...................................................................................................15

*Chamberlain v. Farmington Savings Bank*,
247 F.R.D. 288 (D. Conn. 2007)..................................................................................9

*Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*,
105 F.R.D. 16 (S.D.N.Y. 1984)................................................................................... 7

*Crews v. Domino's Pizza Corp.*,
No. 08-CV-03703 (GAF)(SHS), 2009 U.S. Dist. LEXIS 126718
(C.D. Cal. July 31, 2009) ...........................................................................................15

*Cruz v. Coach Stores, Inc.*,
202 F.3d 560 (2d Cir. 2000) .......................................................................................13

*Culkin v. Pitney Bowes, Inc.*,
225 F.R.D. 69 (D. Conn. 2004) ...............................................................................7, 16

*EEOC v. Lockheed Martin*,
Nos. 05-CV-479 and 05-CV-496 (SPK)(LEK), 2007 U.S. Dist. LEXIS 39342
(D. Haw. May 29, 2007)..............................................................................................14

*Gaul v. Zep Mfg. Co.*,
No. 03-CV-2439 (HJH), 2004 U.S. Dist. LEXIS 1990 (E.D. Pa. Feb. 4, 2004)........... 11, 16

*Glass v. Philadelphia Electric Co.*,
34 F.3d 188 (3d Cir. 1994).......................................................................................... 9

*Graham v. City of New York*,
No. 08-CV-3518 (KAM)(RML), 2010 U.S. Dist. LEXIS 78184
(E.D.N.Y. Aug. 3, 2010)............................................................................................. 6

*Harris v. Forklift System*,
510 U.S. 17 (1993)...................................................................................................... 6

*Hollander v. America Cyanamid Co.*,
895 F.2d 80 (2d Cir. 1990)....................................................................................6, 8, 9

*Jhirad v. TD Sec. USA, Inc.*,
  No. 02-CV-7509 (VM)(HBP), 2003 U.S. Dist. LEXIS 6034
  (S.D.N.Y. Apr. 10, 2003) ..................................................................................................8, 9

*Kaytor v. Electric Boat Corp.*,
  609 F.3d 537 (2d Cir. 2010) ..................................................................................................13

*Laurenzano v. Lehigh Valley Hospital, Inc.*,
  No. 00-CV-2621 (MFA), 2001 U.S. Dist. LEXIS 10534 (E.D. Pa. July 18, 2001) ...............8

*National R.R. Passenger Corp. (AMTRAK) v. Morgan*,
  536 U.S. 101 (2002) ..................................................................................................12

*Oppenheimer Fund, Inc. v. Sanders*,
  437 U.S. 340 (1978) ..................................................................................................6

*Roberts v. Air Capitol Plating*,
  No. 95-CV-1348 (JTM), 1997 U.S. Dist. LEXIS 11245 (D. Kan. July 22, 1997) ...............14

*Sills v. Bendix Commercial Vehicle Systems*,
  No. 04-CV-149 (RBC), 2005 U.S. Dist. LEXIS 3392 (N.D. Ind. Mar. 3, 2005) ..................11

*Smith v. Caf Asia*,
  256 F.R.D. 247 (D.D.C. 2009) ..................................................................................................10

*Sorrell v. District of Columbia*,
  252 F.R.D. 37 (D.D.C. 2008) ..................................................................................................14

*Stimeling v. Board of Education Peoria Public Schools District 150*,
  No. 07-CV-1330 (BGC), 2010 U.S. Dist. LEXIS 6142 (C.D. Ill. Jan. 26, 2010) ..................11

*Thomas E. Hoar, Inc. v. Sara Lee Corp.*,
  900 F.2d 522 (2d Cir. 1990) ..................................................................................................6

*United States EEOC v. ABM Industries*,
  No. 07-CV-01428 (LJO)(TAG), 2008 U.S. Dist. LEXIS 105649
  (E.D. Cal. Dec. 22, 2008) ..................................................................................................11

*Williams v. Consolidated Edison Corp.*,
  255 Fed. Appx. 546 (2d Cir. 2007) ..................................................................................................12

## OTHER AUTHORITIES

28 U.S.C. § 636(b)(1) – Federal Magistrates Act ............................................................5, 6

Fed. R. Civ. P. 26(b) ...............................................................................................6, 7

Fed. R. Civ. P. 72(a) ............................................................................................ 1, 5, 18

## **PRELIMINARY STATEMENT**

Plaintiff Sandra Guzman ("Plaintiff" or "Ms. Guzman") respectfully submits this memorandum of law setting forth her objections, pursuant to Fed. R. Civ. P. 72(a), to an Order by Magistrate Judge Ronald L. Ellis, entered October 21, 2010, which, among other things, denied Ms. Guzman's application to compel discovery from Defendants News Corporation ("News Corp."), NYP Holdings, Inc., d/b/a the New York Post (the "Post"), (together, the "Company") and Col Allan ("Allan") (all Defendants, collectively, "Defendants"), concerning complaints by co-workers in her work environment who – like Ms. Guzman – complained to Defendants about being subjected to discrimination, harassment and/or retaliation on the basis of gender, race and/or national origin during the period of her employment.[1]

As set forth in greater detail below, the Magistrate's Order is clearly erroneous and contrary to law, as the overwhelming weight of authority in this Circuit and nationwide recognizes that discrimination complaints by other employees – particularly those in the same work environment and/or protected classes as a plaintiff herself – are, at the very least, reasonably calculated to lead to the discovery of admissible evidence concerning, among other things: (i) pretext and discriminatory intent; (ii) the existence of a hostile work environment; and (iii) the viability of an asserted "Faragher/Ellerth defense."  The Magistrate's determination that Ms. Guzman's request for such complaints was "overbroad" and irrelevant to her disparate treatment and hostile work environment claims alike is,

---

[1]     A copy of the Magistrate Judge's Order entered October 21, 2010 (ECF No. 37) is annexed as Exhibit 1 to the accompanying Declaration of Kenneth P. Thompson in Support of Plaintiff's Objections thereto (hereinafter, the "Thompson Decl.").

therefore, clearly erroneous and contrary to law, and should be reversed pursuant to the timely objections set forth herein.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

I.   **MS. GUZMAN'S CLAIMS OF HOSTILE WORK ENVIRONMENT, DISCRIMINATION AND RETALIATION ON BASIS OF RACE, NATIONAL ORIGIN AND GENDER**

During her six years at the Post, Ms. Guzman – a Black and Puerto Rican female, and the only female editor of color at the Post – and other female employees and employees of color in her work environment were routinely subjected to discriminatory treatment and harassment based on their gender, race, and/or national origin.  Moreover, in response to Ms. Guzman's repeated complaints about such discrimination – to her direct supervisors, human resources and management – Defendants unlawfully retaliated against her by, among other things, stripping her of her job duties and ultimately terminating her employment on September 29, 2009.  (*See* Compl. ¶¶ 24, 113). [2]   While Defendants' stated justification for Ms. Guzman's termination was that "Tempo," one of the 25 sections of the paper that she produced, was purportedly struggling to attract advertisers, Greg Birnbaum, a high-ranking White editor at the Post, confirmed to Ms. Guzman that she was fired because of her discrimination complaints.  (*See id*. ¶ 111; Ex. 6 ¶ 34).  Additionally, the Post continued to publish Ms. Guzman's other sections after her termination, further evidencing that the stated justification for her termination was pretextual.

II.   **MS. GUZMAN'S APPLICATION TO COMPEL DISCOVERY AND PROCEEDINGS BEFORE THE MAGISTRATE JUDGE**

In separate letters to Magistrate Judge Ellis dated July 14, 2010, counsel for the respective parties briefed the court on discovery disputes to be addressed at a status

---

[2]   References to Plaintiff's Amended Complaint in this action (ECF No. 36), a copy of which is annexed to the Thompson Decl. as <u>Exhibit 2</u>, are abbreviated herein as "Compl. ¶."

conference on July 15, 2010.[3]  Plaintiff's letter emphasized, among other things,
Defendants' failure to comply with their discovery obligations in connection with multiple
document requests and interrogatories that called for production of documents and
information concerning complaints by other employees at Defendants who, like Ms.
Guzman, were subjected to discrimination or retaliation on the basis of gender, race, color,
and/or national origin.  (*See* Ex. 3).

After hearing arguments from the parties on July 15, 2010, Magistrate Judge Ellis
requested further briefing on, among other things, the dispute concerning Ms. Guzman's
application to compel discovery of similar discrimination complaints by her co-workers
against Defendants.  *See* Minute Entry, July 16, 2010.

Pursuant to the Magistrate Judge's request, Ms. Guzman submitted a supplemental
letter brief on July 19, 2010,[4] together with an eight-page affidavit, in which she detailed
both the nature of the discriminatory conduct that gave rise to her hostile work
environment claims, and the physical bounds that comprised the situs of her "work
environment" at Defendants.[5]  Ms. Guzman also clarified that her request was limited to
complaints by (i) Reporters, (ii) Editors, (iii) and/or Managers and Supervisors, who
worked within her specific work environment, comprised of the 9th and 10th floors of the

---

[3]     The parties' respective letters to Magistrate Judge Ellis dated July 14, 2010 are
annexed to the Thompson Decl. as Exhibit 3 (Pl.'s letter) and Exhibit 4 (Defs.' letter).

[4]     Plaintiff's letter to Magistrate Judge Ellis dated July 19, 2010 is annexed to the
Thompson Decl. as Exhibit 5.

[5]     Ms. Guzman's Affidavit dated July 19, 2010 is annexed to the Thompson Decl. as
Exhibit 6.

Company's headquarters in Manhattan.[6]  Moreover, Ms. Guzman also submitted affidavits

from other employees in her work environment at the Post who had raised similar

complaints of discrimination against Defendants.[7]  Defendants, in turn, submitted a

supplemental letter in opposition dated July 20, 2010.[8]  Magistrate Judge Ellis subsequently

held a telephonic conference with the parties to address the outstanding discovery

disputes on July 28, 2010, but did not rule on Ms. Guzman's application to compel discovery

of other employees' discrimination complaints.  The parties thereafter submitted further

letters to the court on July 30[9] and August 4, 2010,[10] concerning the pending disputes, and

appeared for another telephonic conference before Magistrate Judge Ellis on September 22,

2010.

Ultimately, during a final telephonic conference on this issue on September 23,

2010, Magistrate Judge Ellis indicated that he would deny Ms. Guzman's request for

---

[6]     The 10th floor of the building is home to the newsroom, which is an expansive open space with desks and no walls, creating an environment in which privacy is virtually impossible to achieve.  (Ex. 6 ¶ 7).  Thus, discriminatory comments made on the floor of the newsroom can easily be heard by employees throughout the open workspace, although it is often impossible to identify specific speakers.  (*See id.* ¶¶ 7-8).  When Ms. Guzman later moved into an office on the 9th floor, she still visited the newsroom several times each day to perform her duties.  (*Id.* ¶ 13).  The unlawful discrimination that forms the basis for Ms. Guzman's claims occurred within her work environment on these floors, as well as outside the building.  (*Id.* ¶ 6).

[7]     *See* Affidavit of Austin Fenner (Thompson Decl. Exhibit 7); Affidavit of Ebony Clark (Thompson Decl. Exhibit 8); Affidavit of Leonard Greene (Thompson Decl. Exhibit 9); Affidavit of Shari Logan (Thompson Decl. Exhibit 10).

[8]     Defendants' letter to Magistrate Judge Ellis dated July 20, 2010 is annexed to the Thompson Decl. as Exhibit 11.

[9]     Plaintiff's letter to Magistrate Judge Ellis dated July 30, 2010 is annexed to the Thompson Decl. as Exhibit 12.

[10]     Defendants' letter to Magistrate Judge Ellis dated August 3, 2010 is annexed to the Thompson Decl. as Exhibit 13.

discovery of her colleague's discrimination complaints, labeling Plaintiff's position "an overly broad interpretation of the law" (Ex. 14 at 33).[11]  Magistrate Judge Ellis confirmed his ruling in a written Order entered on October 21, 2010, which denied Ms. Guzman's application to compel disclosure of complaints by other employees in her work environment who – like Ms. Guzman – suffered discrimination or retaliation on the basis of gender, race and/or national origin.  (*See* Ex. 1).  More specifically, Magistrate Judge Ellis' Order concluded that "[Ms.] Guzman's request for such complaints is overly broad," and, accordingly, denied her motion to compel production of the complaints "on the grounds that they are relevant" to either her hostile work environment or disparate treatment claims in this case.  (*See id.* at 5, 6).[12]  As set forth below, these conclusions are clearly erroneous and contrary to law, and should therefore be reversed.

## ARGUMENT

### I.   STANDARD OF REVIEW ON OBJECTIONS TO DISCOVERY RULING BY MAGISTRATE JUDGE

Pursuant to Rule 72 of the Federal Rules of Civil Procedure and its enabling statute, the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), for non-dispositive matters, including discovery disputes, a district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (2002); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).  An order is "clearly erroneous" when "the reviewing court,

---

[11]     The transcript of the parties' telephonic conference with Magistrate Judge Ellis on September 23, 2010 is annexed to the Thompson Decl. as <u>Exhibit 14</u>.

[12]     The Magistrate Judge's Order does not cite any precedent in which a court similarly denied a plaintiff's request to compel discovery of co-worker's discrimination complaints, nor does it specify the provision of Rule 26(C) that supports its denial of Ms. Guzman's request here.

based on the entire evidence, is left with the definite and firm conviction that a mistake has been committed." *Graham v. City of New York*, No. 08-CV-3518 (KAM)(RML), 2010 U.S. Dist. LEXIS 78184, at *8 (E.D.N.Y. Aug. 3, 2010) (quotations and alterations omitted).  An order is "contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* at *9 (quotations and alterations omitted).

## II.     SCOPE OF PERMISSIBLE DISCOVERY UNDER RULE 26

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*; *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (noting that "relevance" in this context "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.").

The broad scope of discovery authorized by Rule 26 is particularly critical in employment discrimination cases because, as the Second Circuit has repeatedly noted, "employers rarely leave a paper trail – or 'smoking gun' – attesting to a discriminatory intent." *Hollander v. Am. Cyanamid Co.*, 895 F.2d 80, 85 (2d Cir. 1990) (citation omitted). Thus, plaintiffs "often must build their cases from pieces of circumstantial evidence which cumulatively undercut the credibility of the various explanations offered by the employer." *Hollander*, 895 F.2d at 85; *see also Harris v. Forklift Sys.*, 510 U.S. 17, 23 (1993) (emphasizing that whether a work "environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances").

The court may nevertheless limit the scope of relevant discovery when: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had an ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). The objecting party, however, "must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive." *See Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42 (S.D.N.Y. 1984) (quotation omitted). Furthermore, courts are strict in distinguishing burden from undue burden. *See*, *e.g.*, *Culkin v. Pitney Bowes, Inc.*, 225 F.R.D. 69, 71 (D. Conn. 2004) (noting that responding to *any* document is burdensome to some degree, but that a Plaintiff's motion to compel can be denied only upon a showing of undue burden).

**III.    THE MAGISTRATE'S DENIAL OF DISCOVERY CONCERNING DISCRIMINATION COMPLAINTS BY OTHER EMPLOYEES – IN THE SAME PROTECTED CLASS(ES) AND WORK  ENVIRONMENT AS MS. GUZMAN – IS CLEARLY ERRONEOUS AND CONTRARY TO LAW**

**A.    Co-Workers' Complaints Are Reasonably Calculated To Lead To Discovery Of Admissible Evidence Of Pretext And Intent**

Magistrate Judge Ellis' ruling that discrimination complaints by other co-workers in her work environment and protected class could not help Ms. Guzman prove that Defendants' stated reason for her termination was pretextual is clearly erroneous and

contrary controlling authority in the Second Circuit.  In *Hollander v. Am. Cyanamid Co.*, 895 F.2d 80 (2d Cir. 1990), the Second Circuit vacated summary judgment on a discriminatory discharge claim, explaining that the district court's refusal to compel defendant's response to the following interrogatory – which requested that the defendant specify the grounds for termination of any other employees in the plaintiff's protected class company-wide – improperly "deprived Hollander of evidence potentially helpful to his attempt to assemble such a quantum of circumstantial evidence supporting his argument of pretext:"

> Identify each management level employee who has terminated employment with you since January 1, 1983 and who at the time of the termination of his employment was over the age of 40, stating as to each the reason or reasons for the termination of employment.

*Id.* at 82.  In particular, the Second Circuit reasoned that the plaintiff was entitled to disclosure of information concerning defendant's treatment of co-workers within his protected class because "[i]t is possible that Hollander's discovery request might uncover a pattern of older management employees leaving American Cyanamid under unexplained circumstances, which might help prove his claim that American Cyanamid's explanation for his discharge was pretextual."  *Id.* at 84.[13]

---

[13]     Although *Hollander* was decided prior to the December 2000 Amendment to Rule 26(b)(1), *Hollander* remains controlling authority in this context.  *See, e.g., Jhirad v. TD Sec. USA, Inc.*, No. 02-CV-7509 (VM)(HBP), 2003 U.S. Dist. LEXIS 6034, at *12 (S.D.N.Y. Apr. 10, 2003) (granting application for reconsideration because "*Hollander* continues to be consistent with the case law in this Circuit and constitutes binding authority in this case;" defendant required to produce documents regarding charges of gender, religion, or national origin discrimination company-wide); *see also* Fed. R. Civ. P. 26 advisory committee's note (2000) ("A variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action.  For example, *other incidents of the same type . . . could be properly discoverable under the revised standard.*") (emphasis added); *Laurenzano v. Lehigh Valley Hosp., Inc.*, No. 00-CV-2621 (MFA), 2001 U.S. Dist. LEXIS 10534, at *3-4 (E.D. Pa. July 18, 2001) (concluding that "[t]he history of the amendment shows that discovery in federal court is still liberal enough to

Following *Hollander*, district courts in this Circuit have granted far broader discovery into discrimination complaints by plaintiffs' co-workers than the discovery requests by Ms. Guzman that the Magistrate Judge rejected as "overbroad" and irrelevant in this case.  For example, in *Jhirad v. TD Securities USA, Inc.*, No. 02-CV-7509 (VM)(HBP), 2003 U.S. Dist. LEXIS 6034 (S.D.N.Y. Apr. 10, 2003), the plaintiff – who asserted claims of sex, religion, and national origin discrimination – requested company-wide discovery of discrimination charges raised by other employees against TD Securities USA, which employed nearly 44,000 people worldwide at the time of the discovery dispute.  *See id.* at *1.  Despite the defendant's size and the scope of the plaintiff's request, the Court granted the plaintiff's motion for reconsideration, holding that *Hollander* was dispositive on the issue.  *Id.* at *5.  The magistrate judge cited *Hollander* to illustrate that company-wide information "might be relevant to show that defendant's non-discriminatory reasons for plaintiff's termination were pretextual."  *Id.* at *6; *see also Chamberlain v. Farmington Savings Bank*, 247 F.R.D. 288, 291 (D. Conn. 2007) (holding that information relating to other employees "may provide evidence to support an inference that the defendant acted with a discriminatory and retaliatory motive in terminating the plaintiff and that its stated reasons for the plaintiff's termination are pretextual.").

The Third Circuit likewise adheres to the same approach.  Thus, in *Glass v. Philadelphia Elec. Co.*, 34 F.3d 188 (3d Cir. 1994), the Third Circuit determined that evidence unrelated to plaintiff's individual experience could illustrate "whether one of the principal non-discriminatory reasons asserted by [Defendant] was in fact a pretext . . . for discrimination."  *Id.* at 194.  More recently, the district of New Jersey recognized that

encompass Plaintiff's request" for "information regarding complaints of the same type at issue in this suit, and against the same department").

discovery requests "seeking information relating to 'other charges of discrimination which may have been raised against defendant by its employees in the past' is, as a 'general proposition,' relevant because 'the existence of a pattern of . . . discrimination in a job category may well justify an inference that the practices complained of were motivated by' improper factors." *Bell v. Lockheed Martin Corp.*, No. 08-CV-6292 (RBK)(AMD), 2010 U.S. Dist. LEXIS 62971, at *24 (D.N.J. June 23, 2010) (quotation omitted) (granting company-wide discovery regarding all business areas and business units in gender discrimination case).

Indeed, district courts throughout the country have consistently recognized that other employees' complaints are reasonably calculated to lead to the discovery of an employer's pattern of discrimination, and that such a pattern is probative circumstantial evidence of an employer's intent to discriminate against an individual plaintiff.  In a discrimination and harassment case brought by an employee of a restaurant, the District Court for the District of Columbia granted the plaintiff's motion to compel production of every complaint, grievance, or charge (both formal and informal), related to discrimination, disparate treatment, or harassment, made at any time, against any employee of the restaurant where plaintiff worked.  *See Smith v. Café Asia*, 256 F.R.D. 247, 257-58 (D.D.C. 2009).  Likewise, the Eastern District of California held that a plaintiff's requests to compel discovery of discrimination complaints by any of the defendant's employees in eleven different counties were "calculated to lead to the discovery of relevant evidence, and are neither overbroad nor burdensome." *United States EEOC v. ABM Indus.*, No. 07-CV-01428 (LJO)(TAG), 2008 U.S. Dist. LEXIS 105649, at *35-36 (E.D. Cal. Dec. 22, 2008).  Similarly, the Eastern District of Pennsylvania required a defendant to produce records of collateral

complaints of sexual discrimination for the entire mid-Atlantic and Northeast divisions of the company, noting that a "wide berth" must be given to such requests "since 'the nature of the proofs required to demonstrate unlawful discrimination may often be indirect or circumstantial.'" *Gaul v. Zep Mfg. Co.*, No. 03-CV-2439 (HJH), 2004 U.S. Dist. LEXIS 1990, at *13-14 (E.D. Pa. Feb. 4, 2004) (internal citation omitted).  And in *Stimeling v. Bd. of Educ. Peoria Pub. Schs. Dist. 150*, No. 07-CV-1330 (BGC), 2010 U.S. Dist. LEXIS 6142 (C.D. Ill. Jan. 26, 2010), the court granted discovery of race discrimination and retaliation complaints against defendants, explaining that "evidence of other discrimination complaints against Defendants, even those filed outside" the department in which the plaintiff worked, could reveal "a pattern of discrimination[, which] could be circumstantial evidence of discriminatory intent."  *Id.* at *8, 9; *see also Sills v. Bendix Commer. Vehicle Sys.*, No. 04-CV-149 (RBC), 2005 U.S. Dist. LEXIS 3392, at *5 (N.D. Ind. Mar. 3, 2005) ("One way to establish such a claim, either one of discrimination or retaliation, is to show that the Defendant used the same *modus operandi* towards others similarly situated to the Plaintiff.").

Here, the Magistrate Judge's denial of Ms. Guzman's motion to compel completely disregarded the implications of *Hollander* and the reasoning of the foregoing authorities in arriving at the stark, opposite conclusion.  Complaints by other employees in Ms. Guzman's work environment – who were subjected to similar discrimination, harassment or retaliation on the basis of race, gender, or national origin – would serve as compelling circumstantial evidence of Defendants' intent to discriminate, as well as the pretextual nature of Defendants' asserted justifications for retaliation against employees who raised such complaints, to the same extent as the Second Circuit explained they could for Mr. Hollander.  Indeed, evidence suggesting that other employees in Ms. Guzman's work

11

environment who complained about discrimination at the Company during the period of her employment[14] were terminated or subjected to adverse employment actions more frequently, or on the basis of similar pretextual justifications, would be compelling circumstantial proof that Defendants' purportedly non-retaliatory reason for terminating Ms. Guzman was pretextual.

Magistrate Judge Ellis, however, rejected this argument in its entirety, maintaining that "if you're going to say that [the collateral complaints] would help you prove that [Defendants' stated reason for Ms. Guzman's termination] is not true, that's actually not correct. It cannot help you prove that it's not true . . . . [I]t could not help you prove that the reason is in fact pretext because that's a factual determination." (Ex. 14 at 31). To the contrary, however, whether a facially neutral justification for Ms. Guzman's termination was, in fact, the true motivating factor for Defendants' adverse actions against her – or whether Defendants' true intent was to discriminate against Ms. Guzman or punish her for raising complaints about such discrimination – must be proved at trial on the basis of circumstantial evidence of Defendants' motives as revealed by the totality of the circumstances. In its failure to acknowledge the potential relevance of other employees' complaints as circumstantial evidence of intent and pretext – which Ms. Guzman must prove to prevail on her discrimination and retaliation claims in this case – Magistrate Judge

---

[14] While Defendant argued in its July 14, 2010 letter to Magistrate Judge Ellis (Ex. 14) that the relevant time period should only be four years, mirroring the longest statute of limitations applicable, that argument is clearly erroneous under New York law in light of Ms. Guzman's hostile work environment claims in this case. *See, e.g., Williams v. Consol. Edison Corp.*, 255 Fed. Appx. 546, 549 n.1 (2d Cir. 2007) (quoting *Nat'l R.R. Passenger Corp. (AMTRAK) v. Morgan*, 536 U.S. 101, 117 (2002) ("Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment claim may be considered by a court for the purposes of determining liability.")).

Ellis' decision is clearly erroneous and contrary to the controlling law of this Circuit and should be reversed.

### B.   Co-Workers' Discrimination Complaints Are Relevant To Demonstrating The Existence Of An Objectively And Subjectively Hostile Work Environment At Defendants

In ruling that discrimination complaints by Ms. Guzman's co-workers are irrelevant to proving the existence of a hostile work environment, Magistrate Judge Ellis erroneously applied prevailing Second Circuit law.  As recently as earlier this year, the Second Circuit again emphasized that determining whether a plaintiff worked in a hostile work environment requires an examination of "the totality of the circumstances."  *See Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 547 (2d Cir. 2010).  In *Cruz v. Coach Stores, Inc.*, 202 F.3d 560 (2d Cir. 2000), the Court specifically explained that "[b]ecause the crucial inquiry focuses on the nature of the workplace environment as a whole, a plaintiff who herself experiences discriminatory harassment need not be the target of other instances of hostility in order for those incidents to support her claim."  *Id.* at 570.  Thus, the *Cruz* court was clear that incidents involving individuals other than a plaintiff can serve as valuable evidence of the existence of a hostile work environment.  Therefore, Magistrate Judge Ellis' contentions that "you can't draw any inferences from [an] individual complaint" (Ex. 14 at 26), and "when you seek to get complaints about other individuals I think that removes us from the focus [on the Plaintiff's claim]" (*id.* at 10), are contrary to binding precedent in the Second Circuit.

Moreover, district courts around the country, applying the same rationale articulated by the Second Circuit in *Cruz*, have consistently granted contested motions to compel discovery of co-workers discrimination complaints in hostile work environment

cases.  For example, in ordering production of documents concerning complaints or

incidents of sexual harassment involving other female employees of a defendant,[15] the

District Court for the District of Columbia recently emphasized that "[t]his information goes

to the very heart of plaintiff's complaint that [Defendant] allowed for the creation of a

hostile work environment by failing to adequately protect her against same-sex

harassment."  *Sorrell v. District of Columbia*, 252 F.R.D. 37, 46 (D.D.C. 2008); *see also Roberts*

*v. Air Capitol Plating*, No. 95-CV-1348 (JTM), 1997 U.S. Dist. LEXIS 11245, at *11 (D. Kan.

July 22, 1997) (compelling production of discrimination complaints by plaintiff's colleagues

because "this information is relevant and likely to lead to admissible evidence, particularly

on the issues of the existence of a hostile work environment, retaliation and punitive

damages").

### C.   Co-Workers' Discrimination Complaints Are Relevant To Rebut Defendants' Anticipated Invocation Of The "Faragher/Ellerth" Defense

Records of discrimination complaints by other employees in a plaintiff's work

environment are also relevant evidence that the defendants had notice of discriminatory

conduct in the workplace, which reflects upon the sufficiency of the employer's asserted

measures to prevent and promptly remedy such conduct.  The "occurrence of other

incidents of discrimination is relevant to the issue of notice and the sufficiency of

[defendant's] preventative programs and measures."  *EEOC v. Lockheed Martin*, Nos. 05-CV-

479 and 05-CV-496 (SPK)(LEK), 2007 U.S. Dist. LEXIS 39342, at *9-10 (D. Haw. May 29,

2007) (internal citation omitted).  Although Defendants have yet to file their Answer in this

---

[15]    Specifically, "All documents relating to any other complaints or cases of sexual harassment brought by any other Agency female employees (past or present) against or relating to any other Agency female employees (past or present), including without limitation any decisions, reports, or findings relating to such cases."  252 F.R.D at 46.

case, they will presumably raise some version of the "Faragher/Ellerth" defense, which provides employers with an affirmative defense for a hostile work environment by demonstrating that it purportedly "exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and . . . that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer." *Burlington Indus. v. Ellerth*, 524 U.S. 742, 765 (1998).  Discovery of other employees' complaints – and the extent to which they were appropriately investigated and remedied – will be directly relevant and essential to Plaintiff's ability to rebut Defendants' assertion of the "Faragher/Ellerth" defense.

### D.    Plaintiff's Discovery Requests Do Not Impose An Undue Burden On Defendants

Finally, although not specifically addressed by Defendants or Magistrate Judge Ellis, Defendants' response to Plaintiff's requests for production of documents concerning discrimination and retaliation complaints by other employees in her work environment on the basis of race, gender and/or national origin would not be unduly burdensome. Defendants have suggested that Ms. Guzman's work environment comprised of over approximately 235 reporters and editors.  (*See* Ex. 14).  A mere suggestion, however, fails to support a "burdensome objection with a sufficiently detailed declaration." *Crews v. Domino's Pizza Corp.*, No. 08-CV-03703 (GAF)(SHS), 2009 U.S. Dist. LEXIS 126718, at *5-6 (C.D. Cal. July 31, 2009).

Furthermore, even if Defendants made a proper evidentiary showing to support their suggestion that 235 other employees were part of Ms. Guzman's work environment, Ms. Guzman's document requests still would not meet the unduly burdensome threshold that might warrant denial of her application to compel.  In contrast to the cases referenced

15

above, in which records of complaints were ordered to be produced company-wide, *see Bell*, 2010 U.S. Dist. LEXIS 62971, at *24, region-wide, *see Gaul*, 2004 U.S. Dist. LEXIS 1990, at *13-14, or state-wide, *see ABM Indus.*, 2008 U.S. Dist. LEXIS 105649, at *35-36, Ms. Guzman has limited her request to two floors of a single office building.  Moreover, it is hardly plausible – and Defendants certainly have never suggested – that anywhere close to all of the reporters, editors, managers and/or supervisors on the 9th and 10th floors of the offices in which Ms. Guzman worked either made, or were the subject of complaints concerning discrimination, harassment, and/or retaliation on the basis of gender, race, color, and/or national origin, thus further limiting the burden of discovery.  Consequently, although neither Defendants' nor the Magistrate Judge asserted otherwise, it should be clear that Ms. Guzman's document requests for discovery of her co-workers' complaints cannot be barred on the basis of undue burden.  *See, e.g., Culkin v. Pitney Bowes, Inc.*, 225 F.R.D. 69, 73 (D. Conn. 2004) ("The plaintiff here has limited his request to the employees *in the office in which the plaintiff was employed* for a period of only *four* years. Such a request is sufficiently narrowly tailored and, as such, not *unduly* burdensome nor *overly* oppressive.") (emphasis in original).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court reverse the

Order entered by the Magistrate Judge on October 21, 2010 and compel production of all

complaints concerning discrimination, harassment, and/or retaliation made by (i)

Reporters, (ii) Editors, (iii) and/or Managers and Supervisors in Plaintiff's "work

environment" during her employment at Defendants.

Dated: November 4, 2010
    New York, New York                      Respectfully submitted,

                                            **THOMPSON WIGDOR & GILLY LLP**


                                            By: ____/s/_____
                                                    Kenneth P. Thompson
                                                    Ariel Y. Graff

                                            85 Fifth Avenue
                                            New York, New York 10003
                                            Telephone: (212) 257-6800
                                            Facsimile: (212) 257-6845
                                            kthompson@twglaw.com
                                            agraff@twglaw.com

                                            *COUNSEL FOR PLAINTIFF SANDRA GUZMAN*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 4th day of November 2010, I caused a true and correct copy of the foregoing Plaintiff's Objections to Order of Magistrate Judge to be served by ECF upon the following counsel for Defendants:

> Mark W. Lerner, Esq.
> Kasowitz, Benson, Torres & Friedman LLP
> 1633 Broadway
> New York, New York 10019
> MLerner@kasowitz.com

___/s/_____
Kenneth P. Thompson
