**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
SANDRA GUZMAN,                         :
                                     :
                    Plaintiff,      :        No. 09 Civ. 9323 (BSJ)(RLE)
                                     :
           v.                       :
                                     :
NEWS CORPORATION, NYP HOLDINGS, INC., :
d/b/a THE NEW YORK POST, and COL ALLAN, :
in his official and individual capacities,     :
                                     :
                    Defendants.   :
------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**
**<u>CERTAIN ALLEGATIONS FROM PLAINTIFF'S AMENDED COMPLAINT</u>**

**THOMPSON WIGDOR & GILLY LLP**

Kenneth P. Thompson
Ariel Y. Graff
85 Fifth Avenue
New York, New York 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
kthompson@twglaw.com
agraff@twglaw.com

*COUNSEL FOR PLAINTIFFS*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT .................................................................................................. 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ........................................... 1

ARGUMENT ................................................................................................................................. 6

    I.  Defendants' Second Pre-Answer Motion is Precluded By Rule 12(g) And
        Should Be Summarily Denied ........................................................................................ 6

    II.  Defendants' Motion To Strike Should Be Denied Because Defendants Have
        Failed To Demonstrate That The Challenged Allegations Can Have No
        Possible Bearing On The Subject Matter Of This Case ............................................ 8

    III.  Defendants' Motion To Strike Should Be Denied Because Defendants Have
         Failed To Demonstrate That The Challenged Allegations Are Irrelevantly
         Inflammatory Or Unfairly Prejudicial ....................................................................... 14

    IV.  Sanctions Are Warranted By Defendants' Vexatious And Dilatory Filing Of A
          Successive Rule 12 Motion That Merely Seeks To Re-Litigate The Court's
          Prior Denial Of Defendants' Motion To Dismiss .................................................... 15

CONCLUSION ............................................................................................................................ 17

## <u>TABLE OF AUTHORITIES</u>

**FEDERAL CASES**

*Albany Insurance Co. v. Almacenadora Somex, S.A.*,
    5 F.3d 907 (5th Cir. 1993) ................................................................................................ 7

*Bulow v. Von Bulow*,
    657 F. Supp. 1134 (S.D.N.Y. 1987) ................................................................................ 14

*Crespo v. N.Y. City Transit Auth.*,
    No. 01-CV-0671 (ILG), 2002 U.S. Dist. LEXIS 2977 (E.D.N.Y. Jan. 4, 2002) .................... 10

*Daneshvar v. Graphic Tech., Inc.*,
    No. 04-CV-2212 (JWL), 2005 U.S. Dist. LEXIS 6716 (D. Kan. Apr. 19, 2005) .................. 7

*Dawson v. Delaware*,
    503 U.S. 159 (1992) ........................................................................................................ 11

*Dent v. United States Tennis Ass'n*,
    No. 08-CV-1533 (RJD)(VVP), 2008 U.S. Dist. LEXIS 46971 .......................................... 15

*DiMaria v. Silvester*,
    89 F. Supp. 2d 195 (D. Conn. 1999) ................................................................................ 7

*Doe v. City of New York*,
    583 F. Supp. 2d 444 (S.D.N.Y. 2008) .............................................................................. 11

*Eaton v. Am. Media Operations*,
    No. 96-CV-6158 (MBM), 1997 U.S. Dist. LEXIS 46 (S.D.N.Y. Jan. 8, 1997) .............. 10-11

*Eisemann v. Greene*,
    204 F.3d 393 (2d Cir. 2000) ............................................................................................ 16

*Eskofot A/S v. E.I. Du Pont De Nemours & Co.*,
    872 F. Supp. 81 (S.D.N.Y. 1995) ...................................................................................... 9

*FRA S. p. A. v. Surg-O-Flex of Am., Inc.*
    415 F. Supp. 421 (S.D.N.Y. 1976) .................................................................................... 7

*Guzman v. News Corp. et al.*,
    No. 09-CV-9323 (BSJ) (S.D.N.Y.) ......................................................................... 4, 5, 9, 13

*Hart v. Dresdner Kleinwort Wasserstein Sec., LLC*,
    No. 06-CV-0134 (DAB), 2006 U.S. Dist. LEXIS 56710 (S.D.N.Y. Aug. 8, 2006) .......... 8, 10

*Jenson v. Eveleth Taconite Co.,*
    824 F. Supp. 847 (D. Minn. 1993) ..................................................................11

*Kelly v. N. Highlands Rec. & Park Dist.,*
    No. 05-CV-2047 (FCD), 2006 U.S. Dist. LEXIS 88578 (E.D. Cal. Dec. 7, 2006) ................ 7

*Kounitz v. Slaatten,*
    901 F. Supp. 650 (S.D.N.Y. 1995)..................................................................14

*Lewis v. Depository Trust & Clearing Corp.,*
    No. 04-CV-4569 (GEL), 2006 U.S. Dist. LEXIS 61167 (S.D.N.Y. Aug. 29, 2006) ............10

*Lipsky v. Commonwealth United Corp.,* 5
    51 F.2d 887 (2d Cir. 1976)................................................................8, 9

*Long v. Marubeni America Corp.,*
    406 F. Supp. 2d 285 (S.D.N.Y. 2005) ..................................................14

*In re Methyl Tertiary Butyl Ether Products Liability Litigation,*
    Number Master File 1:00-189, MDL 1358 (SAS), 2005 U.S. Dist. LEXIS 12400
    (S.D.N.Y. June 24, 2005) ................................................................ 9

*Moy v. Adelphi Institute,*
    866 F. Supp. 696 (E.D.N.Y. 1994) ....................................................10

*Mullen v. Princess Anne Volunteer Fire Co.,*
    853 F.2d 1130 (4th Cir. 1988)..........................................................11

*NOW v. Scheidler,*
    897 F. Supp. 1047 (N.D. Ill. 1995)....................................................13

*Roe v. City of N.Y.,*
    151 F. Supp. 2d 495 (S.D.N.Y. 2001) ................................................ 8

*Saxe v. State College Area Sch. District,*
    240 F.3d 200 (3d Cir. 2001)............................................................11

*Sears Petroleum & Transport Corp. v. Ice Ban America Inc.,*
    217 F.R.D. 305 (N.D.N.Y 2003) ...................................................... 7

*Smith v. AVSC Intern., Inc.,*
    148 F. Supp. 2d 302 (S.D.N.Y. 2001) ..............................................14

*United States v. International Brotherhood of Teamsters,*
    948 F.2d 1338 (2d Cir. 1991) ................................................... 15, 16

*Yankees Entertainment & Sports Network, LLC v. Cablevision System Corp.*,
    224 F. Supp. 2d 657 (S.D.N.Y. 2002) ................................................................................ 8

**OTHER AUTHORITIES**

28 U.S.C. § 1927 ...................................................................................................... 1, 16, 17

42 U.S.C. § 1981 ................................................................................................................. 2

Fed. R. Civ. P. 1 ................................................................................................................. 4

Fed. R. Civ. P. 12 ............................................................................................... 1, 5, 6, 16

Fed. R. Civ. P. 15(a) ...................................................................................................... 3, 4

Plaintiff Sandra Guzman ("Plaintiff" or "Ms. Guzman") respectfully submits this memorandum of law in opposition to the motion by Defendants News Corporation, NYP Holdings, Inc., d/b/a the New York Post (the "Post"), and Col Alan (collectively, "Defendants" or the "Company") to strike certain allegations from Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(f).

## PRELIMINARY STATEMENT

As set forth in greater detail below, Defendants' filing of successive pre-answer motions under Rule 12 is contrary to Rule 12(g), warranting the summary denial of their instant motion to strike. Moreover, Defendants' motion to strike is substantively devoid of merit on its face, and is predicated on the same arguments that were considered and rejected by the Court in connection with Defendants' failed motion to dismiss her initial Complaint.

Furthermore, Defendants failed to address their current objections in opposing Ms. Guzman's motion for leave to file her Amended Complaint, notwithstanding that Defendants ultimately provided their written consent for Ms. Guzman to file – and in fact wrote to the Court to explicitly confirm that they had withdrawn their opposition to her fully briefed motion for leave to amend. Accordingly, the Court should deny Defendants' motion in its entirety. In addition, appropriate sanctions should be imposed against Defendants, pursuant to 28 U.S.C. § 1927 and the Court's inherent power, on the basis of Defendants' unreasonable and vexatious multiplication of these proceedings.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Ms. Guzman filed her initial Complaint on November 9, 2009, invoking the Court's subject matter jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1343, to redress Defendants'

1

unlawful employment practices and retaliation against her on the basis of her race and/or color (Black and Hispanic) in violation Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").  (*See* ECF #1).  Contemporaneous with the filing of her federal Complaint, Ms. Guzman filed a verified charge of discrimination with the EEOC in connection with Defendants' unlawful discrimination and retaliation against her on the basis of, *inter alia*, her gender and/or national origin, in violation of Title VII.

On December 30, 2009, Defendants filed a pre-Answer motion, pursuant to Rule 12(b)(6), to dismiss Ms. Guzman's Complaint in its entirety, relying primarily on the misplaced argument that her complaints of race discrimination were purportedly limited to the Post's editorial content itself – particularly Defendants' publication of the Chimpanzee Cartoon on February 18, 2009[1] – and were therefore purportedly outside the scope of protected oppositional conduct under the civil rights laws.  (*See* ECF Nos. 9-11).

In response to Defendants' motion to dismiss, however, Ms. Guzman noted that, as alleged in the Complaint, she had been repeatedly subjected to racial discrimination throughout her employment with Defendants, both prior and subsequent to the Post's publication of the Chimpanzee Cartoon on February 18, 2009.  (*See* Compl./Amd. Compl. ¶¶ 32-65).  Thus, in the context of the Complaint, it was readily apparent that the publication of the Chimpanzee Cartoon was not a discrete incident, but rather a very public manifestation of the racism that had become a hallmark of Plaintiff's work environment at

---

[1]     The cartoon, which is annexed as Exhibit 1 to both the FAC and SAC, depicts two white police officers standing over a dead chimpanzee lying in a pool of blood with bullet holes covering its torso, beneath the caption "*They'll have to find someone else to write the next stimulus bill.*"  (Compl./Amd. Compl. at Ex. 1 and ¶ 66).  Any potential doubt as to the intended referent of the cartoon was readily dispelled by the following page of the paper, which depicted a large photograph of President Obama signing the stimulus bill into law, as well as the prominent coverage allotted to "President Obama's $787 billion stimulus plan" in that day's edition of the Post.  (*See* Compl./Amd. Compl. ¶ 67).

the Post. (*Id.* ¶ 78). Moreover, Ms. Guzman's complaints of discrimination in connection with the Chimpanzee Cartoon were spurred by the fact that high-ranking members of the Company expressed acceptance – both publicly and to Ms. Guzman herself – of the evident racist message that it communicated. (*See id.* ¶¶ 69, 76-78). Thus, it was management's embrace of the underlying derogatory and offensive worldview that the Chimpanzee Cartoon conjured up – and the extent to which that worldview was manifested in Defendants' treatment of the Post's employees of color – that prompted Ms. Guzman's complaints about the racially hostile work environment at the Post. Moreover, Ms. Guzman's same complaints about the unlawful employment practices at the Post also served as the basis for Defendants' subsequent retaliatory conduct, including, ultimately, the termination of Ms. Guzman's employment as the only female editor of color at the Post.

On or about June 4, 2010, Ms. Guzman received notice of her "Right to Sue" issued by the EEOC. By letter dated August 3, 2010, Plaintiff provided Defendants with a copy of her proposed Amended Complaint, and requested Defendants' consent to file in accordance with Fed. R. Civ. P. 15(a)(2).[2] By letter dated August 10, 2010, Defendants objected to two factual allegations as revised in the proposed Amended Complaint, and refused their consent to file.[3] Later that day, Plaintiff attempted to accommodate Defendants' asserted objections in an effort to avoid unnecessary motion practice, by providing Defendants with a revised proposed Amended Complaint and renewing her request for consent to file.[4] Nevertheless, Defendants refused to consent, and Plaintiff was thereafter required to file a

---

[2]     A copy of Plaintiff's Aug. 3, 2010 letter to Defendants is attached hereto as <u>Exhibit 1</u>.

[3]     A copy of Defendants' Aug. 10, 2010 letter to Plaintiff is attached hereto as <u>Exhibit 2</u>.

[4]     A copy of Plaintiff's Aug. 10, 2010 letter in response to Defendants' letter of the same date is attached hereto as <u>Exhibit 3</u>.

motion requesting the Court's leave to Amend her Complaint pursuant to Fed. R. Civ. P.

15(a), which was fully briefed on September 23, 2010.

However, only four days later, on September 27, 2010, the Court denied Defendants'

motion to dismiss, explaining, among other things, that:

> Mindful of the First Amendment protections enjoyed by
> newspaper organizations, the Court notes that Plaintiff has
> sufficiently alleged that she objected not just to the paper's
> content but to the general work environment at the Post and
> the way the editorial staff dealt with the publication of the
> content at issue.

*Guzman v. News Corp. et al.*, No. 09-CV-9323 (BSJ), ECF No. 34 at 2 (S.D.N.Y. Sept. 27, 2010)

(order denying motion to dismiss).

In doing so, the Court clearly rejected Defendants' First Amendment argument "that

the paper's published content should not be used to support this claim," holding that this

issue, like Defendants' other arguments in support of dismissal, "all present factual

questions that are inappropriate to decide on a motion to dismiss." *Id.*

In light of the Court's Order, Plaintiff's counsel requested, by letter dated September

28, 2010, that Defendants withdraw their opposition to Plaintiff's motion for leave to file

her Amended Complaint, explaining that:

> The Court's analysis of these arguments in connection with the
> denial of Defendants' motion to dismiss seems to be equally
> applicable and dispositive of Defendants' arguments in
> opposition to the Amended Complaint.  Therefore Defendants'
> consent to filing the Amended Complaint at this juncture,
> which would enable Plaintiff to withdraw her motion for leave
> to amend and avoid the need for the Court to render a second
> ruling on the same issue, appears consistent with the
> objectives of "securing the just, speedy and inexpensive
> determination of every action" pursuant to Fed. R. Civ. P. 1.[5]

---

[5]      A copy of Plaintiff's September 28, 2010 letter to Defendants is attached hereto as
<u>Exhibit 4</u>.

Defendants thereafter wrote to inform the Court, by letter dated October 4, 2010, that Defendants had withdrawn their opposition to Ms. Guzman's motion for leave to amend and, moreover, that they consented to her filing the Amended Complaint.[6]

In light of Defendants' letter, the Court entered an Order on October 12, 2010, providing that:

> Defendants have consented to Plaintiff's motion for leave to amend her complaint.  Accordingly the motion to amend may be filed.

*Guzman v. News Corp. et al.*, No. 09-CV-9323 (BSJ), ECF No. 35 (S.D.N.Y. Oct. 12, 2010).[7] Pursuant to Defendants' written consent and the Court's Order dated October 12, 2010, Ms. Guzman filed her Amended Complaint on October 13, 2010.

Nevertheless, rather than filing an Answer to the Amended Complaint, Defendants filed their present motion, pursuant to Rule 12(f), to strike certain of the very same allegations that were also included in the initial Complaint, which was filed almost one year ago, despite having inexplicably failed to join their present motion to strike with their prior motion to dismiss – or even to raise any of the objections to the challenged allegations, either in their opposition to Plaintiff's motion for leave to amend – or at any time prior to consenting in writing, and explicitly informing the Court of their consent, for Ms. Guzman to file her Amended Complaint.

---

[6]     A copy of Defendants' counsel's letter to the Court dated October 7, 2010 is attached hereto as <u>Exhibit 5</u>.

[7]     A copy of the Court's Order dated October 12, 2010 is attached hereto as <u>Exhibit 6</u>.

## ARGUMENT

### I.     Defendants' Second Pre-Answer Motion Is Precluded By Rule 12(g) And Should Be Summarily Denied

In light of Defendants' inexplicable failure to join their present Rule 12(f) motion with their Rule 12(b)(6) motion to dismiss filed last year, their instant motion should be summarily denied as contrary to Rule 12(g)(2), which provides that "a party that makes a motion under this rule must not make another motion raising a defense or objection that was available to the party but omitted from its earlier motion" except as provided in Rule 12(h)(2) or (3) (which relate to the waivability of defenses that are not at issue here). *See*, *e.g.*, 2 MOORE'S FEDERAL PRACTICE, JAMES WM. MOORE ET AL. P 12.21 (3d ed.) ("Rule 12(g)'s consolidation requirement applies not only to Rule 12(b) defenses, but also to a . . . motion to strike under Rule 12(f).").

Indeed, Rule 12(g) exists for the precise purpose of precluding Defendants from engaging in improper, dilatory tactics aimed at delaying the progress of litigation and the filing of a responsive pleading on the basis of successive Rule 12 motions.  It does so by requiring Defendants to assert any objections under Rule 12(f) that were available to them when they initially chose to move under Rule 12(b).  As the district court emphasized in denying the defendants' motion to strike in *FRA S. p. A. v. Surg-O-Flex of Am., Inc.*:

> Again, any objection under 12(f), as well as 12(e), was
> available to defendants at the time they initially chose to move
> under 12(b) . . . .  This motion, then, is untimely as well as
> spurious, and apparently interposed for the purpose of
> engaging plaintiffs' counsel, and incidentally the court, in
> excessive paperwork.  Such legal legerdemain cannot be
> condoned if the courts are to advance the overall purpose of
> modern federal motion practice, to wit, the furtherance of
> substantive justice and efficient adjudication of genuine
> disputed issues.

6

415 F. Supp. 421, 427-28 (S.D.N.Y. 1976); *see also DiMaria v. Silvester*, 89 F. Supp. 2d 195,

196 n.5 (D. Conn. 1999) (concluding that Rule 12(e) motion was waived under Rule 12(g)

"because the defendants failed to consolidate it with their previous Rule 12 motions to

dismiss"); *Kelly v. N. Highlands Rec. & Park Dist.*, No. 05-CV-2047 (FCD), 2006 U.S. Dist.

LEXIS 88578, at *12 n.5 (E.D. Cal. Dec. 7, 2006) ("A Rule 12(f) motion, like the Rule 12(b)(5)

motion, is waived if the party has previously filed a Rule 12 motion on other grounds.")

(citation omitted); *Daneshvar v. Graphic Tech., Inc.*, No. 04-CV-2212 (JWL), 2005 U.S. Dist.

LEXIS 6716, at *4 (D. Kan. Apr. 19, 2005) ("Rule 12(g) contemplates a single, pre-answer

motion in which the defendant asserts all the Rule 12 defenses that are then available to it

and generally precludes a second motion based on any Rule 12 defense or objection that

the defendant could have but neglected to raise in the original motion.") (citation omitted);

*Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 909 (5th Cir. 1993) ("The meaning

of subdivision (g) is clear.  If a party seeks dismissal in a pretrial motion based on any of the

defenses set out in Rule 12(b), he must include in such motion any other defense or

objection then available which Rule 12 permits to be raised by motion."); *cf. Sears*

*Petroleum & Transp. Corp. v. Ice Ban Am. Inc.*, 217 F.R.D. 305, 307 (N.D.N.Y 2003) ("*[I]f the*

*amended complaint* also *contains new matter*, the defendant may bring a second motion

under Rule 12 *to object to the new allegations only*.") (citations omitted) (emphasis added).

Accordingly, because the initial Complaint, which Defendants sought to dismiss

under Rule 12(b) on December 30, 2009, contained the exact same factual allegations as

the Amended Complaint, Defendants' present motion to strike, which is their second pre-

Answer motion under Rule 12 – and the third pre-Answer motion in this case – and is

7

based on grounds that Defendants could have, but indisputably failed to raise in their initial

Rule 12 motion, should be summarily denied.

## II.   Defendants' Motion To Strike Should Be Denied Because Defendants Have Failed To Demonstrate That The Challenged Allegations Can Have No Possible Bearing On The Subject Matter Of This Case

Even if the Court does not summarily deny Defendants' motion to strike pursuant to

Rule 12(g), Defendants' motion should be denied on its merits.  "Motions to strike are not

favored and will not be granted unless it is clear that the allegations in question can have

no possible bearing on the subject matter of the litigation."  *Hart v. Dresdner Kleinwort*

*Wasserstein Sec.*, LLC, No. 06-CV-0134 (DAB), 2006 U.S. Dist. LEXIS 56710, at *29 (S.D.N.Y.

Aug. 8, 2006) (citation and internal quotations omitted); *see also Lipsky v. Commonwealth*

*United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) ("[C]ourts should not tamper with the

pleadings unless there is a strong reason for so doing.").

Accordingly, to prevail on their motion to strike, Defendants must demonstrate that:

"(1) no evidence in support of the allegations would be admissible; (2) that the allegations

have no bearing on the issues in the case; and (3) that to permit the allegations to stand

would result in prejudice to the movant."  *Roe v. City of N.Y.*, 151 F. Supp. 2d 495, 510

(S.D.N.Y. 2001) (citation omitted).  The Second Circuit has also emphasized that "ordinarily

neither a district court nor an appellate court should decide to strike a portion of the

complaint – on the grounds that the material could not possibly be relevant – on the sterile

field of the pleadings alone."  *Lipsky*, 551 F.2d at 893; *Yankees Entm't & Sports Network, LLC*

*v. Cablevision Sys. Corp.*, 224 F. Supp. 2d 657, 677 (S.D.N.Y. 2002) ("[A] motion to strike will

be granted if the disputed matter is irrelevant under any state of facts which could be

proved in support of the claims being advanced.") (internal citation omitted).  The Second

Circuit has similarly cautioned that "[e]videntiary questions . . . should especially be avoided at such a preliminary stage of the proceedings." *Lipsky*, 551 F.2d at 893; *Eskofot A/S v. E.I. Du Pont De Nemours & Co.*, 872 F. Supp. 81, 94 (S.D.N.Y. 1995) ("When confronted with a motion to strike a portion of a pleading, a court should consider whether there is any possibility that the pleading could form the basis for admissible evidence.") (citing *Lipsky*, 551 F.2d at 893); *see also In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, No. Master File 1:00-189, MDL 1358 (SAS), 2005 U.S. Dist. LEXIS 12400, at *5-6 (S.D.N.Y. June 24, 2005) (noting that courts are "very reluctant to determine disputed or substantial issues of law on a motion to strike") (citation omitted).

Here, Defendants have not – and cannot – meet this heavy burden to support their motion to strike.  Indeed, Defendants' motion to strike – like their previously denied motion to dismiss, and voluntarily withdrawn opposition to Ms. Guzman's motion for leave to amend – addresses allegations that purportedly pertain to the Post's "First Amendment-protected editorial content," which Defendants characterize as purportedly "incapable of supporting a claim for <u>employment</u> discrimination."  (*See* Defs.' Mem. at 11).  As explained above, however, Ms. Guzman did not complain about the content of the Chimpanzee Cartoon and other published content itself, but rather about the racially discriminatory intent that underlay the publication of such content and motivated the adverse employment actions that she suffered on the job.  (*See, e.g.*, Compl./Amd. Compl. ¶¶ 76-78).

Moreover, the Court has already held that Defendants' arguments "that the paper's published content should not be used to support" Plaintiff's discrimination claims "all present factual questions that are inappropriate to decide" at this stage of the litigation. *See Guzman v. News Corp. et al.*, No. 09-CV-9323 (BSJ), ECF No. 34 at 2 (S.D.N.Y. Sept. 27,

2010) (order denying motion to dismiss); *see also Moy v. Adelphi Inst.*, 866 F. Supp. 696, 709 (E.D.N.Y. 1994) ("Courts recognize that the decision on whether or not to strike portions of a Complaint based on evidentiary questions, often may not be made until a trial begins to unfold.") (citations omitted).

Defendants also have failed to cite any authority that supports their overbroad contention that evidence surrounding the publication of the Post's content can have no possible bearing on the subject of Ms. Guzman's discrimination and retaliation claims, or that any such evidence would be inadmissible at trial – nor could they – as Ms. Guzman is unquestionably entitled to proffer Defendants' use of discriminatory comments toward others in the Plaintiff's protected class as circumstantial evidence of the discriminatory intent underlying Defendants' adverse employment actions against Ms. Guzman herself. *See, e.g., Hart*, 2006 U.S. Dist. LEXIS 56710, at *31 (denying motion to strike because challenged "[i]ncidents of perceived [discrimination] may be admissible to demonstrate a defendant's discriminatory intent, which is necessary to support Plaintiffs' . . . discrimination claims") (citing *Crespo v. N.Y. City Transit Auth.*, No. 01-CV-0671 (ILG), 2002 U.S. Dist. LEXIS 2977, at *34-37 (E.D.N.Y. Jan. 4, 2002) (holding that paragraphs in a complaint pertaining to dismissed harassment and hostile work environment claims should not be stricken because they were relevant to prove defendant's discriminatory intent)); *Lewis v. Depository Trust & Clearing Corp.*, No. 04-CV-4569 (GEL), 2006 U.S. Dist. LEXIS 61167, at *23 (S.D.N.Y. Aug. 29, 2006) ("Circumstances contributing to an inference of discriminatory intent may include . . . 'invidious comments' about members of the protected class to which plaintiff belongs.") (citing *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 37 (2d Cir. 1994)); *Eaton v. Am. Media Operations*, No. 96-CV-6158 (MBM), 1997

U.S. Dist. LEXIS 46, at *14-16 (S.D.N.Y. Jan. 8, 1997) (denying motion to strike allegations that "may be admissible and relevant to show . . . general gender bias and therefore to prove discriminatory intent"); *see also Mullen v. Princess Anne Volunteer Fire Co.*, 853 F.2d 1130, 1133 (4th Cir. 1988) ("Where a plaintiff seeks to prove discriminatory intent, the probative value of statements revealing the racial attitudes of the decisionmaker is great.").

Moreover, the admissibility of such evidence is not constrained by the First Amendment. *See, e.g., Dawson v. Delaware*, 503 U.S. 159, 165 (1992) ("[T]he Constitution does not erect a *per se* barrier to the admission of evidence concerning one's beliefs and associations . . . simply because those beliefs and associations are protected by the First Amendment."); *Doe v. City of New York*, 583 F. Supp. 2d 444, 448 (S.D.N.Y. 2008) (Jones, J.) ("[A]cts are not shielded from regulation merely because they express a discriminatory idea or philosophy.") (internal citations and quotations omitted). Indeed, the law is clear that even otherwise protected First Amendment speech can nevertheless be admissible for the purposes used by Ms. Guzman in this case, namely, to prove motive or intent in the employment discrimination context. *See, e.g.*, *Saxe v. State Coll. Area Sch. Dist.*, 240 F.3d 200, 208 (3d Cir. 2001) (Alito, J.) (holding that there is "no constitutional problem with using an employer's offensive speech as evidence of motive or intent in a case involving an allegedly discriminatory employment action"); *Jenson v. Eveleth Taconite Co.*, 824 F. Supp. 847, 884 (D. Minn. 1993) ("Title VII may legitimately proscribe conduct, including undirected expressions of gender intolerance, which create an offensive working environment. That expression is 'swept up' in this proscription does not violate First Amendment principles.").

In the instant case, there is no question that the inflammatory cartoon and headlines appearing in the Post are strong evidence of Defendants' racially discriminatory animus toward people of color.  Indeed, as Ms. Guzman alleges in both the Complaint and Amended Complaint, Jesse Angelo, the Post's Managing Editor, decided to publish the Cartoon despite having admittedly recognized that it was racially offensive prior to publication.  (*See* Compl./Amd. Compl. ¶ 69).  Even after the publication of the cartoon led to a storm of protests outside of the Company's offices, Defendant Allan, the Post's Editor-In-Chief, laughed at the legitimate concerns of the protestors by citing to their race and incredibly saying, "most of them are minorities and the majority of them are uneducated."  (*Id*. ¶ 76).

There is consequently no basis for Defendants' attempt to portray Ms. Guzman's allegations concerning the Post's published content as lending support to their baseless claim that employees throughout the country: "could easily scour the hundreds of articles published by a newspaper in any given week and find a headline, article or cartoon sufficient to be pled in an allegation, creating the impossible and undesirable task of mandating that newspapers somehow attempt to sterilize their content of any potentially offensive content."  (*See* Defs.' Mem. at 13).  To the contrary, the Complaint and Amended Complaint make clear that the relevance of the cartoon and/or headlines appearing in the Post is not the expressive content of the material itself – as mischaracterized in Defendants' parade of horribles – but rather the extent to which Defendants' protected expression "clearly demonstrates Defendants' racist animus towards people of color and the racially hostile work environment that exists at the Post."  (Compl./Amd. Compl. ¶ 78).

Indeed, in denying Defendants' motion to dismiss this Court has already explained that, based on the allegations in the Complaint – which are identical to those in the Amended Complaint:

> [T]he Court notes that Plaintiff has sufficiently alleged that she objected not just to the paper's content but to the general work environment at the Post and the way the editorial staff dealt with the publication of the content at issue.

*Guzman v. News Corp. et al.*, No. 09-CV-9323 (BSJ), ECF No. 34 at 2 (S.D.N.Y. Sept. 27, 2010) (order denying motion to dismiss).

In this context, Defendants' attempt to analogize Ms. Guzman's allegations to those stricken on First Amendment grounds in *NOW v. Scheidler*, 897 F. Supp. 1047 (N.D. Ill. 1995), is entirely inapposite, as the allegations at issue in that case concerned protected speech that the plaintiffs were improperly seeking to enjoin under the RICO statutes, notwithstanding that the speech at issue in that case was outside the scope of unlawful incitement to violence that RICO prohibits. *Id.* at 1085-1087 (subsequent appellate history omitted). Here, however, Plaintiff is not seeking an injunction against Defendants' right to engage in First Amendment speech, but rather to rely on Defendants' speech as circumstantial evidence of the racial animus and discriminatory intent that contributed to the existence of a racially hostile work environment at the Post and the adverse employment actions suffered by Plaintiff. Accordingly, Defendants' motion to strike should be denied because Defendants have failed to demonstrate that the challenged allegations can have no possible bearing on the subject matter of this case, or that no evidence concerning the Post's editorial content can potentially be admitted into evidence at trial.

13

**III.     Defendants' Motion To Strike Should Be Denied Because Defendants Have
Failed To Demonstrate That The Challenged Allegations Are Irrelevantly
Inflammatory Or Unfairly Prejudicial**

As set forth above, Plaintiff's allegations concerning the discriminatory intent

underlying Defendants' speech or "First Amendment-protected published content" are

relevant and admissible as circumstantial evidence of the racial animus that contributed to

the existence of a hostile work environment at the Post and the adverse employment

actions suffered by Plaintiff.  As such, Defendants' objections to the purportedly

inflammatory nature of the challenged allegations are irrelevant under Rule 12(f), as the

challenged allegations are pertinent to Plaintiff's claims and therefore properly addressed

in the Complaint and Amended Complaint alike.  *See*, *e.g.*, *Smith v. AVSC Intern., Inc*., 148 F.

Supp. 2d 302, 317-18 (S.D.N.Y. 2001) (refusing to dismiss as scandalous allegations

concerning: (i) an alleged death threat by the employer to the plaintiff's family, which

"while clearly inflammatory, may remain for the sole purpose of enabling [plaintiff] to

gather proof of its relevance to his retaliation claim;" and (ii) allegations concerning other

employees' complaints of harassment as pertaining to defendants' general lack of

receptivity to such complaints); *Long v. Marubeni America Corp*., 406 F. Supp. 2d 285, 302

(S.D.N.Y. 2005) (denying motion to strike "a lengthy, and somewhat vituperative, account of

[defendants'] alleged sins, many of them quite irrelevant to the racial/ethnic discrimination

that forms the basis of [the complaint]"); *Kounitz v. Slaatten*, 901 F. Supp. 650, 658 (S.D.N.Y.

1995) (denying motion to strike allegation that defendant had "a deep-seated hatred of

heterosexual, fertile, female attorneys" because allegation may have had some bearing on

motivation for defendant's alleged discrimination); *Bulow v. Von Bulow*, 657 F. Supp. 1134,

1146 (S.D.N.Y. 1987) (denying motion to strike because "[a]lthough the complaint

14

describes [defendant's] motives in tones ranging from cynical to caustic . . . it cannot be said that the language of the complaint can have no possible bearing on the subject matter of the allegations").

Indeed, any "prejudice" to Defendants in this case arises out of the gravamen of Ms. Guzman's claims, namely, that Defendants maintain a racially hostile work environment, systematically discriminate against employees of color, and engage in deliberate campaigns of retaliation against employees, such as Ms. Guzman, who exercise their statutory right to oppose such conduct. *Cf. Dent v. United States Tennis Ass'n*, No. 08-CV-1533 (RJD)(VVP), 2008 U.S. Dist. LEXIS 46971, at *5 and *12-13 (E.D.N.Y. June 17, 2008) (striking conclusory, prejudicial and inflammatory allegations – predicated solely on inadmissible evidence – concerning purported existence of "documented" "legacy" of racial exclusion by defendants) (cited in Defs.' Mem. at 14, 22, 23).

Accordingly, to the extent that the Court does not summarily deny Defendants' motion to strike pursuant to Rule 12(g), Defendants' motion should be denied on its merits, as Defendants' have failed to demonstrate that no evidence in support of the allegations would be admissible; that the allegations have no bearing on the issues in the case; and that to permit the allegations to stand would result in prejudice to Defendants.

**IV.   Sanctions Are Warranted By Defendants' Vexatious And Dilatory Filing Of A Successive Rule 12 Motion That Merely Seeks To Re-Litigate The Court's Prior Denial Of Defendants' Motion To Dismiss**

Under its inherent powers to supervise and control its own proceedings, this Court has the "power to assess costs and attorneys' fees against either the client or his attorney where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991) (quotation

marks omitted).  Similarly, under 28 U.S.C. § 1927, "a district court may award attorneys'

fees against an attorney or other party authorized to practice before the courts who

multiplies the proceedings in any case unreasonably and vexatiously."  *Eisemann v. Greene*,

204 F.3d 393, 396 (2d Cir. 2000) (quotation marks omitted).  "By its terms, § 1927 looks to

unreasonable and vexatious multiplications of proceedings; and it imposes an obligation on

attorneys throughout the entire litigation to avoid dilatory tactics.  The purpose of this

statute is to deter unnecessary delays in litigation."  *Int'l Bhd. of Teamsters*, 948 F.2d at

1345.

     Here, the imposition of sanctions is warranted under these standards.  Indeed,

Defendants' instant motion is nothing more than an apparent and patently improper

attempt to delay filing an Answer by taking "a second bite" at Plaintiff's Complaint under

Rule 12 – on grounds that were unquestionably available to Defendants when they initially

chose to make a motion under Rule 12(b) almost one year ago.  Moreover, Plaintiff's

counsel filed the Amended Complaint pursuant to Rule 15(a)(2) based on Defendants'

counsel's explicit written consent, as confirmed in Defendants' letter to the Court – namely:

"*We write to inform the Court that we have provided plaintiff Sandra Guzman written consent

to file her proposed amended complaint . . . [and] the parties agree this renders moot

plaintiff's pending motion for leave to amend* " (Ex. 5) – without having ever raised any

objection whatsoever to the allegations contained in the Amended Complaint, let alone

suggesting that Defendants would proceed to file a second pre-answer motion to strike

such allegations in flagrant disregard of Rule 12(g).

     Accordingly, consistent with the purposes of § 1927, Plaintiff respectfully requests

that the Court impose sanctions against Defendants and their counsel as a consequence of

their improper, unjustified and needless multiplication of these proceedings, without any apparently valid purpose or legal basis, in connection with the instant motion.  Due to these dilatory tactics, Plaintiff's counsel must now devote significant time and resources opposing a baseless motion to strike the very same allegations that Defendants' were aware of when they filed their motion to dismiss back on December 30, 2009, and when they withdrew their opposition to Ms. Guzman's fully briefed motion for leave to amend.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion to strike certain allegations from the Amended Complaint, and impose appropriate sanctions against Defendants, pursuant to 28 U.S.C. § 1927 and the inherent powers of the Court, on the basis of Defendants' unreasonable and vexatious multiplication of these proceedings.

Dated: November 15, 2010
     New York, New York            Respectfully submitted,

                         **THOMPSON WIGDOR & GILLY LLP**

                         By: _____/s/_____
                              Kenneth P. Thompson
                              Ariel Y. Graff

                         85 Fifth Avenue
                         New York, New York 10003
                         Telephone: (212) 257-6800
                         Facsimile: (212) 257-6845
                         kthompson@twglaw.com
                         agraff@twglaw.com

                         *COUNSEL FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 15th day of November 2010, I caused a true and correct copy of the foregoing Memorandum of Law in Opposition to Defendants' Motion to Strike Certain Allegations from Plaintiff's Amended Complaint to be served by ECF upon the following counsel for Defendants:

> Mark W. Lerner, Esq.
> Kasowitz, Benson, Torres & Friedman LLP
> 1633 Broadway
> New York, New York 10019
> MLerner@kasowitz.com


_____/s/_____
Kenneth P. Thompson

18