UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                             :

SANDRA GUZMAN,                      :     Civ. No.: 09 CV 9323 (BSJ) (RLE)

                   Plaintiff,    :

                             :

             vs.             :

NEWS CORPORATION, NYP HOLDINGS,   :
INC., d/b/a THE NEW YORK POST,       :
and COL ALLAN, in his official and     :
individual capacities,            :

                             :

               Defendants.  :
-------------------------------------------------------------x

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## OBJECTIONS TO ORDER OF MAGISTRATE JUDGE

KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP
Marc E. Kasowitz (mkasowitz@kasowitz.com)
Daniel R. Benson (dbenson@kasowitz.com)
Mark W. Lerner (mlerner@kasowitz.com)
Blythe E. Lovinger (blovinger@kasowitz.com)
1633 Broadway
New York, New York 10019
Tel.:   (212) 506-1700
Fax:   (212) 506-1800

Attorneys for Defendants News Corporation,
NYP Holdings, Inc. d/b/a the New York Post,
and Col Allan

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT ......................................................................... 1

STATEMENT OF FACTS .................................................................................. 3

    A. Background ................................................................................................ 3

    B. Plaintiff's Overly Broad and Irrelevant Request for Production
       of Complaints by Unknown *Post* Employees ...................................... 5

    C. Magistrate Judge Ellis's Order Denying Plaintiff's
       Document Request ................................................................................... 7

ARGUMENT ...................................................................................................... 8

I.  STANDARD OF REVIEW ............................................................................ 8

    A. Standard of Review on Objections to Discovery
       Ruling by Magistrate Judge ................................................................... 8

    B. Defendants Have the Right to File a Response to
       Plaintiff's Objections Pursuant to FED. R. CIV. P. 72(a) ...................... 9

II.  MAGISTRATE JUDGE ELLIS PROPERLY DENIED PLAINTIFF'S
     BROAD REQUEST .................................................................................... 10

    A. The Requested Discovery is Not Relevant to
       Plaintiff's Work Environment ............................................................. 10

    B. The Requested Discovery is Not Relevant to
       Rebutting a Faragher-Ellerth Defense ............................................... 13

III. THE REQUESTED DISCOVERY IS NOT RELEVANT TO PLAINTIFF'S DISPARATE
TREATMENT CLAIM ........................................................................................ 14

IV. PLAINTIFF'S ARGUMENTS CONCERNING BURDEN WERE NOT MADE BEFORE
MAGISTRATE JUDGE ELLIS AND ARE NOT PROPERLY BEFORE THIS COURT ......... 18

CONCLUSION ...................................................................................................... 19

## TABLE OF AUTHORITIES

**Cases**

Abu-Nassar v. Elders Futures, Inc.,
    1994 WL 445638, at *5 (S.D.N.Y. Aug. 17, 1994) ............................................................ 9

Anderson v. City of Bessemer,
    470 U.S. 564, 573 (1985) .................................................................................................. 8

Beckles v. The City of New York,
    2010 WL 1841714, at *2 (S.D.N.Y. May 10, 2010) ......................................................... 9

Bell v. Lockheed Martin Corp.,
    2010 WL 2696455 (D.N.J. Sept. 23, 2010) .................................................................... 17

Bellinger v. Astrue,
    2009 WL 2496476, at *4 (Aug. 14, 2009),
    aff'd, 2010 WL 1268063, at *2 (E.D.N.Y. Apr. 2, 2010) ............................................... 16

Catskill Development, L.L.C. v. Park Place Entertainment Corp.,
    206 F.R.D. 78, 88-89 (S.D.N.Y. 2002) ................................................................... 9, 13, 17

Cestone v. General Cigar Holdings, Inc.,
    q2002 WL 424654, at *3 (S.D.N.Y. Mar. 18, 2002) ...................................................... 12

Chamberlain v. Farmington Sav. Bank,
    247 F.R.D. 288 (D. Conn. 2007) .................................................................................... 15

Cruz v. Coach Stores, Inc.,
    202 F.3d 560, 571 (2d Cir. 2000) .............................................................................. 11, 12

Duck v. Port Jefferson School District,
    2008 WL 2079916, at *3 (E.D.N.Y. May 14, 2006) ...................................................... 16

E.E.O.C. v. ABM Industries Inc.,
    2008 WL 5385618 (E.D. Cal. Dec. 23, 2008) ............................................................... 16

E.E.O.C. v. Lockheed Martin,
    2007 WL 1576467 (D. Haw. May 29, 2007) ................................................................. 14

E.E.O.C. v. Lockheed Martin,
    No. 05-00479 SPK-LEK, at 17 (D. Haw. Sept. 11, 2006) ............................................. 14

Fielding v. Tollaksen,
    510 F.3d 175, 178 (2d Cir. 2007) ..................................................................................... 8

Glass v. Philadelphia Elec. Co.,
    34 F.3d 188, 192 (3d Cir. 1994)........................................................................ 17

Gonzalez v. Rakkas,
    846 F. Supp. 229, 233 n.6 (E.D.N.Y. 1994) ................................................... 10

Graves v. Deutsche Bank Securities Inc.,
    2010 WL 997178, at *7 (S.D.N.Y. Mar. 18, 2010) (Jones, J.) ...................... 8, 9

Harris v. Forklift Sys.,
    510 U.S. 17 (1993)............................................................................................ 7

Hollander v. American Cyanamid Co.,
    895 F.2d 80, 84 (2d Cir. 1990)................................................................. 15, 16

Indemnity Ins. Co. of North America v. K-Line America, Inc.,
    2007 WL 1732435, at *12 (S.D.N.Y. Jun. 14, 2007) ..................................... 9

Jhirad v. TD Securities USA, Inc.,
    2003 U.S. Dist. LEXIS 6034 (S.D.N.Y. Apr. 10, 2003)............................... 16

JS Products, Inc. v. Standley Law Group, LLP,
    2010 WL 3604827, at *2 (S.D. Oh. Sept. 13, 2010)..................................... 10

Kaytor v. Electric Boat Corp.,
    609 F.3d 537, 548-49 (2d Cir. 2010) ........................................................... 11

Leibovitz v. New York City Transit Authority,
    252 F.3d 179, 189 (2d Cir. 2001).................................................................. 12

Smith v. Cafe Asia,
    256 F.R.D. 247 (D.D.C. 2009) ...................................................................... 17

Sorrell v. District of Columbia,
    252 F.R.D. 37 (D.D.C. 2008).......................................................................... 11

Spina v. Our Lady of Mercy Medical Center,
    2001 WL 630481 (S.D.N.Y. June 7, 2001) ................................................... 13

Stimeling v. Board of Educ. Peoria Public Schools Dist.,
    2010 WL 375337 (C.D. Ill. Jan. 26, 2010) .............................................. 16, 17

Sundaram v. Brookhaven Nat. Laboratories,
    424 F. Supp. 2d 545, 581 n.22 (E.D.N.Y. 2006) .......................................... 12

Tse v. UBS Fin. Servs.,
    2005 WL 1949961, at *2 (S.D.N.Y. Aug. 12, 2005)........................................ 16

United States v. Snow,
    462 F.3d 55, 72 (2d Cir. 2006)............................................................ 9

**Statutes**

FED. R. CIV. P. 72(a)................................................................*passim*

FED. R. CIV. P. 72(a) Advisory Committee's Notes (1983)................................ 1, 10, 15

**Treatises**

12 CHARLES ALAN WRIGHT ET AL.,
    FEDERAL PRACTICE AND PROCEDURE § 3069, at 350-51 (2d ed. 1997)............................ 9

Defendants News Corporation, NYP Holdings, Inc., d/b/a The New York Post (the *Post*), and Col Allan (together, "defendants") submit this memorandum of law in response to plaintiff Sandra Guzman's application pursuant to FED. R. CIV. P. 72(a), objecting to the Order of Magistrate Judge Ronald L. Ellis, dated October 20, 2010 (the "Order"), which denied plaintiff's motion to compel.[1]

## PRELIMINARY STATEMENT

Plaintiff Sandra Guzman filed an application contesting the Order of Magistrate Judge Ronald L. Ellis, dated October 20, 2010, denying plaintiff's motion to compel discovery, to which defendants respond herein. Plaintiff, who alleges claims of hostile work environment and retaliation against the *Post*, previously moved before Magistrate Judge Ellis to compel production of <u>all</u> complaints of discrimination, harassment or retaliation by or against <u>all</u> employees of the *Post* made during her employment. Plaintiff sought such discovery despite alleging a very limited universe of alleged "harassers" in her complaint – in fact, only four individuals are named as having made a total of five "offensive" remarks over five years – and a small, defined set of decision-makers involved in her termination. Magistrate Judge Ellis, recognizing her request as "overly broad," properly limited discovery to complaints against those individuals who plaintiff alleges actually discriminated against her.

Plaintiff was employed by the *Post* for six years as an Associate Editor primarily responsible for *Tempo*, a monthly section focused on Hispanic culture last published, after being completely abandoned by advertisers, in September 2009. In November 2009, Guzman filed a Complaint which, despite spanning 160 paragraphs of allegations, manages to conjure in support

---

[1] Plaintiff, without citation to any authority, has stated in correspondence to the Court that defendants should not have the opportunity to respond to her Objections but must rely on the record as submitted. The 1983 Amendment Advisory Committee Notes to Rule 72(a) state explicitly that "a party who is successful before the magistrate will be afforded an opportunity to respond to objections raised to the magistrate's ruling." We therefore submit this response and ask that the Order be affirmed.

of her primary claim of hostile work environment only five alleged incidents involving four different people – approximately one per year from 2005 to 2009 – which include a race-neutral remark about baseball player Pedro Martinez, a comment about candles adorning her office, and an extroverted drama critic singing a song from West Side Story, none of which a reasonable person would consider to create a hostile work environment.

Plaintiff does not seek discovery into the five incidents alleged in her complaint – presumably because they are so mild or so knowingly misrepresented in her pleading that discovery will supply little support for her claims.  Rather, her discovery demands have been designed to troll the depths for uses of words (like "slut," "bitch," or the "n" word – all of which were rejected by Magistrate Judge Ellis) that <u>she never has alleged to have heard</u> at the *Post* and for complaints against people who never offended her, by people she does not know, about incidents of which she admittedly has no knowledge.  Plaintiff has not pursued in this motion Magistrate Judge Ellis's rejection of her search based on offensive words.

That this request is an impermissible fishing expedition is especially apparent because Guzman submitted to Magistrate Judge Ellis a few affidavits from alleged persons with knowledge, including her own affidavit, all which utterly fail to expand her personal experience of a hostile work environment and dramatically circumscribe the accusations made in the Complaint.  Based on these affidavits and other discovery to date, Guzman has no specific knowledge or experience of a hostile work environment outside of the five mild, non-offensive and non-actionable incidents.

The remoteness of this material to her claims, and the relative weakness of those claims, is, ironically, illustrated by her counsel's own statement in court that "[s]he will not be able to

prove her case if Your Honor does not allow us to get those complaints . . . ." (Exh. A at 11.)[2]
In other words, plaintiff's counsel has acknowledged that if required to litigate this case based
solely on plaintiff's experiences and personal knowledge, plaintiff has no viable claims.

      This request is not likely to lead to the discovery of admissible evidence, and plaintiff has
the case law wrong.  Potentially relevant complaints would be those made against plaintiff's
alleged harassers.  Therefore, while discovery regarding conduct of the same alleged harassers
may be permissible, case law plainly does not support discovery of complaints relating to the
conduct of individuals who never offended plaintiff, made by people other than plaintiff and
about incidents of which plaintiff has no knowledge.

## STATEMENT OF FACTS

A.    <u>Background</u>

      Plaintiff Sandra Guzman is a former Associate Editor at the *Post*, where she worked from
2003 through September 2009.  Guzman was hired to create, edit and run what became *Tempo*, a
monthly English-language section focused on Hispanic culture and gossip.  In September 2009,
following a history of successive unprofitable months, layoffs, and a dramatic decrease in
advertising, *Tempo* reached a new low when it was unable to attract a single advertiser for its
upcoming and future issues.  The *Post* made a business decision to cease publishing *Tempo* due
to its completely-vanished advertising revenue, and terminated plaintiff's employment.  (Exh. B
at 16, 20-21.)[3]  While plaintiff did work on certain other sections at the *Post* – approximately six
to eight annual special sections based on parades and other discrete events or topics – these
assignments were intended <u>only</u> to supplement her primary work on *Tempo*, which had been

---

[2] A true and correct copy of the transcript of the court proceedings of July 15, 2010 before Magistrate Judge Ellis is
attached to the Declaration of Mark W. Lerner, dated November 16, 2010, as Exhibit A ("Exh. A").
[3] A true and correct copy of the transcript of the September 22, 2010 telephonic conference before Magistrate Judge
Ellis, is attached to the Declaration of Mark W. Lerner, dated November 16, 2010, as Exhibit B ("Exh. B").

steadily lessening as the size of the section shrank with the disappearance of advertisers and revenue. (Id. at 17-18, 24.)

On November 9, 2009, plaintiff filed a complaint alleging claims of hostile work environment discrimination on the basis of gender, race, color and national origin, and retaliation. Her hostile work environment claim consisted of the following occurrences:

1. In April, 2005, defendant Allan asked her if Pedro Martinez carried a gun or machete to an interview;

2. In mid-2007, Les Goodstein allegedly called Guzman "beautiful" and "sexy," and referred to her as "Cha Cha #1";

3. On September 24, 2008, while at a bar near the *Post's* offices, defendant Allan showed Guzman and other employees a news photograph of Iman Morales, an emotionally disturbed man who stood naked on a ledge in Brooklyn before being tasered and falling to his death. This photograph had been emailed to Mr. Allan for review prior to publication;[4]

4. In early 2009, following a revival of West Side Story, *Post* theater columnist Michael Riedel allegedly sang a song from West Side Story in a Spanish accent that plaintiff considered mocking; and

5. At an unspecified time during the course of plaintiff's employment, Anne Aquilina, an administrator of the *Post*, noticed scented candles kept by Guzman in her office and allegedly asked if plaintiff practiced Santeria.

(See Exh. C at 1.)[5] All other alleged incidents in her Complaint relating to hostile work environment – scattered over the course of her six-year employment at the *Post* – involved persons other than the plaintiff. Nor has plaintiff alleged first-hand knowledge of these other incidents, a fact confirmed by discovery thus far.

---

[4] This incident is the subject of an affidavit submitted by a female former *Post* employee who was present with plaintiff. (See Exh. C.)

[5] A true and correct copy of correspondence from defendants to Magistrate Judge Ellis, dated July 14, 2010, including the attached Affidavit of Danica Lo, dated February 5, 2010, is attached to the Declaration of Mark W. Lerner, dated November 16, 2010, as Exhibit C ("Exh. C").

B.    Plaintiff's Overly Broad and Irrelevant Request for Production
      of Complaints by Unknown *Post* Employees

On April 30, 2010, plaintiff served defendants with document requests seeking, among
other things, "[a]ll documents . . . concerning any claim, charge or allegation, whether formal or
informal . . . of discrimination, harassment and/or retaliation . . . ." On June 3, 2010, defendants
responded by agreeing to produce complaints concerning individuals whom plaintiff alleged
discriminated against or harassed her.  Defendants objected to the request to the extent it sought
discovery of complaints against all other employees.

Magistrate Judge Ellis scheduled a status conference for July 15, 2010, and requested
from the parties submissions detailing unresolved discovery issues, which both parties submitted
on July 14, 2010.  (See Plaintiff's Memorandum of Law, dated November 4, 2010 ("Pl. Mem."),
Exhibit ("Exh.") 3; Exh. C.)  In her correspondence, plaintiff demanded production of all
"complaints of race, color, national origin, and gender discrimination or harassment and/or
retaliation during the period of Plaintiff's employment" by any employee of defendants in the
*Post's* New York offices, located at 1211 Avenue of Americas (the "Building").  (Pl. Mem., Exh.
3 at 1.)  In short, plaintiff argued that complaints – about which she had no knowledge and were
made (if at all) by individuals unknown to her – are "relevant to proving the existence of a
hostile work environment and discriminatory culture" at the *Post*.  (Id. at 2.)  Conversely,
defendants took the position that they would produce complaints against individuals alleged to
have actually discriminated against plaintiff or to have subjected her to a hostile work
environment.  (Exh. C at 2-3.)

After oral argument on July 15, 2010, plaintiff asserted by letter dated July 19, 2010 that
she was entitled to all complaints of harassment or discrimination by all employees who worked
on or reported to the 5th, 9th and 10th floors of the Building – floors on which she claimed to have

worked or visited during her employment.[6]  (Pl. Mem., Exh. 5 at 4.)  Defendants submitted an

affidavit explaining that "as of July 2010, there are approximately 147 employees on the 9th

floor, 246 employees on the 10th Floor, and approximately 65 employees on the 15th Floor."

(Exh. E at 4-5.)[7]  The 15th Floor was another *Post* floor.

　　　Plaintiff submitted unsolicited correspondence to the Court on July 30, 2010, modestly

reducing her demand to complaints involving all "(i) Reporters, (ii) Editors, and/or (iii) any

Managers/Supervisors, in Plaintiff's "work environment" . . . ."  (Pl. Mem., Exh. 12 at 1-2.)

Plaintiff did not specify why complaints about reporters, editors and managers/supervisors were

relevant, and persisted in her assertion that her "work environment" encompassed the entirety of

the 5th, 9th and 10th floors of the Building.  (Id.)  Defendants responded in part by correspondence

dated August 3, 2010:

> [P]laintiff's request for complaints against all "Reporters, Editors,
> and Managers/Supervisors" is not appropriate.  During the course
> of Guzman's employment, over 200 editors and over 200 reporters
> were employed by the *Post*.  Plaintiff has not identified a single
> reporter who ever "harassed" her, and she has identified only three
> editors – Col Allan, Anne Aquilina and Michael Riedel – and Les
> Goodstein, Senior Vice President of News [America], as
> "harassers." . . .  [P]laintiff has never proposed any other
> reasonably sized or defined group of individuals who should be the
> subject of this discovery.

(Pl. Mem., Exh. 13 at 1.)

　　　On September 22 and 23, 2010, Magistrate Judge Ellis held further telephonic conferen-

ces.  Plaintiff's counsel admitted that discovery of complaints against other employees of which

plaintiff was entirely unaware was necessary to plaintiff's claims of a hostile work environment:

without such complaints, he stated, plaintiff would not "be able to prove that she actually worked

---

[6] The *Post* occupies the 9th and 10th floors of the Building.  The 5th floor had been occupied by a sister company of
the *Post*; plaintiff occasionally visited the 5th floor until the mid- to late-2007 to meet with Les Goodstein, a non-
*Post* employee.  (Exh. B at 3-4.)
[7] A true and correct copy of the Affidavit of Russell C. Hentz, dated July 27, 2010, is attached to the Declaration of
Mark W. Lerner, dated November 16, 2010, as Exhibit E ("Exh. E").

in a hostile work environment." (Id. at 5; see also, Exh. A at 11.) Moreover, though Guzman is the sole plaintiff in this case, counsel asserted his intent to place the entirety of the *Post* – and not just the experiences of Guzman – "on trial": "The whole environment is on trial – will be on trial, not [just] disparate instances of discrimination." (Pl. Mem., Exh. 14 at 15.) The Court found plaintiff's discovery demand overly broad:

> If your theory of discovery is correct that means that anybody who makes a complaint [of hostile work environment] just gets this information as a matter of course . . . .
>
> Essentially you want carte blanch to look at anything and everything in the workforce because it might contain something which has some tangential relationship to race, gender and national origin.

(Id. at 15, 21.) The Court rejected plaintiff's contention that the "totality of the circumstances" as described in Harris v. Forklift Sys., 510 U.S. 17 (1993), permits a plaintiff to discover all complaints by all employees simply because a hostile work environment claim is asserted. Rather, Magistrate Judge Ellis explained that the Supreme Court held that a court should consider the entirety of circumstances regarding an alleged harasser's actions such that evidence of prior acts by the same harasser might demonstrate animus behind otherwise innocuous acts. (Pl. Mem., Exh. 14 at 19, 26-27.) In sum, the Court found plaintiff's request to be "overly broad and not nicely designed to narrow the focus to get relevant evidence . . . ." (Id. at 32.)

C.  Magistrate Judge Ellis's Order Denying
     Plaintiff's Document Request

On October 20, 2010, Magistrate Judge Ellis memorialized his decision in writing, denying plaintiff's motion to compel production of all complaints of discrimination or harassment at the *Post*. The Court indicated that plaintiff was "entitled to discover complaints made against those specific individuals that she alleges created her hostile work environment." (Pl. Mem., Exh. 1 at 4.) However, the Court limited this ruling: "That does not mean . . . that

7

Guzman is entitled to discover all complaints made against all employees in her work environment about discrimination on the basis of gender, race, color, and/or national origin.  Guzman's request for such complaints is overly broad."  (Id. at 4-5.)  The Court also noted that to the extent plaintiff alleges she heard "inappropriate comments" by unnamed employees, such an allegation still "does not allow Guzman to seek discovery of all complaints made against every employee in her work environment.  These possible complaints do not form a part of the environment to which Guzman has been subjected."  (Id. at 5 n.1) (emphasis added).

Magistrate Judge Ellis also denied plaintiff's document request as irrelevant to her disparate treatment claims:  "[T]he relevant complaints are complaints made against those individuals who participated in her firing decision.  Complaints made against reporters, editors or supervisors who played no part in the termination decision are not relevant to Guzman's disparate treatment claim."  (Id. at 5-6.)  Thus, the Court held that plaintiff's request for complaints by employees other than decision-makers were irrelevant.

On November 4, 2010, plaintiff filed the instant motion pursuant to Rule 72(a) objecting to Magistrate Judge Ellis's decision relating to discovery of complaints by employees at the *Post*.

## ARGUMENT

### I.

## STANDARD OF REVIEW

A.     Standard of Review on Objections to Discovery
        Ruling by Magistrate Judge

A district court may reconsider non-dispositive rulings of a magistrate judge where "the magistrate judge's order is clearly erroneous or contrary to law."  Graves v. Deutsche Bank Securities Inc., 2010 WL 997178, at *7 (S.D.N.Y. Mar. 18, 2010) (Jones, J.) (citing Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007)).  Thus, "the magistrate judge's finding should not

be rejected merely because the court would have decided the matter differently." <u>Id.</u> (<u>citing</u> <u>Anderson v. City of Bessemer</u>, 470 U.S. 564, 573 (1985)).  Rather, a decision is only clearly erroneous if the district court "<u>upon review of the entire record</u>, [is] left with the definite and firm conviction that a mistake has been committed." <u>Beckles v. The City of New York</u>, 2010 WL 1841714, at *2 (S.D.N.Y. May 10, 2010) (<u>quoting</u> <u>United States v. Snow</u>, 462 F.3d 55, 72 (2d Cir. 2006)) (emphasis added).[8]  In practice, "[a] magistrate judge is afforded broad discretion when deciding discovery matters." <u>Indemnity Ins. Co. of North America v. K-Line America, Inc.</u>, 2007 WL 1732435, at *12 (S.D.N.Y. Jun. 14, 2007) (Jones, J.) (citations omitted).  It is "extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." <u>Graves</u>, 2010 WL 997178, at *7 (<u>quoting</u> 12 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3069, at 350-51 (2d ed. 1997)).

   Arguments not presented to the magistrate judge may not be raised for the first time in the district court on a Rule 72(a) motion.  <u>See</u> <u>Catskill Development, L.L.C. v. Park Place Entertainment Corp.</u>, 206 F.R.D. 78, 89 (S.D.N.Y. 2002) ("None of these allegations was raised before the Magistrate Judge.  I will not entertain them on appeal."); <u>Abu-Nassar v. Elders Futures, Inc.</u>, 1994 WL 445638, at *5 n.2 (S.D.N.Y. Aug. 17, 1994) (arguments not raised before the magistrate judge "are untimely . . . .  If the Court were to consider formally these untimely contentions, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments.").

   B.   Defendants Have the Right to File a Response to Plaintiff's
        Objections Pursuant to FED. R. CIV. P. 72(a)

   As an initial matter, plaintiff has represented to the Court, without citation to any legal authority, that defendants have no right pursuant to FED. R. CIV. P. 72(a) to respond to her

---

[8] Here, plaintiff has failed to provide the Court with the entire record of the proceedings before Magistrate Judge Ellis.  Defendants have attached the omitted items to the Declaration of Mark W. Lerner.

9

objections and, thus, that she is entitled to submit uncontested argument as to the propriety of the Order. (Exh. H, J.)[9]  We disagree.  As stated in the 1983 Advisory Committee Notes to FED. R. CIV. P. 72(a), it "is contemplated that a party who is successful before the magistrate will be afforded an opportunity to respond to objections raised to the magistrate's ruling."  See also, Gonzalez v. Rakkas, 846 F. Supp. 229, 233 n.6 (E.D.N.Y. 1994) (quoting FED. R. CIV. P. 72(a) Advisory Committee's Notes (1983)) ("A party who is successful before the magistrate judge, upon service of its adversary's objections, is 'afforded an opportunity to respond to objections raised to the magistrate's ruling.'"); JS Products, Inc. v. Standley Law Group, LLP, 2010 WL 3604827, at *2 (S.D. Oh. Sept. 13, 2010) (same).[10]

## II.

## MAGISTRATE JUDGE ELLIS PROPERLY DENIED PLAINTIFF'S BROAD REQUEST

A.    The Requested Discovery is Not Relevant to Plaintiff's Work Environment

In his Order, Magistrate Judge Ellis held that complaints by other employees against persons whom plaintiff does not allege were responsible for creating her hostile work environment (and indeed of which she has no knowledge) were not discoverable.  (Pl. Mem., Exh. 1 at 3-5.)  Specifically, while comments not directed at plaintiff might be relevant "if she was aware of them," nothing permits her "to seek discovery of all complaints made against every employee in her work environment" and of which she is unaware, as "[t]hese possible

---

[9] A true and correct copy of Kenneth Thompson's letter to Judge Jones, dated November 5, 2010, is attached to the Declaration of Mark W. Lerner, dated November 16, 2010, as Exhibit H ("Exh. H").  A true and correct copy of Kenneth Thompson's letter to Judge Jones, dated November 8, 2010, is attached to the Declaration of Mark W. Lerner, dated November 16, 2010, as Exhibit J ("Exh. J").

[10] Despite asserting in his November 12, 2010 letter to the Court that defendants should not be permitted to submit a response to plaintiff's Objections, plaintiff requested leave to file a reply memorandum.  (Exh. J.)  Yet, "Rule 72 does not specifically provide for, nor does it contemplate in its comments, the filing of a reply memorandum in support of a party's objection."  JS Products, 2010 WL 3604827, at *2.

complaints do not form part of the environment to which Guzman had been subjected." (Pl. Mem., Exh. 1 at 5, n.1.)

Plaintiff claims Magistrate Judge Ellis "erroneously applied prevailing Second Circuit law" by incorrectly claiming he failed to examine "the totality of the circumstances," but she fails to cite any Second Circuit authority that supports her broad discovery requests. (Pl. Mem. at 13-14.) First, plaintiff cites two cases which both concern the use of other incidents of harassment committed by the plaintiffs' alleged harassers and do not address discovery into complaints against individuals who did not contribute to plaintiff's hostile work environment. See Kaytor v. Electric Boat Corp., 609 F.3d 537, 548-49 (2d Cir. 2010) (examining the totality of the circumstances permitted introduction of evidence that "the same individual engaged in multiple acts of harassment, some overtly sexual and some not" to prove facially gender-neutral threats from the individual were because of plaintiff's sex) (emphasis added) (internal quotations omitted); Cruz v. Coach Stores, Inc., 202 F.3d 560, 571 (2d Cir. 2000) (examining the totality of the circumstances permitted introduction of evidence by plaintiff that her supervisor "subjected her and others to blatant racial epithets on a regular if not constant basis").

Second, unable to cite to any supporting case law within this Circuit, plaintiff instead endeavors to misrepresent case law outside the Second Circuit. By way of example, plaintiff cites Sorrell v. District of Columbia, 252 F.R.D. 37 (D.D.C. 2008), stating that the court in that case permitted discovery into any complaints of sexual harassment brought by any female employees against any other female employee (Pl. Mem. at 14 n.15) (citing Sorrell, 252 F.R.D at 46), but fails to inform the court that the plaintiff in Sorrell had narrowed her request "to include only those documents relating to other complaints or cases of sexual harassment brought by other

female employees . . . <u>against the specific supervisors or managers named in the Complaint</u>."
<u>Sorrell</u>, 252 F.R.D at 46 (emphasis added).

 Third, contrary to plaintiff's contention, the Magistrate Judge Ellis clearly considered the totality of the circumstances in issuing the Order:  Magistrate Judge Ellis explicitly indicated that "whether workplace harassment is severe or pervasive enough to be actionable depends on the totality of the circumstances." (Pl. Mem., Exh. 1 at 3) (citing <u>Cruz</u>, 202 F.3d at 570).  Magistrate Judge Ellis did <u>not</u>, however, adopt the amorphous definition of the "totality of the circumstances" propounded by plaintiff wherein "[t]he totality of the circumstances means looking at a broad – a group of evidence, a broad scope of evidence to get the sense of the totality of the work environment, and that's what we're saying." (Pl. Mem., Exh. 14 at 20.)  As Magistrate Judge Ellis recognized, such definition "would essentially mean that in any case in which one said that a supervisor had said or done something . . . you could get complaints, any complaints that happened in the workforce regardless of who did it or what the complaint was about as long it was the same general kind of discrimination you were talking about." (<u>Id.</u> at 14.)

 Magistrate Judge Ellis's decision is supported by the weight of Second Circuit authority and is not <u>clearly</u> erroneous.  See <u>Leibovitz v. New York City Transit Authority</u>, 252 F.3d 179, 189 (2d Cir. 2001) (evidence of harassment against co-workers is relevant only to the extent it takes place within the plaintiff's "sight and regular orbit"; thus, where a plaintiff is unaware of harassment occurring against others in her "environment" she could not "demonstrate that their harassment adversely affected the terms and conditions of her own employment"); <u>Sundaram v. Brookhaven Nat. Laboratories</u>, 424 F. Supp. 2d 545, 581 n.22 (E.D.N.Y. 2006) (matters learned during discovery of which plaintiff "was unaware . . . while he was still employed at [defendant] . . . do not constitute harassment leading to a hostile work environment"); <u>Cestone v. General</u>

Cigar Holdings, Inc., 2002 WL 424654, at *3 (S.D.N.Y. Mar. 18, 2002) (citing Leibovitz, 252

F.3d at 182) ("Plaintiffs could not use evidence of each other's alleged claims in support of their

own since hearsay or harassment of which they were unaware cannot support a hostile work

environment claim.").

 Based on the abundance of authority, plaintiff <u>cannot</u> demonstrate that Magistrate Judge

Ellis's Order is clearly erroneous or contrary to law.

  B. The Requested Discovery is Not Relevant to
    Rebutting a Faragher-Ellerth Defense

 Plaintiff contends that she is entitled to <u>all</u> complaints against <u>all</u> employees of the *Post*

for purposes of overcoming a presumptive <u>Faragher-Ellerth</u> defense.  Specifically, she claims

that "complaints by other employees in a plaintiff's work environment are also relevant evidence

that the defendants had notice of discriminatory conduct in the workplace . . . ."  (Pl. Mem. at

14.)

 As an initial matter, the (now-complete) record before the Court demonstrates that the

issue of <u>Faragher-Ellerth</u> was never raised, briefed or argued before, or ruled upon by, Magistrate

Judge Ellis and is a new argument not to be considered in a Rule 72(a) motion.  <u>Catskill</u>

<u>Development, L.L.C.</u>, 206 F.R.D. at 89.

 Second, the only pertinent complaints in a <u>Faragher-Ellerth</u> defense are those made

against <u>plaintiff's alleged harassers</u>.  Complaints against other individuals are irrelevant because

they fail to demonstrate that defendants were placed on notice as to the hostile environment that

<u>plaintiff</u> experienced.  <u>Spina v. Our Lady of Mercy Medical Center</u>, 2001 WL 630481, at *3

(S.D.N.Y. June 7, 2001).

> [C]ourts should not allow parties to "roam in the shadow zones of
> relevancy to explore matter which does not presently appear
> germane on the theory that it might conceivably become so." . . .

(Id.)

In support of her argument, plaintiff cites a decision from the District Court in Hawaii, E.E.O.C. v. Lockheed Martin, 2007 WL 1576467 (D. Haw. May 29, 2007) ("Lockheed II"), for the proposition that all complaints within a company may be discoverable. Plaintiff, however, distorts that court's holding to support her desired outcome. Prior to Lockheed II, the court had ruled that a broad request for discovery of complaints be limited to "persons previously identified by [the plaintiff] as having retaliated against him." E.E.O.C. v. Lockheed Martin, No. 05-00479 SPK-LEK, at 17 (D. Haw. Sept. 11, 2006) ("Lockheed I") (emphasis added).[11] Thus, in Lockheed I, the court established that the "occurrence of other incidents of discrimination [by those individuals identified by the plaintiff] is relevant to the issue of notice and sufficiency of [defendant's] preventative programs and measures." Id. at 18. In Lockheed II, cited by plaintiff, the court merely extrapolated on Lockheed I to permit plaintiff to seek discovery of complaints against those "persons previously identified" from facilities of affiliates and subsidiaries of defendant at which plaintiff worked. Thus, the sole case cited by plaintiff does not support her claim that she is entitled to discovery of all complaints.

### III.

### THE REQUESTED DISCOVERY IS NOT RELEVANT TO PLAINTIFF'S DISPARATE TREATMENT CLAIM

In his Order, Magistrate Judge Ellis held that "[i]n analyzing whether Defendants' reason for Guzman's termination were pretext for discrimination, the relevant complaints are complaints

---

[11] A true and correct copy of District Court of Hawaii Judge Leslie Kobayashi's decision in E.E.O.C. v. Lockheed Martin, No. 05-00479 SPK-LEK, dated September 11, 2006, is attached to the Declaration of Mark W. Lerner, dated November 16, 2010, as Exhibit K ("Exh. K").

14

made against those individuals who participated in her firing decision." (Pl. Mem., Exh. 1 at 5.)

Thus, although Guzman's request is largely premature at this point, "[c]omplaints made against

reporters, editors or supervisors who played no part in the termination decision are not relevant

to Guzman's disparate treatment claim." (Id. at 5.)

Plaintiff claims that Magistrate Judge Ellis's decision that these complaints are not

relevant is "clearly erroneous and contrary controlling [sic] authority in the Second Circuit." (Pl.

Mem. at 7-8.)  She relies upon Hollander v. American Cyanamid Co., 895 F.2d 80, 84 (2d Cir.

1990), which is factually and legally dissimilar as it does not address the use of discovery to

obtain discrimination complaints in any context, nor does it otherwise stand for the proposition

that discrimination complaints against non-supervisory employees could be relevant to

demonstrating that a supervisor's stated reason for an employment action was pretextual.[12]

Rather, in Hollander, an age discrimination case, the Second Circuit permitted discovery into the

reasons behind the departures of management personnel over forty years old so that the plaintiff

potentially could make a statistical argument that a significant number of employees over forty

were leaving under unexplained circumstances.[13]

Further, Hollander has been substantially circumscribed by the subsequent passage of the

1983 Amendments to FED. R. CIV. P. 26(b)(2), which amendments are "intended to provide the

court with broader discretion to impose additional restrictions on the scope and extent of

discovery" and "enable[s] the court to keep tighter rein on the extent of discovery."  FED. R. CIV.

---

[12] Plaintiff's citation to Chamberlain v. Farmington Sav. Bank, 247 F.R.D. 288 (D. Conn. 2007) likewise is inapposite as it is factually and legally dissimilar and does not address the use of discovery to obtain discrimination complaints in any context.  Rather, in Chamberlain, the plaintiff sought to show he was treated differently than other management employees based on age and was permitted discovery into relevant disciplinary actions by his decision-makers.

[13] It bears additional note that Hollander permitted additional discovery on the issue of pretext only in the disparate treatment context but denied additional discovery in the retaliation context.  Hollander, 895 F.2d at 86 ("The discovery materials Hollander will be allowed to pursue pertain solely to the termination of older American Cyanamid management employees and are not relevant to Hollander's retaliation claim.").  Here, Guzman has not alleged any claim of disparate treatment, but has alleged only hostile work environment and retaliation claims.

P. 26(b), Advisory Committee's Notes (1993). Thus, Hollander "is not the Circuit's last word on the use of 'other-act' or statistical evidence in discrimination cases." Bellinger v. Astrue, 2009 WL 2496476, at *5 (Aug. 14, 2009), aff'd, 2010 WL 1268063, at *2 (E.D.N.Y. Apr. 2, 2010) (quoting Duck v. Port Jefferson School District, 2008 WL 2079916, at *3 (E.D.N.Y. May 14, 2006)); see also, Tse v. UBS Fin. Servs., 2005 WL 1949961, at *2 (S.D.N.Y. Aug. 12, 2005). Moreover, "subsequent decisions have made it clear that Hollander does not permit limitless discovery of a defendant's entire work force, and that courts must impose reasonable limits on the scope of permissible discovery based upon the specific facts of particular cases." Bellinger, 2009 WL 2496476, at *5 (citations omitted). In Bellinger, like here, the magistrate judge, after considering Hollander, denied the plaintiff's request for discovery into 200 additional employees where "[s]ubstantial discovery with respect to that supervisor and chain of command has been provided." Bellinger, 2009 WL 2496476, at *4 (emphasis added).[14]

Even considering plaintiff's citation to numerous cases from other jurisdictions, many of whose holdings are misstated, the weight of authority does not support the broad discovery she demands. For example, she claims E.E.O.C. v. ABM Industries Inc., 2008 WL 5385618 (E.D. Cal. Dec. 23, 2008) permitted the discovery of discrimination complaints "by any of the defendant's employees in eleven different counties." (Pl. Mem. at 10.) In fact, ABM – which involved claims of systemic disparate treatment – rejected this request as overbroad and unduly burdensome and limited discovery to sexual harassment complaints "made by any janitorial employee" in various counties in California "against any management employee of Defendants."

---

[14] Plaintiff claims that Hollander remains binding and cites Jhirad v. TD Securities USA, Inc., 2003 WL 1872654 (S.D.N.Y. Apr. 10, 2003). Jhirad, however, recognizes that Hollander "is not the Circuit's last word on the use of 'other-act' or statistical evidence in discrimination cases, and the Circuit has noted on several occasions that the comparisons underlying claims of disparate treatment must be carefully drawn." Id. at *4. Nonetheless, the court in Jhirad found Hollander persuasive due to "its close factual similarity to the issue raised by plaintiff here." Id. As explained above, Hollander is clearly distinguishable and not binding.

ABM, 2008WL 5385618, at *13 (emphasis added). Likewise, plaintiff claims Stimeling v. Board of Educ. Peoria Public Schools Dist., 2010 WL 375337 (C.D. Ill. Jan. 26, 2010) permitted discovery of complaints filed outside the plaintiff's department, but ignored the court's pertinent holding that "the possible relevance of all race discrimination complaints against *nonparty* School District employees is too speculative to justify the burden of production . . . . The request would ensnare every complaint filed by any employee against another employee, regardless of the Defendants' knowledge of or involvement in the incident." Id. at *5 (emphasis added, except to "nonparty"). Plaintiff further misrepresents the holding of Smith v. Cafe Asia, 256 F.R.D. 247 (D.D.C. 2009), claiming that it authorized discovery of any complaint of discrimination made "against any employee of the restaurant where plaintiff worked." (Pl. Mem. at 10.) In fact, that issue was not before the court; rather, the only objection defendant raised to the plaintiff's request was to identifying its employees on the basis of sexual orientation. Id. at 252 (holding that "the defendant shall state the sexual orientation . . . of complainants identified in Revised Interrogatory No. 19").[15]

Based on the above, it is clear that plaintiff is unable to demonstrate that the Order is clearly erroneous or contrary to law.[16]

---

[15] See also, Glass v. Philadelphia Elec. Co., 34 F.3d 188, 192 (3d Cir. 1994) (overturning refusal of lower court to admit evidence of the hostile work environment plaintiff himself experienced, such as "that the more senior technical employees posted hostile and demeaning images about him on the plant premises and that he was the subject of racially derogatory remarks"); Bell v. Lockheed Martin Corp., 2010 WL 2696455 (D.N.J. Sept. 23, 2010) (granting company-wide discovery into gender discrimination based on plaintiff's argument that "in light of the allegations of the class action complaint," the discovery "is necessary to meet the burden required to obtain class certification") (emphasis added).

[16] Plaintiff, in a footnote, presents arguments as to the relevant timeframe of discovery. (Pl. Mem. at 12 n.14.) This issue was not briefed or argued before, nor was it ruled upon by, Magistrate Judge Ellis. As such, plaintiff's contention as to the relevant timeframe is improperly raised here. See Catskill Development, L.L.C., 206 F.R.D. at 89.

## IV.

## <u>PLAINTIFF'S ARGUMENTS CONCERNING BURDEN WERE NOT MADE BEFORE MAGISTRATE JUDGE ELLIS AND ARE NOT PROPERLY BEFORE THIS COURT</u>

Plaintiff explicitly acknowledges that her argument concerning burden was "not specifically addressed by Defendants or Magistrate Judge Ellis," and does not suggest that she raised the issue before Magistrate Judge Ellis. (Pl. Mem. at 15.)  As such, this argument is not properly before the court and – in any event – it would not be possible for the Court to make such a factual determination without a record, which does not exist.

## CONCLUSION

Based on the foregoing reasons, defendants News Corporation, NYP Holdings, Inc., d/b/a

The New York Post, and Col Allan respectfully request that plaintiff Sandra Guzman's

application pursuant to FED. R. CIV. P. 72(a) be denied.


Dated: November 16, 2010
       New York, New York


                Respectfully submitted,

                KASOWITZ, BENSON, TORRES
                  & FRIEDMAN LLP

                By: _____
                    Marc E. Kasowitz (mkasowitz@kasowitz.com)
                    Daniel R. Benson (dbenson@kasowitz.com)
                    Mark W. Lerner (mlerner@kasowitz.com)
                    Blythe Lovinger (blovinger@kasowitz.com)

                1633 Broadway
                New York, New York 10019
                Tel.:(212) 506-1700
                Fax:(212) 506-1800

                Attorneys for Defendants News Corporation,
                NYP Holdings, d/b/a the New York Post,
                and Col Allan