UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                               :
SANDRA GUZMAN,                                                 :
                                                               :
                              Plaintiff,                       :
                                                               :
              vs.                                              :     **09 CV 9323 (BSJ) (RLE)**
                                                               :
NEWS CORPORATION, NYP HOLDINGS,                                :
INC., d/b/a THE NEW YORK POST,                                 :
and COL ALLAN, in his official and                             :
individual capacities,                                         :
                                                               :
                              Defendants.                      :
---------------------------------------------------------------x

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO STRIKE CERTAIN ALLEGATIONS

KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP
Marc E. Kasowitz (mkasowitz@kasowitz.com)
Daniel R. Benson (dbenson@kasowitz.com)
Mark W. Lerner (mlerner@kasowitz.com)
Blythe E. Lovinger (blovinger@kasowitz.com)
1633 Broadway
New York, New York 10019
Tel.:   (212) 506-1700
Fax:    (212) 506-1800

Attorneys for Defendants News Corporation,
NYP Holdings, Inc. d/b/a the New York Post,
And Col Allan

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT .......................................................................................................................... 2

I.   DEFENDANTS' MOTION TO STRIKE IS NOT
     PRECLUDED BY THE FEDERAL RULES ............................................................. 2

II.  DEFENDANTS' MOTION TO STRIKE SHOULD BE GRANTED ..................... 5

     A.  Plaintiff Has Failed to Demonstrate that the Content of the
         *Post* is Relevant to Her Claim of Employment Discrimination .......................... 5

     B.  Plaintiff Also Fails to Refute Defendants' Showing with
         Respect to Content Other than the Stimulus Cartoon ........................................ 8

     C.  Plaintiff Fails to Refute That Her Other Scandalous
         Allegations Should be Stricken ............................................................................ 9

III. PLAINTIFF'S REQUEST FOR SANCTIONS SHOULD BE DENIED ................. 9

CONCLUSION ..................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

Abarca v. Franklin County Water Dist.,
    2009 WL 1393511 (E.D. Cal. May 18, 2009) ................................................................ 4

Altschuler v. University of Penn. Law Schl.,
    1998 WL 113989, at *2 (S.D.N.Y. Mar. 13, 1998),
    aff'd, 201 F.3d 430 (2d Cir. 1999), cert. den., 530 U.S. 1276 (2000) ........................... 3, 4

Arnold Chevrolet LLC v. Tribune Co.,
    2007 WL 2743490, at *3 (E.D.N.Y. Sept. 17, 2007)......................................................... 3

Bodam v. GTE Corp.,
    197 F. Supp. 2d 1225 (C.D. Cal. 2002) ............................................................................ 4

Campbell-El v. District of Columbia,
    881 F. Supp. 42 (D.D.C. 1995)......................................................................................... 3

DeAngelis v. El Paso Mun. Police Officers Ass'n,
    51 F.3d 591, 597 n.7 (5th Cir. 1995) ................................................................................ 6

DiMaria v. Silvester,
    89 F. Supp. 2d 195, 196 n.5 (D. Conn. 1999) .................................................................. 5

Doe v. White,
    2010 WL 323510 (C.D. Ill. Jan. 20, 2010) ....................................................................... 4

Eisemann v. Greene,
    204 F.3d 393, 396 (2d Cir. 2000)...................................................................................... 9

Electronic Laboratory Supply Co., Inc. v. Motorola, Inc.,
    1990 WL 516, at *1 (E.D. Pa. Jan. 4, 1990) ..................................................................... 4

FCC v. Pacifica Foundation,
    438 U.S. 726, 745-46 (1978) ............................................................................................ 6

FRA S.p.A. v. Surg-O-Flex of Am., Inc.,
    415 F. Supp. 427-28 (S.D.N.Y. 1976) .............................................................................. 5

Gilmore v. Shearson/American Exp. Inc.,
    811 F.2d 108, 112 (2d Cir. 1987)............................................................................... 3, 4, 5

Guzman v. News Corp.,
    No. 09-Civ-9323 (BSJ)(RLE) (S.D.N.Y. Sept. 27, 2010) ............................................ 6, 7

Hoskins v. Kaufman Independent Schl. Dist.,
    2003 WL 22078234 (N.D. Tex. Sept. 4, 2003)................................................................. 3

Husain v. Springer,
    494 F.3d 108, 128 (2d Cir. 2007).......................................................................................... 6

In re ESS Technology, Inc.,
    2005 WL 418548 (N.D. Cal. Feb. 22, 2005) ........................................................................ 4

In re Parmalat Sec. Lit.,
    421 F. Supp. 2d 703, 713 (S.D.N.Y. 2006).......................................................................... 4

Int'l Controls Corp. v. Vesco,
    556 F.2d 665, 668-69 (2d Cir. 1977) ................................................................................... 2

Kendall Holdings, LTD. v. Eden Cryogenics, LLC,
    2010 WL 3894166 (S.D. Oh. Sept. 29, 2010)4

Kunzler v. Canon USA, Inc.,
    257 F. Supp. 2d 574, 579-80 (S.D.N.Y. 2003) .................................................................... 6

Lok Prakashan, Ltd. v. Berman,
    04 Civ. 7212, 2008 WL 5274535, at *3 (S.D.N.Y. Dec. 12, 2008) (Jones, J.),
    aff'd, 349 Fed.Appx. 640 (2d Cir. Oct 21, 2009) ................................................................. 9

McDonnell Douglas Fin. Corp. v. Penn. Power & Light Co.,
    849 F.2d 761 (2d Cir. 1988).................................................................................................. 3

Ryan v. Shawnee Mission U.S.D. 512,
    416 F. Supp. 2d 1090, 1094 n.2 (D. Kan. 2006).................................................................. 3

Saxe v. State College Area School Dist.,
    240 F.3d 200, 204, 209 (3d Cir. 2001)................................................................................. 6

Schlaifer Nance & Co., Inc. v. Estate of Warhol,
    194 F.3d 323, 337 (2d Cir. 1999).......................................................................................... 9

Sears Petroleum & Transport Corp. v. Ice Ban America, Inc.,
    217 F.R.D. 305 (N.D.N.Y. 2003) ......................................................................................... 5

Shields v. Citytrust Bancorp, Inc.,
    25 F.3d 1124, 1129 (2d Cir. 1994)............................................................................... 2, 3, 4

T.B. ex rel. G.B. v. Chico Unified School Dist.,
    2008 WL 5382060 (E.D. Cal. Dec. 22, 2008) ..................................................................... 4

TCS Capital Management, LLC v. Apax Partners, L.P.,
    2008 WL 650385, at *10 (S.D.N.Y. Mar. 7, 2008) ............................................................ 2

Thorn v. New York City Dept. of Social Servs.,
    523 F. Supp. 1193, 1196 n.1 (S.D.N.Y. 1981) ................................................................. 3

Watts v. United States,
    394 U.S. 705, 706, 708 (1969) ........................................................................................ 6

**Statutes**

FED. R. CIV. P. 12(b)(6) .................................................................................................... 4

FED. R. CIV. P. 12(f) ............................................................................................... *passim*

FED. R. CIV. P. 12(g) .................................................................................................... 2, 3

FED. R. CIV. P. 15(a)(2) .................................................................................................. 10

Defendants News Corporation, NYP Holdings, Inc., d/b/a The New York Post and Col Allan respectfully submit this reply memorandum of law in further support of their motion to strike certain allegations from the Amended Complaint ("AC").[1]

## PRELIMINARY STATEMENT

In their initial memorandum of law, defendants argued that certain allegations contained in the AC must be struck pursuant to FED. R. CIV. P. 12(f) because, among other things, they exclusively concern First Amendment-protected published editorial content and are irrelevant to plaintiff's employment discrimination claims.

In her memorandum of law in opposition to defendants' motion ("Pl. Mem."), plaintiff initially contends that the motion is procedurally barred by Rule 12(g).  Contrary to her claim, Rule 12(g) poses no bar to defendants' motion to strike allegations contained in plaintiff's AC. Under Rule 12(f)(2), a motion to strike parts of a pleading may be made before responding to the pleading, and Second Circuit law holds that Rule 12(g) does not bar successive motions under Rule 12 where an amended pleading has been served, except with respect to previously available core defenses – jurisdiction, venue, process or service, i.e., those that relate to a defendant's willingness to submit the dispute to resolution at all.  Since this motion is directed at a newly filed amended pleading, was timely under Rule 12(f), and does not relate to the enumerated core defenses, it is proper.

Plaintiff also assails this motion by asserting that the Cartoon, and other published content of the *Post,* is in fact relevant to animus and is not unfairly prejudicial.  However, as defendants have shown, published editorial content of the *New York Post* newspaper is not relevant, the material could improperly prejudice a juror against the defendants if it is expression

---

[1] Except as otherwise defined herein, capitalized terms used herein shall have the same meanings assigned to them in defendants' initial memorandum of law in support of their motion to strike ("Moving Memorandum" or "Def. Mem.").

of a contrary view or is received with offense, and First Amendment protections mandate striking allegations that relate solely to protected published content which are irrelevant to her employment discrimination claims.

For all of these reasons and as set forth below, and because this motion seeks to protect core First Amendment rights and further that Constitutional provision's values, defendants' motion to strike should be granted, and plaintiff's motion for sanctions should be denied.

## ARGUMENT

### I.

### DEFENDANTS' MOTION TO STRIKE IS NOT PRECLUDED BY THE FEDERAL RULES

Plaintiff initially opposes the motion to strike on the purported procedural ground that defendants are prohibited from so moving by Rule 12(g). (Pl. Mem. at 6-8.) The law is to the contrary. Under Rule 12(f), a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter . . . (1) on its own; or (2) on a motion made by a party . . . before responding to the pleading . . . ." FED. R. CIV. P. 12(f). Plaintiff's argument must fail because defendants have not previously responded to or moved against plaintiff's AC.

Plaintiff's contention that Rule 12(g) bars defendants' motion to strike is without merit. It relies, with only one distinguishable exception, on cases involving Rule 12 motions asserted against the same pleading, not an amended pleading. The Second Circuit, like other Courts of Appeal, has confirmed that Rule 12(g) does not bar successive Rule 12 motions where an amended complaint has been served. "[A]n amended complaint ordinarily supersedes the original, and renders it of no legal effect." Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1129 (2d Cir. 1994); see also, Int'l Controls Corp. v. Vesco, 556 F.2d 665, 668-69 (2d Cir. 1977); TCS Capital Mgmt., LLC v. Apax Partners, L.P., 2008 WL 650385, at *10 (S.D.N.Y. Mar. 7, 2008).

Thus, with respect to a superseding pleading, such as the AC, Rule 12(g) serves to waive only defenses of "lack of personal jurisdiction, improper venue, insufficiency of process and insufficiency of service" – defenses that were equally "available" at the time the original complaint was served. Shields, 25 F.3d at 1129 (quoting Gilmore v. Shearson/American Exp. Inc., 811 F.2d 108, 112 (2d Cir. 1987), overruled on other grounds by McDonnell Douglas Fin. Corp. v. Penn. Power & Light Co., 849 F.2d 761 (2d Cir. 1988)). Such defenses "involve[] the core issue of a party's willingness to submit a dispute to judicial resolution," and their invocation seeks to avoid resolution on the merits. Gilmore, 811 F.2d at 112. Accordingly, courts in the Second Circuit consistently permit the filing of successive Rule 12 motions with respect to amended complaints and have ruled on the merits of such motions, even where a prior Rule 12 motion was brought against an original complaint. See, e.g., Altschuler v. Univ. of Penn. Law Schl., 1998 WL 113989, at *2 (S.D.N.Y. Mar. 13, 1998), aff'd, 201 F.3d 430 (2d Cir. 1999), cert. den., 530 U.S. 1276 (2000) (granting subsequent motion to dismiss against amended complaint where causes of action moved against existed in original complaint); Arnold Chevrolet LLC v. Tribune Co., 2007 WL 2743490, at *3 n.4 (E.D.N.Y. Sept. 17, 2007) (permitting subsequent motion to dismiss where not filed "against the same pleading"); Thorn v. New York City Dept. of Social Servs., 523 F. Supp. 1193, 1196 n.1 (S.D.N.Y. 1981) (holding subsequent Rule 12 motion was not barred by 12(g) as was not "interposed for delay").[2]

      Courts of the Second Circuit explicitly considered successive Rule 12 motions with respect to amended complaints where the bases for such motions applied equally to the original complaint, or where the allegations in the amended complaints were identical to those in the original. For example, in Altschuler, the Southern District, affirmed by the Second Circuit,

---

[2] See also, Campbell-El v. District of Columbia, 881 F. Supp. 42 (D.D.C. 1995); Hoskins v. Kaufman Independent Schl. Dist., 2003 WL 22078234 (N.D. Tex. Sept. 4, 2003); Ryan v. Shawnee Mission U.S.D. 512, 416 F. Supp. 2d 1090, 1094 n.2 (D. Kan. 2006).

granted the defendants' Rule 12 motion to dismiss an amended complaint, even though the claims moved against were present in the original complaint, which the defendants also had moved against. 1998 WL 113989, at *2. See also, In re Parmalat Sec. Lit., 421 F. Supp. 2d 703, 713 (S.D.N.Y. 2006).[3]

While no court within this circuit has considered the specific issue of whether a Rule 12(f) motion may be filed with respect to an amended complaint where a Rule 12(b)(6) motion had been made against the original complaint, courts in other circuits have ruled that such a successive Rule 12(f) motion may be brought. See, e.g., Electronic Lab., 1990 WL 516, at *1 (hearing Rule 12(f) motion against second amended complaint where 12(b)(6) motion had been made against "verbatim" first amended complaint); T.B. ex rel. G.B. v. Chico Unified Schl. Dist., 2008 WL 5382060 (E.D. Cal. Dec. 22, 2008) (finding Rule 12(g) did not bar motion under Rule 12(f) after prior Rule 12 motion); Abarca v. Franklin County Water Dist., 2009 WL 1393511 (E.D. Cal. May 18, 2009) (hearing Rule 12(f) motion against amended complaint where motion to dismiss was previously made against original).[4] These holdings are consistent with the Second Circuit's holding in Gilmore and Shields that Rule 12(g) only bars personal defenses to an amended pleading that seek to avoid "judicial resolution of the controversy." Shields, 25 F.3d at 1129 (quoting Gilmore, 811 F.2d 108, 112).

In spite of this clear weight of authority, plaintiff argues the contrary and cites only a single case where a court refused to hear a successive motion under Rule 12 against an amended

---

[3] Other courts have reached the same result. See, e.g., Electronic Lab. Supply Co., Inc. v. Motorola, Inc., 1990 WL 516, at *1 (E.D. Pa. Jan. 4, 1990) (permitting successive Rule 12(f) motion against "verbatim" complaint); Bodam v. GTE Corp., 197 F. Supp. 2d 1225 (C.D. Cal. 2002) (permitting successive Rule 12 motions).

[4] See also, In re ESS Technology, Inc., 2005 WL 418548 (N.D. Cal. Feb. 22, 2005) (hearing 12(f) motion against amended complaint where motion could have been brought with prior 12(f) motion with respect to original complaint); Kendall Holdings, LTD. v. Eden Cryogenics, LLC, 2010 WL 3894166 (S.D. Oh. Sept. 29, 2010) (holding that parties that made Rule 12(f) motion with respect to original complaint could make 12(b)(6) motion with respect to amended complaint); Doe v. White, 2010 WL 323510 (C.D. Ill. Jan. 20, 2010) (hearing successive 12(f) and 12(b)(6) motions against same complaint).

4

complaint, and it is clearly distinguishable because it involves a "core" defense. (Pl. Mem. at 7.) In Sears Petroleum & Transport Corp. v. Ice Ban America, Inc., 217 F.R.D. 305 (N.D.N.Y. 2003), the court refused to hear a motion to dismiss based on personal jurisdiction – a personal defense specifically enumerated in Rule 12(b) and of the kind Gilmore ruled was not revived by the filing of an amended complaint. See Gilmore, 811 F.2d at 112. That of course is not the case here. Plaintiff's reliance on FRA S.p.A. v. Surg-O-Flex of Am., Inc., 415 F. Supp. 427-28 (S.D.N.Y. 1976), is equally unavailing: there the court barred a second pre-answer Rule 12 motion against the same complaint, not, as here, an amended complaint.[5]

This motion to strike was not available before the AC was served, and it clearly seeks to further – and certainly not to avoid – judicial resolution of this action. This motion seeks only to strike immaterial and scandalous matter that is irrelevant to plaintiff's claims, runs counter to First Amendment values and would unfairly prejudice defendants. Simply, this motion seeks to streamline the litigation and focus the issues without prolonged discovery into irrelevant matters.

## II.

### DEFENDANTS' MOTION TO STRIKE SHOULD BE GRANTED

A.   Plaintiff Has Failed to Demonstrate that the Content of the *Post* is Relevant to Her Claim of Employment Discrimination

Plaintiff does not, as she cannot, rebut defendants' showing that the *Post's* published editorial content and processes are protected by the First Amendment and have no place in an employment discrimination complaint. (Def. Mem. at 5-18.) Instead, plaintiff contends that defendants' motion to strike should be denied because, she now argues post hoc: (i) her complaint was not about the content of the Stimulus Cartoon, but the intent behind it, which

---

[5] None of plaintiff's other cited cases (Pl. Mem. at 7) involve successive Rule 12 motions against amended complaints. See, e.g., DiMaria v. Silvester, 89 F. Supp. 2d 195, 196 n.5 (D. Conn. 1999).

5

allegedly may be used to prove animus; and (ii) any other inflammatory statements included in the AC are somehow relevant as "circumstantial evidence" of racial animus.

First, the *Post's* published editorial content cannot be used to establish animus. While certain speech <u>uttered in the workplace</u> may be actionable, published newspaper content directed at the general public concerning matters of political import is not, and any holding to the contrary would chill free speech. <u>See</u>, <u>e.g.</u>, <u>Husain v. Springer</u>, 494 F.3d 108, 128 (2d Cir. 2007) (explaining that action against newspaper for published content chills speech). The speech that is the subject of this motion is not racist or sexist barbs uttered in the workplace; indeed, defendants do not move to strike purported comments directed at employees. Rather, this motion concerns published editorial and political content directed at the general public,[6] which is afforded the highest protections under the First Amendment, especially where "offensive" to the reader.[7] Such political speech may not be regulated by Title VII, nor may it appropriately form the basis for a claim under Title VII. This Court recognized as much when it found that the plaintiff's purported complaint was not "solely" about the Stimulus Cartoon. <u>Guzman v. News Corp.</u>, No. 09-Civ-9323, at 3 (BSJ) (RLE) (S.D.N.Y. Sept. 27, 2010). <u>See</u> <u>also</u>, <u>DeAngelis v. El Paso Mun. Police Officers Ass'n</u>, 51 F.3d 591, 597 n.7 (5th Cir. 1995) (holding that "prohibition against sexual discrimination in employment practices does not mean that Title VII trumps First Amendment speech rights").

Second, plaintiff's <u>new</u> contention – that she did not complain about the "content" of the Cartoon but the intent behind it – is belied by the AC, in which plaintiff clearly alleges that her

---

[6] Of note, comments directed at the general public are in and of themselves insufficient to form the basis for an actionable claim under Title VII. See <u>Kunzler v. Canon USA, Inc.</u>, 257 F. Supp. 2d 574, 579-80 (S.D.N.Y. 2003).

[7] See <u>FCC v. Pacifica Foundation</u>, 438 U.S. 726, 745-46 (1978); <u>see also</u>, <u>Watts v. United States</u>, 394 U.S. 705, 706, 708 (1969) ("The language of the political arena . . . is often vituperative, abusive, and inexact."). Even cases cited by plaintiff recognizes "[t]here is no categorical 'harassment exception' to the First Amendment's free speech clause" and "that anti-discrimination laws are [not] categorically immune from First Amendment challenge." <u>Saxe v. State College Area School Dist.</u>, 240 F.3d 200, 204, 209 (3d Cir. 2001).

6

purported complaint was about published newspaper <u>content</u> – that the cartoon "liken[ed] the country's first African American President to a monkey" (AC at ¶ 81) – and not the intent behind the Cartoon.  However, even if plaintiff's complaint was about intent, the fact remains that both the content of the Cartoon and the intent behind it are irrelevant to plaintiff's claim of a hostile work environment or retaliation.  If, as plaintiff alleges, the purpose of the AC is not to attack "the expressive content of the material itself" (Pl. Mem. at 12), plaintiff needs not reference the *Post's* content at all, much less repeatedly recite in detail plaintiff's false characterization of the contents of "the material itself."  (<u>See</u>, <u>e.g.</u>, AC, at ¶¶ 6, 8, 66, 67, 71.)

Third, plaintiff does not even attempt to rebut, as she cannot, defendants' showing that the challenged material is highly inflammatory and improperly included in the pleading to put protected editorial content on trial and to confuse and inflame the passions of the jury.  (Def. Mem. at 12-13.)  Rather than rebut these points, plaintiff simply insists that it is relevant to her claims, which it is not.

Plaintiff's citation to this Court's prior ruling that the existence of issues of fact precluded dismissal of the hostile work environment claim is inapposite.  (Pl. Mem. 9-10.)  The Court did not hold that discrete allegations regarding editorial content and processes were immune from a motion to strike.  Rather, the Court's ruling examined the totality of plaintiff's allegations to determine if a claim for hostile work environment was cognizable; the Court did not rule on whether specific allegations concerning First Amendment protected speech might be stricken.  Moreover, the Court clearly indicated that editorial content and processes could not be the basis for employment discrimination claims, suggesting that complaints "solely about the [*Post's*] content" were inactionable, thus presaging that certain allegations are in fact irrelevant to plaintiff's claims.  <u>Guzman</u>, No. 09-Civ-9323, at 3.  Defendants' present motion has been

narrowly tailored to strike allegations that place protected editorial content and processes on trial – by way of example, to strike detailed (and often false and hyperbolic) descriptions of the Cartoon; it is a motion to improve the efficiency of the proceeding and eliminate risks of undue prejudice to defendants without dismissing wider claims that this Court could not "decide on a motion to dismiss." Id.

Finally, contrary to plaintiff's flawed argument, National Organization for Women, Inc. v. Scheidler, 897 F. Supp. 1047 (N.D. Ill. 1995) (Def. Mem. at 6, 11-12), is directly on point. (Pl. Mem. at 13.) Plaintiff claims Scheidler is distinguishable because there the plaintiffs sought injunctive relief to prohibit speech, whereas here plaintiff seeks to use published newspaper content to prove employment discrimination claims. This argument ignores that here, just as in Scheidler, plaintiff impermissibly seeks to punish the exercise of protected speech and, that the Scheidler plaintiffs also sought "to impose [upon defendants] civil damages for activities which clearly include speech . . . ." 897 F. Supp. at 1086. In granting the motion to strike, the Court ruled that the Scheidler defendants' acts of encouraging others in the pro-life movement were "patently and firmly within the boundaries of freedom of expression" and, thus, those "paragraphs must be stricken from the Complaint, as . . . they allege legal protest actions protected by the freedom of expression." Id. at 1086-87.

B.  Plaintiff Also Fails to Refute Defendants' Showing with
    Respect to Content Other than the Stimulus Cartoon

Plaintiff has entirely failed even to address – and thus has conceded – defendants' argument that the certain allegations in the AC which attack articles on politicians, athletes and celebrities, as well as an item that the *Post* did not run, have no relevance to plaintiff's claims. (Def. Mem. at 9-10, 13-14.) Plaintiff also fails to show how published editorial content about which she neither complained nor alleges she was aware is relevant or offered for any reason but

8

to prejudice defendants.  (Id.)  Thus, defendants respectfully request that the Court strike paragraphs 47 and 60 through 65 of the AC for reasons set forth in their Moving Memorandum.

    C.    Plaintiff Fails to Refute That Her Other Scandalous Allegations Should be Stricken

Plaintiff has failed to address, let alone refute, defendants' showing that certain allegations were entirely scandalous and irrelevant to plaintiff's claims; such allegations include repeated description of the Cartoon as "racist" and "depicting" President Obama as a chimpanzee (Def. Mem. at 18-21), the reactions of the NAACP and the National Association of Black Journalists to the Cartoon, and that Col Allan once visited Scores after work seven years ago. (Id. at 21-22.)  These allegations are patently inflammatory and not conceivably related to the subject matter of this case.

## III.

## PLAINTIFF'S REQUEST FOR SANCTIONS SHOULD BE DENIED

Plaintiff's sanctions request is meritless and should be denied.  To impose sanctions, the Court "must find clear evidence both that (i) the offending party's claims were entirely without color, and (ii) the claims were brought in bad faith – that is, motivated by improper purposes such as harassment or delay."  Eisemann v. Greene, 204 F.3d 393, 396 (2d Cir. 2000) (quotations omitted); see also, Lok Prakashan, Ltd. v. Berman, 04-Civ.-7212, 2008 WL 5274535, at *3 (S.D.N.Y. Dec. 12, 2008) (Jones, J.), aff'd, 349 Fed. Appx. 640 (2d Cir. Oct 21, 2009) (applying two-factor test from Eisemann).

With respect to the first prong, a claim is without color where "it lacks any legal or factual basis."  Schlaifer Nance & Co., Inc. v. Estate of Warhol, 194 F.3d 323, 337 (2d Cir. 1999) (emphasis in original) (citations omitted).  Plaintiff's request for sanctions fails because, as shown, defendants' motion to strike is entirely proper.  Moreover, plaintiff points to no basis in

law to support that defendants' withdrawal of their opposition to plaintiff's motion to amend waives their right to contest the AC once filed. Any consent to filing was purely intended to be just that – consent to the filing of the AC – and was neither consent to nor approval of the merits of the AC, nor was it a waiver of defendants' rights to contest all or part of the AC.

Likewise, there is no bad faith here. Initially, plaintiff does not allege – as plaintiff has not even pled the standard – that defendants' acts were in bad faith. Plaintiff demands sanctions because defendants did not inform her that they would file a motion to strike after withdrawing their opposition to plaintiff's motion to amend and consenting to the filing of the AC. (Pl. Mem. at 16.) Defendants, however, had no duty to advise plaintiff that they would, in the future, file a motion to strike, and plaintiff has cited no authority supporting such a duty (or that a failure to do so amounts to bad faith). Moreover, defendants were under no obligation to "raise[] any objection . . . to . . . the Amended Complaint" prior to consent (id.); clearly Rule 12 is a means for parties to voice such objections and no law requires defendants to voice any opposition prior to consenting to filing.

Written consent was given pursuant to Rule 15(a)(2), Fed. R. Civ. P. As set forth in the Declaration of Mark W. Lerner, the language "in the form attached to the previously submitted motion" was restrictive and included to avoid repetition of an episode involving plaintiff's counsel that occurred in late 2009 in the Fenner matter; in that episode, Mr. Lerner consented to service of a single-plaintiff Fenner complaint, but was instead served, in purported reliance on that consent, with a subsequently filed two-plaintiff Fenner-Livingston complaint.

Nor are defendants' actions intended to delay this litigation; to the contrary, defendants properly filed the instant motion to streamline and expedite litigation. Clearly, no bad faith exists and, for these reasons, plaintiff's requests for sanctions should be denied.

10

## CONCLUSION

For the foregoing reasons, and the reasons set forth in defendants' initial memorandum of law, defendants respectfully request that their motion to strike certain allegations in the AC be granted, and plaintiff's request for sanctions be denied.

Dated: November 29, 2010
       New York, New York

                              Respectfully submitted,

                              KASOWITZ, BENSON, TORRES
                                 & FRIEDMAN LLP

                              By:   /s/ Mark W. Lerner
                                   Marc E. Kasowitz (mkasowitz@kasowitz.com)
                                   Daniel R. Benson (dbenson@kasowitz.com)
                                   Mark W. Lerner (mlerner@kasowitz.com)
                                   Blythe Lovinger (blovinger@kasowitz.com)

                              1633 Broadway
                              New York, New York 10019
                              Tel.: (212) 506-1700
                              Fax: (212) 506-1800

                              Attorneys for Defendants News Corporation,
                              NYP Holdings, d/b/a the New York Post,
                              and Col Allan