USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ⁴-²⁶-¹¹

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SANDRA GUZMAN,                          :
                                        :
                    Plaintiff,          :
                                        :                    **ORDER**
          - against -                   :
                                        :          **09 Civ. 9323 (BSJ) (RLE)**
NEWS CORPORATION, et al.,               :
                                        :
                    Defendants.         :

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Pending before the Court is Defendants News Corporation, NYP Holdings, Inc., d/b/a

The New York Post, and Col Allan's motion to strike certain allegations from Plaintiff Sandra

Guzman's Amended Complaint. Defendants argue that allegations regarding the Post's editorial

decisions and published content should be stricken because they relate to protected First

Amendment speech, and are irrelevant, inflammatory, and scandalous. Guzman contends that

the allegations are relevant to her claims, and contends that Defendants' motion should be denied

pursuant to Federal Rule of Civil Procedure 12(g). Guzman asks the Court to impose sanctions

against Defendants for vexatiously multiplying the proceedings. For the reasons set forth below,

Defendants' motion is **GRANTED**, in part, and **DENIED**, in part, and Plaintiff's motion for

sanctions is **DENIED.**

## II. BACKGROUND

Guzman filed her Complaint against Defendants on November 9, 2009, asserting claims

of employment discrimination and harassment on the basis of race, color, national origin and

gender, as well as unlawful retaliation. Guzman simultaneously filed a verified charge of

discrimination with the EEOC. Instead of filing an answer, on December 30, 2009, Defendants

filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing, in part, that the Post's published content and editorial decisions could not constitute an unlawful employment practice as a matter of law.

After receiving notice of her "Right to Sue" from the EEOC in June 2010, Guzman filed a motion for permission to file an amended complaint to add two new causes of action based on Title VII.  Defendants opposed the motion primarily on the grounds that the amendments were futile in light of their pending motion to dismiss.  On September 27, 2010, the Honorable Barbara S. Jones denied Defendants' Rule 12(b)(6) motion.  Defendants subsequently withdrew their opposition to Guzman's motion to amend, and, with Defendants' consent, Guzman filed her Amended Complaint on October 12, 2010.  The instant motion followed on October 27, 2010.

## III. DISCUSSION

### A. Defendants' Motion Is Not Barred By Rule 12(g)

Guzman contends that Defendants' motion to strike is precluded by Rule 12(g). (Pl.'s Mem. of Law in Opp. to Defs.' Mot. to Strike ("Pl.'s Mem.") at 6.)  Guzman argues that Defendants were in a position to move to strike the allegations when they filed their Rule 12(b)(6) motion because the Complaint and the Amended Complaint contain the same factual allegations.  (*Id.* at 7-8.)

Federal Rule of Civil Procedure 12(g)(2) provides that, "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  The objective of Rule 12(g) is to eliminate unnecessary delay at the pleadings stage and prevent dilatory motion practice. *FRA S. p. A. v. Surg-O-Flex of Am., Inc.,* 415 F. Supp. 421, 427 (S.D.N.Y. 1976).  The Second Circuit has held that waiver of defenses or objections by

responding to a pleading generally applies to those defenses and objections that "'involve the core issues of a party's willingness to submit a dispute to judicial resolution,' such as objections to 'lack of personal jurisdiction, improper venue, insufficiency of process and insufficiency of service.'" *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1129 (2d Cir. 1994) (quoting *Gilmore v. Shearson/American Express Inc.*, 811 F.2d 108, 112 (2d Cir. 1987)).

Here, there is no question that Defendants could have consolidated the instant Rule 12(f) motion with their previous Rule 12(b)(6) motion because the factual allegations in the Complaint and the Amended Complaint are virtually identical. The Court, however, will not preclude the motion on that basis. It is well-established that "an amended complaint ordinarily supercedes the original, and renders it of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert denied*, 434 U.S. 1014 (1978). Courts have permitted preanswer motions against amended complaints that are aimed at judicial resolution of a controversy, even if they could have been raised in previous motions against the complaint. *See, e.g., In re Parmalat Securities Litigation*, 421 F. Supp. 2d 703, 713 (S.D.N.Y. 2006); *Altschuler v. Univ. of Penn. Law Schl.*, 95 Civ. 249, 1998 WL 113989, at *2 (S.D.N.Y. Mar. 13, 1998), *aff'd*, 201 F.3d 430 (2d Cir. 1999); *T.B. ex rel. G.B. v. Chico Unified Schl. Dist.*, 07 Civ. 926, 2008 WL 5382060, at *1 (E.D.Cal. 2008). Defendants' motion to strike does not seek to avoid judicial resolution of this case, but rather seeks to streamline resolution of this matter by striking what Defendants view as extraneous, inadmissible, and scandalous allegations. Accordingly, the Court finds that Defendants did not waive their objection to the Amended Complaint by filing a previous Rule 12 motion against the Complaint. Even if the Court were not to allow the motion, Rule 12(f) permits the Court to consider the content of the Amended Complaint on its own, and to strike offending portions. The Court therefore considers the motion on its merits.

3

**B. Defendants' Motion To Strike Allegations From the Amended Complaint**

Federal Rule of Civil Procedure 12(f) provides that a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Motions brought pursuant to Rule12(f) "are generally disfavored, and should be granted only if 'there is a strong reason for so doing.'" *M'Baye v. World Boxing Ass'n*, 05 Civ. 9581, 2007 WL 844552, at *4 (S.D.N.Y. Mar. 21, 2007) (quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)). To prevail on a motion to strike, a defendant "must show that (1) no evidence in support of the allegation would be admissible; (2) the allegations have no bearing on the relevant issues; and (3) permitting the allegations to stand would result in prejudice to the movant." *Id.* (citing *Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001)).

Here, Defendants ask that allegations pertaining to the Post's content or editorial process be stricken from the Amended Complaint. (*See* Defs. Mem. of Law in Supp. of Mot. to Strike ("Defs. Mem.") at 6-20.) Defendants also ask that Plaintiff's subjective and inflammatory descriptions of the Post's content and editors be stricken. (*Id.* at 18-21.) Finally, Defendants ask that allegations regarding the reactions of third parties to a published cartoon and an allegation about a Defendant's visit to a strip club also be stricken from the Amended Complaint. (*Id.* at 21-22.)

**1. Allegations Relating To Defendants' Published Content And Editorial Process**

Guzman's Amended Complaint contains a number of allegations regarding published content, including references to published cartoons, headlines, and newspaper articles. (*See* Am. Compl. ¶¶ 4, 6-7, 60-73; Am. Compl. Ex. A.) For example, the Amended Complaint refers to a political cartoon published by the Post that depicted two police officers pointing a smoking gun at a dead chimpanzee, with one of the officer's saying: "They'll have to find someone else to

write the next stimulus bill." (*See* Am. Compl. ¶¶ 6-7, 66-73; Am. Compl., Ex. A.)  Guzman

alleges that the chimpanzee was intended to represent President Barack Obama, and that the

decision to publish the cartoon was part of a concerted effort by the Post to attack and to

undermine the country's first African American President.  (Am. Compl. ¶¶ 71-72.)  Guzman

also makes a number of allegations that pertain to editorial decisions about what to publish and

how to cover stories.  (*See* Am. Compl. ¶¶ 47, 53, 64, 69, 71-73, 91, 92, 94-99.)  For instance,

Guzman alleges that Defendants denied her permission to cover an event involving Justice Sonia

Sotomayor, and decided to use an Associated Press article instead.  (Am. Compl. ¶¶ 94-95.)

Defendants argue that these allegations should be stricken for a variety of reasons.

Primarily, Defendants argue that the allegations relate to First Amendment-protected speech.

(Defs. Mem. at 7.)  Because the protected content was directed at the public outside the Post,

Defendants argue that the content cannot constitute employment practices and, as a result, "are

immaterial, irrelevant and scandalous matters incapable of supporting a claim for <u>employment</u>

discrimination."  (*Id.* at 11) (emphasis in original.)  Defendants argue that the inclusion of the

allegations runs the risk of confusing jurors and impermissibly widening the scope of discovery.

(*Id.* at 12, 14.)  In response, Guzman argues, in part, that the chimpanzee cartoon and other

published content were not included as a challenge to the expressive content itself, but "as

circumstantial evidence of the racial animus and discriminatory intent that contributed to the

hostile work environment at the Post and the adverse employment actions [she] suffered."  (Pl.'s

Mem. at 13.)

As an initial matter, Judge Jones previously addressed some of Defendants' arguments

when she denied their motion to dismiss the Complaint.  Judge Jones determined that Guzman

had "sufficiently alleged that she objected not just to the paper's content but to the general work

environment at the Post and the way the editorial staff dealt with the publication of the content at issue." *Guzman v. News Corp., et al.,* 09 Civ. 9323, ECF Doc. 34 at 2 (S.D.N.Y. Sept. 27, 2010). Judge Jones also decided that Defendants' argument that the published content of the Post could not be used to support Guzman's claim presented a factual question that was inappropriate to decide in a motion to dismiss. *Id.*

Defendants have failed to meet their heavy burden in showing that the allegations at issue are inadmissible, irrelevant, and unfairly prejudicial. The allegations involving the published content and editorial decisions may be relevant because they provide context for the complaints made by Guzman, and Defendants' reaction to those complaints may also be probative of Defendants' discriminatory animus towards Guzman. Whether the allegations are ultimately admissible at trial is a factual question that only a more developed record may answer. At this point, however, the Court finds that Defendants have not shown that the published content and editorial decisions are clearly inadmissible and irrelevant, and therefore Defendants' motion to strike those allegations is **DENIED**.

### 2. Allegations Relating to Plaintiff's Descriptions of the Post's Content and Editors

In addition to Guzman's allegations regarding published content and editorial decisions, Defendants also seek to strike what it contends are prejudicial, scandalous, and false descriptions and characterizations of the content and the Post's editors for publishing it. (Defs. Mem. at 18.) For example, Defendants contend that Guzman's repeated characterization of the political cartoon discussed above – that the chimpanzee was intended to represent President Obama – should be struck as scandalous, inadmissible, and redundant. (*Id.* at 18-19.) Defendants also seek to strike Guzman's repeated reference to the Post, its content, and its editors as racist. (*Id.*)

The Court finds that the characterizations and descriptions of the content and editors

6

reflect Guzman's interpretation of the Post's behavior and content, and may be relevant in so far as her opinion motivated her complaints to Defendants. Although some of the allegations are controversial and prejudicial, the ultimate question of their admissibility before a jury will be decided at a later date. The only question before the Court at this time is whether Defendants have met their heavy burden in demonstrating that the allegations should be stricken. The Court concludes that they have not, and Defendants' request to strike these allegations is **DENIED**.

### 3. Allegations Regarding the Reactions of Third Parties to the Cartoon

Defendants seek to strike the reactions to the political cartoon by the NAACP and the National Association of Black Journalists as immaterial, impertinent, and scandalous. (Defs. Mem. at 21.) The challenged paragraph is as follows:

> The publication of the cartoon also created a media controversy, with the NAACP describing the cartoon as "an invitation to assassinate President Barack Obama," and the National Association of Black Journalists decrying, "To compare the nation's first African-American commander-in-chief to a dead chimpanzee is nothing short of racist drivel."

(Am. Compl. ¶ 74.) The Court finds that the opinions of third parties regarding the Post's published content and editorial decisions has no connection to the complaints made by Guzman, to her general work environment, or to the way the editorial staff dealt with the content at issue. As a result, the evidence would likely be deemed inadmissible at trial. Accordingly, Defendants' motion to strike Paragraph 74 from the Amended Complaint is **GRANTED.**

### 4. Allegations Regarding Defendants' Visit to a Strip Club

Defendants also seek to strike reference to an alleged trip that Defendant Allen took to a strip club. (Defs. Mem. at 21-22.) The challenged allegation reads as follows:

> Furthermore, while serving as the top editor at the Post, Defendant Allen took two Australian political leaders to the strip club Scores in Manhattan, where they watched strippers perform, reportedly had too much to drink, and were ejected by

7

the club and its bouncers. Defendant Allen later publicly admitted to going to
Scores, an act that shows he views women as mere sex objects who are not equal
to men.

(Am. Compl. ¶ 38.) The Court finds that this allegation is conceivably relevant to Plaintiff's

claims, and potentially admissible at trial. Accordingly, the Court finds that Defendants have not

met their heavy burden in demonstrating that this allegation should be struck, and Defendants

motion is **DENIED**.

## C. Guzman's Request for Sanctions Against Defendants

Guzman contends that Defendants filing of the instant motion was vexatious and dilatory,

and seeks sanctions. (Mem. at 15-16.) Guzman argues that this motion should have been filed

along with the previous Rule 12(b)(6) motion, and that Defendants are improperly attempting to

relitigate a matter that was previously decided.

Under 28 U.S.C. § 1927, "a district court may award attorneys' fees against an attorney

or other party authorized to practice before the courts who multiplies the proceedings in any case

unreasonably or vexatiously." *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000) (internal

quotations omitted). A court may also award attorney's fees to a prevailing party pursuant its

inherent power to supervise and control its own proceedings when it determines that a losing

party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* (quoting

*F.D. Rich Co. V. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974)). Guzman

has failed to demonstrate that the instant motion was dilatory or brought in bad faith.

Accordingly, Guzman's request for sanctions is **DENIED**.

**SO ORDERED this 25th day of April 2011**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

8