USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/25/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
:
SANDRA GUZMAN,                        :   09 Civ. 9323 (BSJ)(RLE)
                                      :   **Order**
                  Plaintiff,          :
        v.                            :
                                      :
NEWS CORPORATION, NYP HOLDINGS,       :
INC., d/b/a THE NEW YORK POST,        :
and COL ALLAN, in his official        :
and individual capacities             :
                                      :
                  Defendants.         :
                                      :
--------------------------------------X

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Before the Court is Plaintiff's objection to Magistrate Judge Ronald L. Ellis's October 21, 2010 Order denying Plaintiff's application to compel Defendants to produce records of complaints made by other employees concerning discrimination, harassment, and/or retaliation on the basis of gender, race, color and/or national origin. For the reasons set forth below, Plaintiff's appeal from Magistrate Judge Ellis's Order is DENIED.[1]

---

[1] By letter dated November 8, 2010, Plaintiff objected to Defendants' submission of an opposition brief on this issue, arguing that Rule 72(a) does not permit any response submissions to a party's objections. They asked the Court to either disregard Defendants' submission or allow Plaintiff to file a reply brief. The Court did neither. The 1983 Advisory Committee Notes to Rule 72(a) states that "it is contemplated that a party who is successful before the magistrate will be afforded an opportunity to respond to objections raised to the magistrate judge's ruling." There is no provision for the submission of a reply brief.

**DISCUSSION**

On October 21, 2010, Magistrate Judge Francis issued an order (referred to as "Order of October 21, 2010") denying Plaintiff's request to compel Defendants to turn over certain documents. Specifically, they request that the Court order Defendants to produce records of complaints of discrimination, harassment, and/or retaliation on the basis of gender, race, color and/or national origin made by or against any other employees in Plaintiff's "work environment," including reporters, editors, and any managers or supervisors. (Thompson Declaration Ex. 12.) Plaintiff seeks this discovery to support her claim that the proffered reason for her termination was pretextual and as evidence supporting her claim of a hostile work environment.

Judge Ellis ruled that Plaintiff's request was overly broad. He reasoned that Plaintiff was entitled "to discover complaints made against those specific individuals that she alleges created her hostile work environment." (Order of October 21, 2010 at 4.) However, Plaintiff's request for all records of any complaint made by any employee about any other employee – including those Plaintiff was never aware of or exposed to – was not relevant evidence to the work environment Plaintiff herself experienced while employed by the New York Post. (Id.) Judge Ellis further ruled that Plaintiff's request

2

was "premature" as to her discrimination claim and that it was also overly broad. He noted that "complaints made against reporters, editors, or supervisors who played no part in the termination decision are not relevant" to Guzman's claim. (Id. at 5.)

Plaintiff now asks this Court to reverse Judge Ellis' order and compel Defendants to produce the requested documents. Plaintiff argues that her request of coworker complaints is likely to lead to the discovery of admissible circumstantial evidence of Defendants' discriminatory intent. Plaintiff contends that it will also provide circumstantial proof that Defendants' proffered reason for her termination was actually pretext for discrimination and retaliation. (Pl. Br. at 10.) Further, she contends that Judge Ellis did not consider the "totality of circumstances" standard applied by the Second Circuit in analyzing hostile work environment claims. See Kaytor v. Elec. Boat Corp., 609 F.3d 537, 547 (2d Cir. 2010).

Under Federal Rule of Civil Procedure 72(a), when reviewing objections to a magistrate judge's non-dispositive order, a district judge "must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Matters concerning discovery generally are considered 'nondispositive' of the litigation." Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). "An

3

order is 'clearly erroneous' only when 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Weiss v. La Suisse, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001) (quoting Thompson v. Keane, No. 95 Civ. 2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996)). "An order is 'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" Id. (quoting Thompson, 1996 WL 229887, at *1).

It is clear that Judge Ellis gave proper consideration to Plaintiff's request to compel discovery and that his decision was not clearly erroneous or contrary to law. While Plaintiff's argument now focuses on the need for discovery to establish discriminatory intent, a review of the transcripts of the discovery hearings in this case demonstrates that the bulk of the discussion concerned Plaintiff's hostile work environment claim. The October 21, 2010 order correctly points out that the authorities relied on by Plaintiff, specifically Hollander v. Am. Cyanamid Co., 895 F.2d 80 (2d Cir. 1990), were distinguishable as they did not concern a claim for hostile work environment. Judge Ellis was within his discretion to find the request overly broad and not sufficiently relevant to the work environment Plaintiff herself experienced.

Additionally, Judge Ellis specifically stated on the record that statistical evidence of Defendants' employment practices could be relevant to Plaintiff's disparate treatment claim. (Thompson Declaration Ex. 14, September 23, 2010 Hearing Tr. 36:9-14.)  However, he explained that a request for statistical information is different than Plaintiff's broad request for all records of individual complaints of discrimination by any employee about any other employee.  (Id. at 26:20-25.)  Judge Ellis stated that he believed Plaintiff's request was premature and "not narrowly focused enough" to be an appropriate discovery request at this stage in the litigation.  He explained that he could not determine the proper scope of fact finding on the issue of disparate treatment until more was known about the circumstances of Plaintiff's termination.  (Id. at 32:5-33:21.) This ruling is supported by current Second Circuit case law on this issue and the general discovery guidelines of Federal Rule of Civil Procedure 26(c).[2]

---

[2] Plaintiff also asserts that the discovery sought is relevant to the "Faragher/Ellerth" defense, which concerns Defendants' efforts to prevent and remedy harassment or discrimination in the workplace. (Pl. Br. at 14.)  This argument also fails.  First, the Court finds no record that this argument was ever raised before Judge Ellis.  Second, Plaintiff has not provided any compelling authority or a plausible rationale justifying such a broad request.

Accordingly, Plaintiff has failed to meet the standard of Rule 72(a), and the Court declines to overrule Judge Ellis's October 21, 2010 Order.

**SO ORDERED:**

_____
Barbara S. Jones
**UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
         May 25, 2011