UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANDRA GUZMAN,

                              Plaintiff,

- against -

NEWS CORPORATION, et al.,

                              Defendants.

**MEMORANDUM
OPINION & ORDER**

**09 Civ. 9323 (BSJ) (RLE)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/13/12

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Before the Court is Defendants' request to conduct an independent medical examination pursuant to Federal Rule of Procedure 35 of Plaintiff Sandra Guzman. (*See* Defs.' Ltr., Feb. 23, 2012.) Guzman objects to the examination and claims it is unwarranted because Guzman has not claimed "to have suffered greater than 'garden variety' emotional distress." (Pl.'s Ltr., Mar. 20, 2012.) For the reasons set forth below, Defendants' request to conduct a medical examination is **GRANTED**.

## II. BACKGROUND

Guzman filed her Complaint against Defendants on November 9, 2009, asserting claims of employment discrimination and harassment on the basis of race, color, national origin, and gender, as well as unlawful retaliation. With Defendants' consent, Guzman then filed her Amended Complaint on October 12, 2010. On March 12, 2012, Defendants submitted a letter asking the Court to issue an order allowing Defendants to obtain an independent psychological examination of Guzman, given that Guzman did not consent to an examination when asked. (Defs.' Ltr., March 12, 2012.) Following several letter submissions from the Parties, the Court

held a status conference on April 17, 2012. The Court stated it found a Rule 35 examination warranted. (Tr. at 16.) However, Guzman informed the Court that new information had come to light that were not in the submitted letters. That is, during the deposition of Guzman's therapist, which took place after the letters had been submitted to the Court, the therapist made several statements during her testimony that went to the Rule 35 issue. As a result, the Court directed the Parties to submit additional letter briefings regarding Defendants' request to conduct a Rule 35 examination.

### III. DISCUSSION

**A. The Legal Standard**

Upon a showing of good cause, a court may order a party to submit to a mental examination when "the mental . . . condition . . . of a party . . . is in controversy." Fed. R. Civ. P. 35(a)(1). The addition of the good cause standard indicates that there must be a "greater showing of need under Rule[] . . . 35 than under the other discovery rules." *Schlagenhauf v. Holder,* 379 U.S. 104, 118 (1964) (*internal citations omitted*). The standard requires more than "mere conclusory allegations of the pleadings" or "mere relevance to the case," but "does not ... mean that the movant must prove his case on the merits in order to meet the requirements for a mental ... examination." *Id.* at 118-19. Rather, the moving party must make "an affirmative showing" that the plaintiff's mental condition is in controversy, and that showing must be supported by sufficient information to allow the Court to determine that good cause exists. *Id.* at 119-20. However, if a plaintiff asserts that a defendant's actions caused a mental injury or ongoing mental illness, that plaintiff puts her mental condition clearly in controversy, and provides defendant with the good cause necessary for an order under Rule 35(a) allowing a mental examination. *Id.* at 119; *see also Hodges v. Sullivan,* 145 F.R.D. 332, 334 (S.D.N.Y.

2

1993) (*citing Sibbach v. Wilson & Co.,* 312 U.S. 1 (1941)).

## B. Plaintiff's Claims Put Her Mental Condition in Controversy

In her supplemental briefing to the Court, Guzman claims that the examination is unwarranted because her therapist, June Trafton, testified that "the most severe angst suffered by Ms. Guzman was mild depression" and that "this mild depression *ceased in December, 2011.*" (Pl.'s Ltr., Apr. 27, 2012 at 2.) According to Guzman, her mental condition is not in controversy because she is no longer suffering from mental or emotional anguish.

Guzman, however, has continued to put her mental and emotional state into controversy. In her Amended Complaint, Guzman claims that she "has suffered, and continues to suffer, severe mental anguish and emotional distress" in all ten causes of action. (*See* Am. Compl. ¶¶ 116, 121, 127, 132, 138, 142, 146, 151, 156, 161.) Guzman alleges injuries of "depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering." (*Id.*) Trafton's testimony that Guzman does not suffer from any mental illness or has not suffered severe emotional distress does not automatically take Guzman's mental condition out of controversy. Guzman's allegations satisfy the good cause standard required for a Rule 35(a) order, and entitle Defendants to such an order requiring Guzman to submit to a mental examination.

## IV. CONCLUSION

For the reasons articulated in this Order, Defendants' request to conduct an independent medical examination pursuant to Rule 35 is **GRANTED**.

SO ORDERED this 13th day of June 2012
New York, New York

_____
The Honorable Ronald L. Ellis
United States Magistrate Judge

4