UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANDRA GUZMAN,

        Plaintiff,

  - against -

NEWS CORPORATION, et al.,

        Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/29/12
```

MEMORANDUM
OPINION & ORDER

09 Civ. 9323 (BSJ) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

  Plaintiff Guzman alleges in her Amended Complaint, *inter alia*, that Defendants NYP Holdings, Inc. d/b/a the New York Post, News Corporation, and Col Allen engaged in unlawful employment discrimination based on gender, pursuant to Title VII of the Civil Rights Act of 1964. Before the Court is Guzman's request to compel production of documents related to complaints of the alleged presence of pornography at Defendant *New York Post*'s ("the *Post*") newsroom. For the reasons set forth below, Guzman's request to compel production of these documents is **DENIED**.

  Guzman previously asked the Court to compel Defendants to produce records of "complaints made by other employees in [Guzman's] 'work environment' concerning discrimination, harassment and/or retaliation on the basis of gender, race, color and/or national origin." (Doc. No. 37 ("Oct. 10, 2010 Order") at 2.) This request was denied as "overly broad." (*Id.* at 4-5.) In this most recent attempt to compel discovery from Defendants, Guzman asks for a narrower set of documents. (Pl.'s Ltr., April 6, 2012 ("Pl.'s Ltr." at 3.)

By letter dated April 6, 2012, Guzman asks the Court to compel Defendants to produce several documents, including "documents reflecting any complaints that pornography was displayed in the newsroom (including a specific complaint made by New York Post employee Paula Froelich)." (*Id.* at 3.) Guzman argues that the documents are relevant to her claims because the presence of pornography in the workplace addresses the issue of whether there is an objectively hostile work environment based on gender. Defendants argue that the requested information is not discoverable based on the Court's October 10, 2010 Order. Specifically, Defendants assert that complaints made by other employees at the *Post* about which Guzman had no personal knowledge or against individuals whom Guzman has not made allegations are not discoverable. (Defs.' Ltr., April 10, 2012 ("Defs.' Ltr.") at 3.)

Here, Guzman has made a specific request for documents related to a complaint of the presence of pornography in the newsroom. However, the reasoning articulated in the Court's previous ruling still applies. While it is true that "[r]acist and sexually inappropriate comments made by unspecified employees in Guzman's work environment may appropriately be considered by the court as objective evidence of a hostile work environment if she was aware of them, even if they were not directed at her," this does not entitle Guzman to complaints that in fact are not "objective evidence" of a hostile work environment. (Oct. 10, 2010 Order at 5.) Guzman takes the position that if documents referencing pornography exist they "are clearly relevant to the sexist environment in the newsroom with respect to how women were viewed and treated." (Pl.'s Ltr. at 3.) And if this were a class action, this broad statement would have traction. This, however, is an individual case of hostile work environment. Guzman must show that the environment *to which she was subjected* was: (1) subjectively abusive or hostile to her; and (2) objectively abusive or hostile to a reasonable person. *Harris v. Forklift Systems, Inc.*, 510

2

U.S. 17, 21-23 (1993); *Alfano v. Costello*, 294 F.3d 365, 374-374 (2d Cir. 2002). If Guzman was unaware either personally or through others, she cannot demonstrate that any actions were subjectively hostile to her. These otherwise irrelevant actions may, however, be discoverable if they involve the decision maker in her case or if they might shed some light on the reasonable interpretation of the actions to which Guzman has been subjected. None of Guzman's submissions allege any personal knowledge of the complaints while she was employed.[1] She has not alleged any involvement by the decision maker in her case. Other than the general notion that these complaints might mention pornography, there is no attempt to relate them to Guzman and her interactions in her work environment. Accordingly, Guzman's request to compel production of documents related to this complaint is **DENIED**.

**SO ORDERED this 29th day of June 2012**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

---

[1] Guzman has not provided any information to the Court regarding the circumstances of her knowledge of the specific complaint referenced in her submissions, including when she was told about it, what exactly she was told about the complaint, and who told her about the complaint.

3