UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANDRA GUZMAN,

                Plaintiff,

- against -

NEWS CORPORATION, et al.,

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/29/12
```

MEMORANDUM
OPINION & ORDER

09 Civ. 9323 (BSJ) (RLE)

RONALD L. ELLIS, United States Magistrate Judge:

## I. INTRODUCTION

Defendants seek to quash Plaintiff Sandra Guzman's notice of deposition of Rupert Murdoch, Chairman of the Board of News Corporation and of the New York Post. Moreover, they ask the Court to enter a Protective Order prohibiting the deposition of Murdoch. (Defs.' Ltr., Mar. 12, 2012 ("Defs.' Letter").) Guzman asserts that Murdoch is directly involved with the claims at issue, and possesses unique knowledge, which warrants his deposition. (Pl.'s Ltr., Mar. 16, 2012 ("Pl.'s Ltr.").) For the reasons set forth below, Defendants' request for a Protective Order prohibiting the deposition of Rupert Murdoch is **GRANTED**.

## II. BACKGROUND

Guzman alleges in her Amended Complaint, *inter alia*, that Defendants engaged in unlawful employment discrimination based on race. One of Guzman's primary allegations involves Defendant *New York Post*'s ("the *Post*") publication of the so-called "chimpanzee cartoon." (Am. Compl., Oct. 13, 2012, Doc. No. 36 ("Am. Compl.") ¶¶ 6-8.) The cartoon allegedly depicted racist themes, and Guzman asserts that the cartoon was "yet another litany of examples of the racism pervasive in the work environment" at the *Post*. (Am. Compl. ¶ 8.)

During a telephonic status conference with the Parties on July 7, 2011, the Court discussed the relevance of conducting discovery related to the chimpanzee cartoon and found that Guzman failed to demonstrate Murdoch's connection to the cartoon as a "legitimate [area] of inquiry." (Transcript of Conference, July 7, 2011, Doc. No. 55 ("Tr.") at 15.)

Notwithstanding the Court's July 7, 2011 statements regarding Murdoch, on February 13, 2012, Guzman noticed a deposition for Murdoch pursuant to Federal Rule of Civil Procedure 30. (Pl.'s Ltr., Ex. A.) On March 12, 2012, Defendants submitted a letter to the Court requesting that the Court enter a protective order prohibiting the deposition, and on March 16, 2012, Guzman submitted a response and opposition letter to the Court. (Defs.' Ltr. at 3; Pl.'s Ltr.)

## III. DISCUSSION

### A. The Legal Standard

A party may inquire about "any matter, not privileged, that is relevant to [a] claim or defense[,]" and "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). However, Rule 26 limits the extent of discovery when, *inter alia:* (1) the discovery is unreasonably cumulative or duplicative; (2) the discovery can be obtained from some other source that is more convenient, less burdensome, or less expensive; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C).

While senior executives are not immune from discovery, "[c]ourts have recognized an additional layer of protection for senior corporate executives subject to depositions." *Alex & Ani, Inc. v. MOA Int'l Corp.*, 10 Civ. 4590 KMW, 2011 WL 6413612 (S.D.N.Y. Dec. 21, 2011); *Consolidated Rail Corp. v. Primary Industries Corp.*, No. 92 Civ. 4927, 1993 WL 364471, at *12 (S.D.N.Y. Sept. 10, 1993) (quoting *CBS, Inc. v. Ahern*, 102 F.R.D. 820, 822

2

(S.D.N.Y.1984)). A party moving to quash the deposition of a senior executive must "demonstrate that the proposed deponent has no personal knowledge of the relevant facts and no unique knowledge of those facts." *Malletier v. Dooney & Burke, Inc.*, 2006 WL 3476735, at *12 (S.D.N.Y. Nov.30, 2006) (Dolinger, J.). However, unless it can be demonstrated that a corporate official has "some unique knowledge" of the issues in the case, "it may be appropriate to preclude a[ ] deposition of a highly-placed executive" while allowing other witnesses with the same knowledge to be questioned. *Consolidated Rail Corp.*, 1993 WL 364471, at *1 (citations omitted).

**B.   Murdoch does not have sufficient involvement or special knowledge to warrant a deposition.**

Defendants argue that Murdoch had no involvement in the matters related to Guzman's claims, including decisions affecting her employment, and that Murdoch had no special or unique knowledge of Guzman's claims. (Defs.' Ltr. at 1.) Guzman counters that Murdoch actually does possess "unique knowledge" because he is the "ultimate supervisor" of Senior Vice President Les Goodstein, one of the individuals Guzman claims discriminated against and harassed her. (*Id.* at 2-5.) Further, Guzman claims Murdoch has "unique knowledge" in this case because he is knowledgeable about Defendants News Corp. and the *Post* and the operations of those corporate entities. In particular, Guzman asserts that Murdoch participated directly in a pertinent event, in this case, the response to complaints and his public and personal apology regarding the chimpanzee cartoon. (Pl.'s Ltr. at 2.)

Additionally, because Defendants' Rule 30(b)(6) witness, Jordan Lippner, could not answer deposition questions of many aspects of the corporations' operations and organization, Guzman asserts that Murdoch's deposition is warranted.

The Court has already determined that Murdoch's involvement in the chimpanzee cartoon, and any conversations that took place regarding his apology or response to the public outcry, are not a "legitimate [area] of inquiry." (Tr. at 15.) Further, Plaintiffs have failed to demonstrate that Murdoch has any special or unique knowledge relevant to the claims. Murdoch's association with Les Goodstein, even as direct supervisor, does not immediately confer "unique knowledge" of Goodstein's relationship with New York Post employees. Additionally, with regard to the Defendants' operations, Plaintiffs have not produced any evidence that Murdoch has any special or unique knowledge that could not be obtained elsewhere.[1] Murdoch's testimony would therefore at best be duplicative.

## IV. CONCLUSION

Defendants' request for a Protective Order precluding Murdoch's deposition is **GRANTED**.

**SO ORDERED this 29th day of June 2012**
**New York, New York**

*(signature)*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

---

[1] Plaintiffs assert that Jordan Lippner, the designated Rule 30(b)(6) witness for Defendants, was unable to answer several questions about the corporate Defendants and that Murdoch's deposition could answer these questions. Examples of questions presented during Lippner's deposition asked how many employees work for News Corp. and the New York Post, how often the Board of Directors of the Post meets, or the functions of the Boards of the corporate Defendants. The basic nature of some of the questions identified actually counsel against allowing the deposition. Guzman has not demonstrated how Murdoch would provide any unique knowledge as to those questions or why Murdoch's deposition is warranted for that reason.