# Exhibit H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SANDRA GUZMAN,                      :

                  Plaintiffs,       :

                                    :

        v.                          :        09 Civ. 9323(BSJ)
                                             ORDER
NEWS CORPORATION, NYP HOLDINGS,     :
INC., d/b/a THE NEW YORK POST,      :
MICHELLE GOTTHELF and DANIEL        :
GREENFIELD, in the official and     :
Individual capacities               :

                                    :

                  Defendant.        :
------------------------------------x

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

        In this case involving claims of unlawful retaliation and

hostile work environment by Defendants against Plaintiff Sandra

Guzman, before the Court is Defendants' motion to dismiss the

amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6).  For

the reasons stated below, the motion is DENIED.

        When considering a motion to dismiss under Federal Rule of

Civil Procedure 12(b)(6) for "failure to state a claim upon

which relief can be granted," a district court must accept the

allegations contained in the complaint as true and draw all

reasonable inferences in favor of the non-moving party.

Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999).  To

survive a motion to dismiss, a complaint must contain "enough

facts to state a claim to relief that is plausible on its face."

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (U.S. 2007).  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (U.S. 2009).

Mindful of the First Amendment protections enjoyed by newspaper organizations, the Court notes that Plaintiff has sufficiently alleged that she objected not just to the paper's content but to the general work environment at the Post and the way the editorial staff dealt with the publication of the content at issue.

To state a claim for hostile work environment under 42 U.S.C. § 1981, Plaintiff must allege that the "workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or persuasive to alter the conditions of the victim's employment." Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir. 2000). Defendants argue that the paper's published content should not be used to support this claim, that Plaintiff has misguidedly alleged "discrete acts" of discrimination, and that overall the allegations in the complaint are not sufficient to meet this pleading standard. These issues, however, all present factual questions that are inappropriate to decide on a motion to dismiss.

Additionally, Defendants move to dismiss Plaintiffs' claims of unlawful retaliation. To establish a *prima facie* claim for

retaliation under 42 U.S.C. § 1981, a plaintiff must allege
that: (1) the plaintiff engaged in a protected activity, (2) the
employer knew of this activity, (3) the employer took adverse
employment action against the employee, and (4) a causal
connection exists between the alleged adverse action and the
protected activity.  Paulino v. N.Y. Printing Pressman's Union,
Local Two, 301 F.App'x 34, 37 (2d Cir. 2008).  Defendants argue
that Plaintiff has failed to sufficiently allege the first
element because the Plaintiffs, when complaining about the
cartoon published by the paper on February 18, 2009, did not
actually speak out regarding an "employment practice" of the New
York Post.  Moreover, they allege that she has also failed to
sufficiently allege retaliatory acts that constitute an "adverse
employment decision."

    At this stage in the litigation, the Court finds that
Plaintiff's factual allegations sufficiently "raise a right to
relief above the speculative level." See Twombly, 127 S. Ct. at
1965. Plaintiffs have sufficiently put Defendants on notice of
the retaliation claims against it by alleging that Plaintiffs'
complaints were about the working climate generally at the Post,
rather than solely about the content published by the paper. See
Barbosa v. Continuum Health Partners, Inc., 2010 U.S. Dist.
LEXIS 21052 (S.D.N.Y. Mar. 5, 2010)("[A] complaint need not
establish a prima facie case of employment discrimination to

survive a motion to dismiss; however, the claim must be facially plausible and must give fair notice to the defendants of the basis for the claim."). Given the lenient standard applied when considering a motion to dismiss, dismissal is not appropriate at this time.

The Court also finds that Plaintiffs have adequately pled that News Corporation was Plaintiff's employer.

Accordingly, Defendants' Motion to Dismiss is DENIED.

SO ORDERED:

Barbara S. Jones
UNITED STATES DISTRICT JUDGE

New York, New York
September 24, 2010