USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/24/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANDRA GUZMAN,

               Plaintiff,

- against -

NEWS CORPORATION, et al.,

               Defendants.

ORDER

09 Civ. 9323 (BSJ) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Before the Court is Plaintiff Sandra Guzman's Motion for Reconsideration, submitted as a letter brief, on July 6, 2012. Guzman seeks the Court's reconsideration of an order issued on June 29, 2012, denying Plaintiffs' Motion to Compel Production of complaints of pornography in the workplace. (Doc. No. 97.) For the reasons which follow, Guzman's motion is **DENIED**.

## II. BACKGROUND

Plaintiff Guzman alleges in her Amended Complaint, *inter alia*, that Defendants NYP Holdings, Inc. d/b/a the New York Post, News Corporation, and Col Allen engaged in unlawful employment discrimination based on gender, in violation of Title VII of the Civil Rights Act of 1964. Guzman previously asked the Court to compel Defendants to produce records of "complaints made by other employees in [Guzman's] 'work environment' concerning discrimination, harassment and/or retaliation on the basis of gender, race, color and/or national origin." (Doc. No. 37 ("Oct. 10, 2010 Order") at 2.) This request was denied as "overly broad." (*Id.* at 4-5.) Guzman now attempts to compel a narrower set of documents from Defendants. (*See* Pl.'s Ltr., April 6, 2012 ("Pl.'s Ltr." at 3.)

By letter dated April 6, 2012, Guzman asks the Court to compel Defendants to produce several documents, including "documents reflecting any complaints that pornography was displayed in the newsroom (including a specific complaint made by New York Post employee Paula Froelich)." (*Id.* at 3.) Guzman argued that the documents are relevant to her claims because the presence of pornography in the workplace addressed the issue of whether there is an objectively hostile work environment based on gender. Defendants argued that the requested information is not discoverable based on the Court's October 10, 2010 Order. Specifically, Defendants asserted that complaints made by other employees at the *Post* about which Guzman had no personal knowledge or against individuals whom Guzman has not made allegations are not discoverable. (Defs.' Ltr., April 10, 2012 ("Defs.' Ltr.") at 3.)

By Order dated June 29, 2012, the Court denied Guzman's request, stating that "[n]one of Guzman's submissions allege any personal knowledge of the complaints while she was employed." (Doc. No. 97 at 3.) In addressing whether complaints of pornography in the workplace would go to Guzman's subjective and objective perception of discrimination, the Court said the complaints would be relevant in a case where there was a class alleging discrimination. "This, however, is an individual case of hostile work environment. Guzman must show that the environment *to which she was subjected* was: (1) subjectively abusive or hostile to her; and (2) objectively abusive or hostile to a reasonable person." (Doc. No. 79 at 2.)

The Court further noted that "Guzman has not provided any information to the Court regarding the circumstances of her knowledge of the specific complaint referenced in her submissions, including when she was told about it, what exactly she was told about the complaint, and who told her about the complaint." (*Id.* at n. 1.) Guzman claims that she had indeed told the Court about how she came to know about the alleged pornography complaints.

According to Guzman, "Paula Froelich told Ms. Guzman while both were employed at the Post that she saw pornography in the newsroom and complained about it." (Pl.'s Ltr., July 6, 2012, 1.) Therefore, Guzman asks the Court to reconsider its decision "on the ground that [the Court] overlooked material facts that influenced its decision." (*Id.* at 3.)

### III. DISCUSSION

The standard for a motion for reconsideration under Local Rule 6.3 and Federal Rule of Civil Procedure 59(e) is a strict one. *See Schrader v. CSX Tramp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The party must be able to "point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* A motion for reconsideration "is not a substitute for appeal," *Morales v. Quintiles Transnat'l Corp.*, 25 F. Supp. 2d 369, 372 (S.D.N.Y. 1998), and is generally only granted on three grounds: "(1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

Here, the Court did know and consider that counsel had asserted that Froelich had told Guzman about the alleged pornography in the newsroom and the resulting complaint. This did not change the Court's conclusion that further inquiry into this incident would be irrelevant to either the objective or subjective element of Guzman's claim of a hostile work environment as it related to her. Guzman's assertion that the Court misunderstood or ignored a material fact is therefore inapplicable. Accordingly, there is no basis for reconsideration of the Court's June 29, 2012 Order.

## IV. CONCLUSION

For the foregoing reasons, Guzman's motion for reconsideration is **DENIED**.

**SO ORDERED this 24th day of September 2012**
**New York, New York**

*/s/ Ronald L. Ellis*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**