USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 11/05/2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
SANDRA GUZMAN,                      :
                                    :
               Plaintiff,           :   09 Civ. 9323 (BSJ)(RLE)
                                    :
          v.                        :
                                    :   Order
NEWS CORPORATION, NYP HOLDINGS, INC.,:
d/b/a/ THE NEW YORK POST, and       :
COL ALLAN, in his official and      :
individual capacities,              :
                                    :
               Defendants.          :
                                    :
------------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Sandra Guzman initiated this lawsuit against News Corporation ("News Corp."), NYP Holdings, Inc. d/b/a/ The New York Post ("Post") and Col Allan ("Allan") (collectively, "Defendants") alleging discriminatory treatment, harassment, and unlawful retaliation against Guzman because of her race, color, national origin and/or gender and her complaints of discrimination, in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), the New York State Human Rights Law, New York Executive Law §§ 290 et seq. ("NYSHRL"), and the New York City Human Rights Law, New York Administrative Code §§ 8-101 et seq. ("NYCHRL"). On June 29, 2012, Magistrate Judge Ellis denied Defendants' motion for a protective order regarding Defendant Allan's refusal to answer

certain questions posed during his deposition ("June 29 Order"). Before the Court are Defendants' Rule 72(a) Objections to the June 29 Order, and Plaintiff's opposition to Defendants' Objections. For the reasons stated below, the June 29 Order is AFFIRMED.

## BACKGROUND

Guzman is an award-winning journalist and former editor of the "Tempo" section of the Post. News Corp. is one of the largest media conglomerates in the world, and owns the Post. Allan is the Editor-in-Chief of the Post. The crux of Guzman's Amended Complaint is that the Post retaliated against her for making complaints about the sexual and racial harassment she experienced by unjustifiably terminating her on September 29, 2009. Guzman asserts that Defendants' conduct was knowing, malicious, willful and wanton and/or showed reckless disregard for her civil rights.

The Amended Complaint is contains numerous alleged instances of sexual and racial discrimination against Guzman and her fellow employees at the Post. Two particular instances are most pertinent to the issue before this Court. The first is a purportedly racist cartoon that Defendants published on February 18, 2009, which portrayed two white police officers having just shot and killed a "crazed chimpanzee" and depicted one of the officers as saying "They'll have to find someone else to write

2

the next stimulus bill." It was published on the page immediately following one which contained a large photograph of President Obama signing the economic stimulus bill into law.

The second incident occurred when Allan allegedly showed to Guzman and other female Post employees a lewd photograph on his blackberry. The photograph was subsequently published in the Post in redacted form.

Guzman alleges that both of these incidents evidence the hostility towards non-white and female employees that pervaded the workplace environment at the Post. Guzman also asserts that she complained to supervisors, human resources, and to members of Post management about these occurrences and others.

Guzman deposed Allan on February 14, 2012, during which deposition Allan refused to answer twelve separate questions based on an asserted "editorial privilege." The challenged questions concerned Allan's thoughts and judgments regarding the publication of the chimpanzee cartoon and of the redacted version of the lewd photograph, as well as his views about an African American employee's lack of potential as a Post columnist.

Following Allan's deposition, Defendants moved for a protective order to preclude Guzman from seeking discovery regarding the editorial process and decisions that were the subject of the challenged questions. The issue was fully

3

briefed and Judge Ellis denied the motion in the June 29 Order, finding that Defendants had failed to demonstrate that an evidentiary privilege applied to the challenged questions and that Guzman should have an opportunity to develop further her inquiry into Allan's mindset and motivations. (Dkt. 96.) Judge Ellis ordered Allan to submit to an additional deposition for a maximum of two hours.

Defendants now ask this Court to reverse Judge Ellis' decision and grant their motion for a protective order. In their objections, Defendants contend that the challenged questions implicate important First Amendment interests that Judge Ellis failed to recognized, that Guzman was required to demonstrate an overriding need to allow for such an intrusion into the protected editorial process, and that Judge Ellis did not properly weigh the First Amendment interests against Guzman's need for discovery. (Defs.' Objections, July 13, 2012, 10-22.) Defendants argue further that responses to the challenged questions are irrelevant to Guzman's claims. (Id. at 22-24.) Guzman counters that there is no specific or general privilege that protects the First Amendment interests asserted by Defendants. (Pl.'s Opp. to Defs.' Objections, July 27, 2012, 9-22.) Moreover, Guzman argues that Allan's refusal to answer questions during his deposition precluded her from pursuing a

line of inquiry that is highly relevant to her claims. (Id. at 22-24.)

## LEGAL STANDARD

Under Federal Rule 72(a), a district court may modify or set aside any portion of a magistrate judge's order with respect to a matter not dispositive of a claim or defense, as long as the factual and legal bases supporting the ruling are not "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. Proc. 72(a); Thomas v. Arn, 474 U.S. 140, 149 (1985) (citation omitted). Under this highly deferential standard of review, a magistrate judge is afforded broad discretion when resolving discovery disputes, and reversal is appropriate only if the district judge finds that the magistrate judge abused its discretion. See Moore v. Publicis Groupe SA, No. 11 Civ. 1279(ALC)(AJP), 2012 WL 517207, at *1 (S.D.N.Y. Feb. 14, 2012) (citing Conway v. Icahn & Co., 16 F.3d 504, 510 (2d Cir. 1994)).

Under the "clearly erroneous" standard of review, a district judge may reverse a magistrate's finding only if it is "left with the definite and firm conviction that a mistake has been committed." Mobil Shipping and Transp. Co. v. Wonsild Liquid Carriers, Ltd., 190 F.3d 64, 67-68 (2d Cir. 1999) (quoting Anderson v. Bessemer City, 470 U.S. 564, 574 (1985)) (internal quotations omitted). A district court may reverse a

magistrate judge's order as "contrary to law" only if it finds that the magistrate "fail[ed] to apply or misapplie[d] relevant statutes, case law or rules of procedure." Catskill Dev., L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (internal quotations marks and citation omitted).

## DISCUSSION

In their objections to Judge Ellis' ruling, Defendants do not contend that a specific evidentiary privilege protects an editor from having to respond to questions about editorial judgments that are relevant to the underlying claims. Instead, Defendants assert that the editorial process and an editor's state of mind when making editorial judgments are implicated generally by the First Amendment, and that there is a qualified privilege protecting discovery of such information absent a showing by Guzman of an overriding need for it.

Review of the relevant case law demonstrates that there is no such general First Amendment privilege banning discovery into a defendant's editorial thought processes where, as here, the defendant's responses could lead to evidence relevant to the plaintiff's claims. Defendants cite unconvincingly to Rosario v. New York Times Co., 84 F.R.D. 626 (S.D.N.Y. 1979) to support the argument that an editorial process privilege applies to the questions Allan refused to answer. In Rosario, the plaintiffs had brought suit against the New York Times for racial

6

discrimination, and certain high-level editors and the paper's publisher asserted an "editorial privilege" to avoid having to answer questions about the reason for a geographic location of the paper's Harlem office. The Rosario court sustained the defendants' objections to the questions. However, contrary to Defendants' suggestion that the Rosario court found the responses to the questions to be privileged, that court based its conclusion on the fact that the subject matter of the contested questions was irrelevant to the plaintiffs' claims. Rosario, 84 F.R.D. at 631 ("Taking into account the nature of the business of the Times, the selection of the geographical location of doing business is not relevant to the issues in this case."). Judge Ellis reached the same conclusion regarding Defendants' misplaced focus on the Rosario decision:

> The Court did not discuss or analyze the claim of privilege, and there is no reason to conclude that it meant to establish such a privilege. The 'editorial' questions were simply not relevant to the business judgments at issue in the employment discrimination case, and the objections were sustained.

(June 29 Order at 5.)

Judge Ellis went on to find that Allan's refusal to respond to the challenge questions prevented Guzman from pursuing a potentially relevant line of questioning. "If Guzman were to show that Allan showed racial motivation with regard to 'editorial decisions,'" Judge Ellis wrote, "it could potentially

7

lead to admissible evidence on the issue of discrimination in the firing process." (Id. at 6.) The Court agrees with Judge Ellis' assessment and affirms his denial of Defendants' motion for a protective order.

## CONCLUSION

Having reviewed the factual record concerning Allan's deposition and Defendants' motion for a protective order, the Court concludes that Judge Ellis' ruling was neither clearly erroneous nor contrary to law, and was thus warranted.

SO ORDERED:

_____
BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:  New York, New York
        November 5, 2012