```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
SANDRA GUZMAN,                                              :
                                                            :
                              Plaintiff,                    :
                                                            :
              vs.                                           :    Civ. No.: 09 CV 9323 (LGS)
                                                            :
NEWS CORPORATION, NYP HOLDINGS,                             :
INC., d/b/a THE NEW YORK POST,                              :
and COL ALLAN, in his official and                          :
individual capacities,                                      :
                                                            :
                              Defendants.                   :
------------------------------------------------------------x
```

### AFFIDAVIT OF AMY SCIALDONE

**STATE OF NEW YORK**          )
                               ) ss.:
**COUNTY OF NEW YORK**         )

AMY SCIALDONE, being duly sworn, deposes and says:

1.  I am the Vice President of Human Resources ("HR") for Defendant NYP Holdings, Inc., d/b/a the New York Post (the "Post"). I have personal knowledge of the facts set forth herein, except where otherwise indicated. I submit this Affidavit in support of Defendant News Corporation's ("News Corp." or "Defendant") motion for summary judgment. This Affidavit does not include all facts and circumstances known to me that relate to this matter. This Affidavit supplements deposition testimony that I gave in this matter on June 28, 2012 and concerns matters about which I did not testify at that time.

2.  I have been employed as the Post's Vice President of HR since 2006. I am presently the most senior member and head of the Post's HR department, and have been since in or about February 2010. My duties include overseeing the Post's HR department, implementing

employee training on the Post's employment policies, reviewing and updating employee policies as necessary, handling and investigating employee complaints, overseeing employee hires, promotions and terminations, overseeing the implementation of the Post's Annual Performance Appraisals ("APAs") and sitting on its APA Review Committee, attending the Post's weekly Executive Committee Meetings, and advising employees on employment-related questions, among other things.

3. I understand that Plaintiff has argued that the Post and News Corp. may be a single employer. I do not perform services for News Corp. I do not report to, nor have I ever reported to, any News Corp. employee, nor have I ever been supervised by a News Corp. employee. I am compensated by the Post for the work that I perform for the Post, I receive a paycheck issued by the Post, my salary is set by the Post, and my performance evaluations are prepared by the Post. I presently report to Post's Publisher and, prior thereto, to the Post's Senior Vice President of HR, Jennifer Jehn, neither of whom is or was a News Corp. employee. Neither News Corp. nor any of its employees set my compensation or supervise my performance.

4. The Post at all relevant times has had its own HR staff. All of these employees report to me and provide no services to News Corp. The Post and News Corp. do not share HR employees, and there is no overlap between their staffs. All members of the Post's HR department have been compensated by the Post, and not by News Corp. No Post HR employee has been supervised by any News Corp. employee, and I am responsible for supervising the preparation of the performance evaluations of all Post HR employees.

5. The Post's HR staff and that of News Corp. do not share office space, nor have they at any relevant time. The two respective departments are located in different buildings.

6. The Post is responsible for hiring and firing Post employees. Neither News Corp. nor its employees participate in or have authority over hiring or firing decisions relating to Post employees. Likewise, in connection with the hiring of employees, the Post's HR team and/or its relevant manager are responsible for handling and reviewing all employment applications to the Post, and neither News Corp. nor any of its employees is involved in this process.

7. Post employees are, and for all relevant times have been, supervised by other Post employees, and not News Corp. or its employees. By way of example, Plaintiff Sandra Guzman ("Plaintiff" or "Guzman") was at all times supervised by Post employees, including Chris Shaw and Joseph Robinowitz, during her employment with the Post; at no time was she supervised by a News Corp. employee.

8. APAs of Post employees are, and have been at all relevant times, prepared by the Post supervisors; no News Corp. employee drafts, creates or participates in the performance evaluation process for Post employees. The APA process was devised by the Post, is Post-specific and, upon information and belief, is not utilized by News Corp. The decision to implement the APAs was made by the Post's Publisher and not by News Corp. or any News Corp. employee.

9. For all relevant times, salaries of Post employees, including starting salaries and pay increases during employment, have been determined by the Post and not by News Corp. The Post is responsible for paying its employees, including issuing checks to its employees.

10. At all relevant times, the Post is and has been responsible for investigating breaches of its policies committed by Post employees, as well as determining and enforcing discipline of Post employees for such breaches. Neither News Corp. nor its employees are presently or have been during the relevant time frame involved in or oversee this process.

3

Disciplinary decisions as to Post employees are made by that employee's supervisor in consultation with the Post's HR, are made in the discretion of the supervisor and/or HR, and are enforced by the Post. Although the Post has adopted certain policies from News Corp., such as the Standards of Business, the Post enforces all such policies as they apply to Post employee, including the investigation of violations and discipline for a violation thereof without oversight by News Corp. Neither News Corp. nor its employees are now or have been at any relevant time involved in determining or enforcing discipline of Post employees.

11. The Post's HR staff is and has been at all relevant times responsible for maintaining records relating to Post employees, including without limitation personnel files. Such records are and have been maintained in the Post's HR offices and/or its storage facilities. The Post's personnel files are not and have not been shared with News Corp.

12. No individual employed by News Corp. is or has been responsible for the supervision of any Post departments. Likewise, no News Corp. employees are members of the Post's Executive Committee or its Management Council, nor have any News Corp. employees ever been members of these Post-specific committees.

13. The Post employs approximately 1,000 employees, none of whom are shared with News Corp.

14. Neither of K. Rupert Murdoch nor David Devoe is employed by the Post.

15. Plaintiff was employed by the Post from in or about July 2003 through September 29, 2009 and provided services to the Post and not to News Corp., as she was hired by the Post to create and edit a monthly insert of the *New York Post* newspaper called *Tempo*, and not to provide any services to News Corp. Guzman was at all times compensated by the Post, and not by News Corp., and all payments to her were issued by the Post. Guzman's performance

evaluations were prepared by her supervisors, including for 2006 and 2007 by Chris Shaw and in 2008 and 2009 by Joseph Robinowitz, both of whom were Post employees, and her personnel file was maintained in the Post's HR offices.

16. Upon information and belief, while employed by the Post, Guzman voluntarily served on two committees ancillary to her duties as a Post employee, namely the Cool Change Committee, comprised of individuals from various News Corp. subsidiaries who met to discuss carbon-neutral initiatives that different companies might consider implementing, and the Hispanic Council, both of which, per my understanding, Plaintiff claims were "News Corp." committees. Neither the Cool Change Committee nor the Hispanic Council, nor any members of those committees, had authority over the Post's employment policies, its hiring, firing, or disciplining of employees, the setting of employee salaries, or in any other way bearing upon the Post's HR or labor relations operations.

_____<br>AMY SCIALDONE

Sworn to before me this
7th day of May 2012

_____
NOTARY PUBLIC

VALERIE WHITE
Notary Public, State of New York
Qualified in Queens County
No. 01WH4836322
Commission Expires 05/31/2015