KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
Marc E. Kasowitz (mkasowitz@kasowitz.com)
Mark W. Lerner (mlerner@kasowitz.com)
Blythe E. Lovinger (blovinger@kasowitz.com)
Garrett D. Kennedy (gkennedy@kasowitz.com)
1633 Broadway
New York, New York 10019
Tel.:   (212) 506-1700

Attorneys for Defendants NYP Holdings, Inc.,
d/b/a the New York Post, and Col Allan

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
SANDRA GUZMAN                                                :    Civil Action No.: 09 CV 9323 (LGS)
                                                             :
                            Plaintiff,                       :
                                                             :
            vs.                                              :
                                                             :
NEWS CORPORATION, NYP HOLDINGS,                              :
INC., d/b/a/ THE NEW YORK POST,                              :
and COL ALLAN, in his official and individual                :
capacities                                                   :
                                                             :
                            Defendants.                      :
-------------------------------------------------------------x

# DECLARATION OF MARK W. LERNER, ESQ.

MARK W. LERNER, ESQ., hereby declares as follows:

1. I am a partner with the firm of Kasowitz, Benson, Torres & Friedman LLP, counsel for Defendant NYP Holdings, Inc., d/b/a the New York Post (the "Post"), and Col Allan (together, "Defendants"). I have personal knowledge of the facts set forth herein, except where otherwise indicated. I submit this Declaration in support of Defendants' Motion for Summary Judgment in the above-captioned action.

2. Pursuant to Rule III.B.3 of the Individual Rules of Practices of United States District Judge Lorna G. Schofield, Exhibits have been excerpted to include only relevant material.

3. Attached hereto as Exhibit 1 are true and correct copies of referenced pages from the employment agreement entered into by and between plaintiff Sandra Guzman and the Post, dated July 11, 2003, previously produced with the Bates Nos. NYP-506 through NYP-512.

4. Attached hereto as Exhibit 2 are true and correct copies of referenced pages from the transcript of the deposition of Joseph Robinowitz ("Robinowitz"), taken June 14, 2012.

5. Attached hereto as Exhibit are true and correct copies of referenced pages from e-mail chain between plaintiff Sandra Guzman ("Guzman"), Sami Haiman-Marrero ("Haiman-Marrero"), and other Post employees, dated January 9, 2008 and previously produced with the Bates Nos. NYP-1339 through 1343.

6. Attached hereto as Exhibit 4 are true and correct copies of referenced pages from e-mail chain between Guzman and other Post employees, dated March 19, 2008 and previously produced with the Bates No. NYP-657.

7. Attached hereto as Exhibit 5 are true and correct copies of referenced pages from an e-mail chain between Guzman, Haiman-Marrero, and other Post employees, dated May 8, 2008 and previously produced with the Bates Nos. NYP-1778 through 1780.

8. Attached hereto as Exhibit 6 are true and correct copies of referenced pages from an e-mail chain between Guzman, Haiman-Marrero, and another Post employee, dated June 5, 2008 and previously produced with the Bates Nos. NYP-1335 through 1337.

9. Attached hereto as Exhibit 7 are true and correct copies of referenced pages from an e-mail chain between Guzman and Haiman-Marrero, dated October 30, 2007 and previously produced with the Bates Nos. NYP-1385 through 1388.

10. Attached hereto as Exhibit 8 are true and correct copies of referenced pages from an e-mail chain between defendant Col Allan ("Allan") and Robinowitz, dated January 19, 2008 and previously produced in this matter with the Bates Nos. NYP-263 through NYP-265.

11. Attached hereto as Exhibit 9 are true and correct copies of referenced pages from the transcript of the deposition of Jennifer Jehn, taken June 26, 2012 and February 14, 2013.

12. Attached hereto as Exhibit 10 are true and correct copies of referenced pages from an e-mail chain between Guzman and a Post employee, dated September 24, 2009 and previously produced in this matter with the Bates No. NYP-660.

13. Attached hereto as Exhibit 11 are true and correct copies of referenced pages from the transcript of the deposition of Amy Scialdone, taken June 28, 2012.

14. Attached hereto as Exhibit 12 are true and correct copies of referenced pages from the transcript of the deposition of Defendant Col Allan, taken February 14, 2012 and February 21, 2013.

15. Attached hereto as Exhibit 13 are true and correct copies of referenced pages from the transcript of the deposition of Jesse Angelo, taken April 25, 2012.

16. Attached hereto as Exhibit 14 is a true and correct copy of a news story published in the *New York Post* newspaper, entitled "Havoc as Chimp Goes Ape," published on February 17, 2009, previously produced with the Bates No. NYP-4381 through NYP-4382.

17. Attached hereto as Exhibit 15 are true and correct copies of referenced pages from the transcript of the deposition of Guzman, taken October 13, 2011 and February 13, 2012.

18. Attached hereto as Exhibit 16 are true and correct copies of referenced pages from an e-mail chain between Guzman and Robinowitz, dated September 4, 2009 and previously produced in this matter with the Bates No. NYP-906.

19. Attached hereto as Exhibit 17 are true and correct copies of referenced pages from documents relating to the written disciplinary warning that Guzman received on or about January 27, 2009, including the written warning, dated January 27, 2009 and previously produced with the Bates No. NYP-528; an e-mail chain between Serena French, a Post employee, and Katie Reppert, an employee of Manolo Blahnik, dated January 16, 2009 and previously produced with the Bates No. NYP-247 through 248; and an e-mail from Guzman to Oscar Montes de Oca, dated January 14, 2009 and previously produced with the Bates No. NYP-1585 through 1586.

20. Attached hereto as Exhibit 18 are true and correct copies of referenced pages from NYP Holdings, Inc., d/b/a the New York Post's Objections and Responses to Plaintiff's First Set of Interrogatories, dated June 24, 2010.

21. Attached hereto as Exhibit 19 is a true and correct copy of a story written by Guzman, which she produced with the Bates No. SG_6651 through SG_6652.

22. Attached hereto as Exhibit 20 is a true and correct copy of news story published on April 22, 2007 in the *New York Post* newspaper, entitled "What's That, Daddy?" which had been previously produced with the Bates No. NYP-3998.

23. Attached hereto as Exhibit 21 are true and correct copies of referenced pages from the transcript of the deposition of Les Goodstein, taken June 15, 2012.

24. Attached hereto as Exhibit 22 are true and correct copies of referenced pages from *The New Latina's Bible* (Seal Press 2d ed. 2010) (previously published *The Latina's Bible* (Three Rivers Press 1st ed. 2002), authored by Guzman.

25. Attached hereto as Exhibit 23 are true and correct copies of referenced pages from e-mails between Guzman and Post employees and/or vendors, previously produced, on the following dates: October 31, 2008, Bates No. NYP-1379; September 2, 2008, Bates No. NYP-3954; November 4, 2008, Bates No. NYP-3933; March 31, 2009, Bates Nos. NYP-3903-04; May 7, 2009, Bates No. NYP-1638; March 26, 2008, Bates No. NYP-2352-53; September 15, 2004, Bates No. NYP-3941; March 25, 2008, NYP-3950; December 11, 2007, Bates No. NYP-1634; January 24, 2007, Bates No. NYP-3944; July 20, 2007, Bates No. NYP-3945; May 20, 2008, Bates No. NYP-3951 through NYP-3953; and November 7, 2007, Bates No. NYP-3949.

26. Attached hereto as Exhibit 24 are true and correct copies of referenced pages from handwritten notes made and produced by Guzman with the Bates Nos. SG_347 and SG_348.

27. Attached hereto as Exhibit 25 are true and correct copies of referenced pages from e-mail communications, previously produced, between Guzman and Les Goodstein on the following dates:  January 28, 2007, Bates Nos. NYP-2312-14; and June 13, 2007, Bates No. NYP-2315.

28. Attached hereto as Exhibit 26 are true and correct copies of referenced pages from the Post's employee handbook, entitled, "Standards of Business Conduct," previously produced in this matter with the Bates Nos. NYP-00058 through NYP-00076.

29. Attached hereto as Exhibit 27 are true and correct copies of referenced pages from the contract of employment for Margi Conklin in effect in February 2009, previously produced in this matter with the Bates Nos. NYP-781 through NYP-787, and a spreadsheet identifying employees of *Page Six the Magazine* at or about February 2009, previously produced in this matter with the Bates No. NYP-862.

30.     Attached hereto as Exhibit 28 are true and correct copies of referenced pages from the transcript of the deposition of Nicole Faux, taken March 19, 2012.

31.     Attached hereto as Exhibit 29 are true and correct copies of referenced pages from the transcript of the deposition of Shari Logan, taken March 9, 2012.

32.     Attached hereto as Exhibit 30 are true and correct copies of referenced pages from the transcript of the deposition of Ebony Clark, taken May 30, 2012.

33.     Attached hereto as Exhibit 31 are true and correct copies of pages from the *New York Post* newspaper, dated October 1, 2007, which were previously produced with the Bates Nos. NYP-34 through NYP-35.

34.     Attached hereto as Exhibit 32 are true and correct copies of referenced pages from the transcript of the deposition of Paul Carlucci, taken June 22, 2012.

35.     Attached hereto as Exhibit 33 are true and correct copies of referenced pages from the transcript of the deposition of Michelle Gotthelf, taken March 29, 2012.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 10, 2013.

                                                /s/ Mark W. Lerner
                                                Mark W. Lerner