UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x
                                      :

SANDRA GUZMAN,                         :

                            :

                     Plaintiff,    :

                            :

                     vs.         :      Civ. No.: 09 CV 9323 (LGS)

                            :

NEWS CORPORATION, NYP HOLDINGS,   :
INC., d/b/a THE NEW YORK POST,          :
and COL ALLAN, in his official and        :
individual capacities,                     :

                            :

                     Defendants.  :
--------------------------------------------------------------x

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATING TO
CERTAIN IRRELEVANT, INADMISSIBLE AND UNTRUE ALLEGATIONS**

KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP
Marc E. Kasowitz (mkasowitz@kasowitz.com)
Mark W. Lerner (mlerner@kasowitz.com)
Blythe E. Lovinger (blovinger@kasowitz.com)
Garrett D. Kennedy (gkennedy@kasowitz.com)
1633 Broadway
New York, New York 10019
Tel.:   (212) 506-1700

Attorneys for Defendants NYP Holdings, Inc.,
d/b/a the New York Post, and Col Allan

Defendants NYP Holdings, Inc., d/b/a the New York Post (the "Post") and Col Allan

(together, "Defendants") submit this memorandum of law in support of their motion *in limine*

pursuant to FED. R. EVID. 403 and 802 to exclude certain evidence and argument relating to

certain irrelevant, inadmissible, untrue and unsupported allegations.[1]

## ARGUMENT

### I.      LEGAL STANDARD

Rule 403 permits a court to "exclude relevant evidence [from trial] if its probative value

is substantially outweighed by a danger of one or more of the following:  unfair prejudice,

confusing the issues, misleading the jury, undue delay, [or] wasting time . . . ."  FED. R. EVID.

403.  Evidence of non-actionable allegations is generally not relevant and is properly excluded

from trial.  Franklin v. Consol. Edison Co. of N.Y., 2000 WL 1863767, at *1 (S.D.N.Y. Dec. 19,

2000), aff'd, 37 Fed Appx. 12 (2d Cir. 2002).  Rule 802 prohibits admission of hearsay at trial.

### II.     GUZMAN'S FALSE CLAIM THAT EDITORS MADE JOKES
###         ABOUT THE STIMULUS CARTOON SHOULD BE EXCLUDED

Without any evidentiary basis, Guzman will seek to testify that Joseph Robinowitz and

Frank Zini, Managing Editors at the Post, "made jokes about the cartoon and the protestors."

(ECF 36, ¶ 77.)  She will claim that Shari Logan, a former entry-level employee, heard these

jokes (Exh. 1, ¶¶ 13-14), but at deposition, Logan admitted that all she heard was editors stating

that the cartoon ***itself*** is a joke – u.e., wherein a chimpanzee represented Congress – ***but no one***

***made any jokes about the cartoon or protestors***.  (Exh. 2 at 275.)  Similarly, Ebony Clark,

another entry-level employee, testified only that she overheard Managing Editors state that the

cartoon was intended as a joke.  (Exh. 3 at 177-79.)[2]  Guzman has no admissible evidence of

---

[1] True and correct copies of exhibits in support of this memorandum of law are attached hereto and are referenced
herein as "Exh. [No.]."
[2] On Exh. 3 at 179, there is a reference to "comments already discussed."  The sole comment was the alleged
comment by Allan purportedly concerning protestors, which is the subject of a separate *in limine* motion.

jokes or comments in the Post's offices regarding the Stimulus Cartoon, much less that invoke race or reflect racial animus, and thus should not be permitted to argue to the contrary as a juror might confuse an editor's opinion about editorial content with a discriminatory act.

### III.   EVIDENCE RELATING TO A REMARK ABOUT CANDLES SHOULD BE EXCLUDED

Guzman claims that the Post's Administrative Editor, Anne Aquilina, once asked if candles in Guzman's office related to "Santeria," and contends this is race or national origin-based harassment.  (ECF 36, ¶ 54.)  Guzman, who admits to having "a spiritual practice that borrows from Santeria" (Exh. 4), alleges no other conduct by Aquilina.  This purported comment should be precluded as there is no evidence that it was said "because of" any protected characteristic at issue:  as recognized by the Court (ECF 170 at 27), the comment is "facially-neutral" – it does not invoke race, color or national origin – and no evidence would permit a reasonable juror to infer it was made "because of" Guzman's race.  Without evidence of animus – which may not be imputed from other "harassers" – this comment is irrelevant, <u>Alfano v. Costello</u>, 294 F.3d 365, 378 (2d Cir. 2002), and would only unnecessarily clutter the record and risk confusing the issues before the jury.



2



## V.   THE ALLEGATIONS ABOUT JESSE ANGELO
## ARE IRRELEVANT AND SHOULD BE EXCLUDED

Guzman alleges that Jesse Angelo, then an editor, "had sexual relationships with young female Copy Assistants and news staffers whom he supervised . . . ." (ECF 36, ¶ 46.)  This scurrilous claim has zero probative value because it is indisputably false – Guzman has no personal knowledge or evidentiary support for her scurrilous claim (Exh. 6 at 243) and, to the extent questioned about this, Angelo denied it happening.  (Exh. 7 at 381.)  Beyond the complete absence of evidentiary support, this is irrelevant to her purported sex-based hostile work environment, which she claims was created by Col Allan, Les Goodstein, and David Boyle. Guzman has never pled that Angelo directed any conduct towards her, harassed her, or even flirted with her.  Of course, even if true, it is unclear how consenting adults engaging in a private amorous relationship creates or is relevant to a hostile work environment.

## VI.   ALLEGATIONS REGARDING A SUNDAY EDITOR
## ARE IRRELEVANT AND SHOULD BE EXCLUDED

Guzman claims that a Sunday paper editor with whom she had no contact was *rumored* to have "sexually propositioned a young female Copy Assistant." (ECF 36, ¶ 45.)  Once again, she has no evidence it occurred:  She provides no detail as to when or where it purportedly

occurred, or how an unsubstantiated rumor relating to someone not in her work environment constitutes harassment of her.  See Leibovitz, 252 F.3d at 189-90 (noting plaintiff cannot experience harassment by rumor).  Nor does Guzman allege that the editor engaged in any sex-based conduct towards her, that she was ever propositioned by him, that she ever had any personal knowledge of this allegation, or that she ever even met or interacted with this individual (Exh. 6 at 238-39).  Id. (as relevant as if it had happened at "another firm").  This allegation with no actual evidentiary basis has no probative value, see Martin v. Reno, 2000 WL 1863765, at *4 (S.D.N.Y. Dec. 19, 2000), but it will prejudice defendants as it is highly inflammatory.

## VII.   AN EDITOR'S COMMENT REGARDING A NEWS STORY IS IRRELEVANT AND SHOULD BE EXCLUDED

Guzman alleges that Lauren Ramsby, a Post editor, once referred to Henry Louis Gates as an "angry black man" following his arrest in July 2009 (ECF 36, ¶ 56), but the record is to the contrary.  Once again, Guzman has no personal knowledge of this, but claims she learned of it second-hand.  (Exh. 6 at 232.)  Shari Logan, who is Guzman's "source" for this, testified that Ramsby mentioned this in discussing the manner in which news outlets had covered the arrest of Gates, noting how some had characterized him as an "angry black man."  (Exh. 2 at 60-61, 214-17.)  That is a far cry from Ramsby herself calling Gates an "angry black man."

As the alleged remark was not even said, as the actual remark was part of a discussion of a timely news event by journalists in the Post's newsroom and is facially neutral, as there is no evidence that it was made "because of" Guzman's race, see Oncale, 523 U.S. at 80 ("merely because the words used have [racial] content or connotations," conduct "is [not] automatically discrimination"), and as Guzman makes no claims against Ramsby, the comment is not probative of any issue.  There is a recognized need for workplaces that engage in expressive ideas, such as a newspaper, to be able to freely discuss relevant, if potentially inflammatory, matters.  See Lyle,

38 Cal. 4th at 286-87.  It can only serve to distract the jury and prolong the trial – additional

witnesses, such as Ramsby, would need to be called – if it were to be admitted.

## VIII.   A HEARSAY REMARK FROM ANOTHER DEPARTMENT
##          IS INADMISSIBLE AND SHOULD BE EXCLUDED

Guzman alleges that a male editor "told a female employee that he was going to start

hiring more 'testosterone' because he wanted more 'intelligence' in his department."  (ECF 36,

¶ 48.)  She has no personal knowledge – she submits an affidavit alleging this on "information

and belief" (Exh. 8, ¶ 28) – and has never produced admissible evidence that this occurred.  As

such, this is hearsay and/or lacks foundation and should not be admitted.  Moreover, the editor

alleged to have said this worked in a separate department from Guzman, did not work with

Guzman, is not alleged to have harassed Guzman, and there is not even evidence that the two

ever even met.  See Leibovitz, 252 F.3d at 189-90 (such is as relevant as if it happened at

"another firm").  This is not probative, inadmissible, and should not be put before a jury.

## IX.    THE FALSE CLAIM THAT WHITE "COPY KIDS" GOT PROMOTED
##          FASTER THAN BLACK "COPY KIDS" SHOULD BE EXCLUDED

Guzman falsely alleges that black junior employees – "copy kids" – were required to wait

longer to receive reporting shifts than white copy kids.  (ECF 36, ¶ 59.)  Again, she has no

evidence that this is true, except for conclusory assertions in affidavits provided by Logan and

Clark who, upon questioning, revealed that they had no personal knowledge regarding the hiring

processes, relative seniority, or time that it took white copy kids to receive reporting shifts.

(Exh. 3 at 188-90, 210-14; Exh. 2 at 14-15, 164-68, 250-66.)  In other words, Guzman has no

evidence at all to support her mendacious claim.  Beyond this, none of the decision-makers with

respect to promotion of copy kids are implicated in the decision to terminate Guzman's

employment.  (Id.)  This baseless allegation is thus unsupported, not probative of anything,

irrelevant, unduly prejudicial, and properly excluded from trial.

**CONCLUSION**

For the foregoing reasons, defendants NYP Holdings, Inc., d/b/a The New York Post, and

Col Allan respectfully request that this Court grants the foregoing motion *in limine*.

Dated: November 20, 2013
      New York, New York

                          Respectfully submitted,

                          KASOWITZ, BENSON, TORRES
                            & FRIEDMAN LLP

                          By:  /s/ Mark W. Lerner
                              Marc E. Kasowitz (mkasowitz@kasowitz.com)
                              Mark W. Lerner (mlerner@kasowitz.com)
                              Blythe E. Lovinger (blovinger@kasowitz.com)
                              Garrett D. Kennedy (gkennedy@kasowitz.com)

                          1633 Broadway
                          New York, New York 10019
                          Tel.: (212) 506-1700
                          Fax:  (212) 506-1800

                          Attorneys for defendants NYP Holdings,
                          d/b/a the New York Post, and Col Allan