**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
SANDRA GUZMAN,                                       :
                                                     :
                          Plaintiff,                 :        No. 09 Civ. 9323 (LGS)
                                                     :
             v.                                      :
                                                     :
NYP HOLDINGS INC., d/b/a                             :
THE NEW YORK POST,                                   :
and COL ALLAN, in  his official and                 :
individual capacities,                               :
                                                     :
                          Defendants.   :
-----------------------------------------------------------X


### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO IRRELEVANT PURPORTED COMPLAINTS


**THOMPSON WIGDOR LLP**

85 Fifth Avenue
New York, NY 10003
Telephone:  (212) 257-6800
Facsimile:   (212) 257-6845

*Counsel for Plaintiff Sandra Guzman*

Plaintiff Sandra Guzman submits this memorandum of law in opposition to the motion *in limine* of Defendants NYP Holdings, Inc. d/b/a The New York Post (the "Post" or the "Company") and Col Allan to Exclude Evidence Relating to Irrelevant Purported Complaints.

## I.   **Legal Standard**

Defendants' motion begins with an intentional misrepresentation — their false argument that, "[a]s a matter of law, liability for a purported hostile work environment may attach under Title VII, Section 1981 and the NYSHRL only if Guzman followed the Post's anti-discrimination policies." Def. MOL at p. 1. This statement is indefensible, particularly since this issue was briefed at least twice in this case. Ex. 1 at pp. 27-28; Ex. 2. This is typical of Defendants' motion (as well as their 13 other similarly meritless motions *in limine*), which represents nothing more than a wasteful attempt to burden Plaintiff's counsel and relitigate issues already decided against Defendants. See U.S. Underwriters v. Falcon Constr., 02 Civ. 4182, 2006 WL 3146422 at *2-3 (S.D.N.Y. Oct.30, 2006) (denying motion *in limine* where party's argument was "an improper attempt to relitigate an issue that [the court] previously decided in her opinion denying [defendant's] prior motion for summary judgment"); NIC v. Lukoil, 05 Civ 093772(MEA), 2009 WL 996408 at *2 (S.D.N.Y. Apr. 14, 2009); Baxter Diagnostics, Inc. v. Novatek Med., Inc., 94 Civ. 5220, 1998 WL 665138 at *10 (S.D.N.Y. Sept. 25, 1998).

Under Title VII, Section 1981 and the NYSHRL, an employer is always liable for a hostile work environment created by a supervisor, such as Col Allan and harasser Les Goodstein. Vance v. Ball State Univ., 133 S. Ct. 2434, 2442 (2013) ("[A]n employer is vicariously liable when a supervisor takes a tangible employment action."). Moreover, "an employer will always be liable when its negligence leads to the creation or continuation of a hostile work environment." Id. at 2452; Petrosino v. Bell Atl., 385 F.3d 210, 225 (2d Cir. 2004) ("vicarious

1

liability depends on the plaintiff showing that the employer knew (or reasonably should have known) about the harassment but failed to take appropriate remedial action."); Feingold v. New York, 366 F.3d 138, 152 (2d Cir. 2004).[1] Fed. R. Evid. 403 only permits the exclusion of otherwise relevant evidence if the probative value of such evidence is *"substantially outweighed* by a danger of . . . *unfair* prejudice." (emphasis added).

**II.      Ms. Guzman's Complaints to Mitsy Wilson and Rick Ramirez Are Admissible**

Ms. Wilson and Mr. Ramirez are members of HR at News Corp, served on News Corp.'s diversity committee, and engaged in HR functions for the Post, such as recruiting.  Ex. 3 at 153-157; Ex. 4 at ¶ 20.  Ms. Guzman complained to both about the hostile work environment at the Post.  Id.  Defendants argue that the complaints are inadmissible because they purportedly do not go to the Post's liability for a hostile work environment.  As a *dispositive* threshold matter, Ms. Guzman's complaints to Ms. Wilson and Mr. Ramirez are indisputably relevant to whether she was offended by her work environment.  Defendants previously argued that Ms. Guzman could not establish a hostile work environment because "she never complained."  Ex. 5 at p. 23.  Now, Defendants seek to exclude evidence that Ms. Guzman did, in fact, complain.  Evidence of these complaints, therefore, is necessary to demonstrate that Ms. Guzman was offended by the harassing conduct, and to rebut the argument that Ms. Guzman was not subjectively offended because she purportedly failed to complain.[2]  See Anderson v. Nassau Cnty. Dep't of Corr., 558 F. Supp. 2d 283, 296 (E.D.N.Y. 2008) ("[t]he fact that the plaintiff complained . . . is sufficient to raise an inference that the plaintiff subjectively believed her environment to be hostile.");

---

[1] The New York City Human Rights Law ("NYCHRL") likewise provides for employer liability if the employer knew or should have known of the offending conduct.  Zakrzewska v. New Sch., 14 N.Y.3d 469, 477 (2010).
[2] Defendants also argue that Ms. Guzman's claim of offense is undercut by purported civility with her harassers. This argument was rejected by the Court on summary judgment.  See Guzman v. News Corp., 09 Civ. 09323(LGS), 2013 WL 5807058 at *14 (S.D.N.Y. Oct. 28, 2013).  However, Plaintiff's complaints concerning the conduct to which she was subjected would demonstrate that any civility towards her harassers was merely professionalism, as she was concurrently taking steps to remedy the harassment to which she was subjected.

Sommerville v. Geissler's, 3:10 Civ. 292(VLB), 2012 WL 253345 at *2 (D. Conn. Jan. 26, 2012)

(complaint indicated subjective perception of hostility.)  No further inquiry is necessary.

Ms. Guzman's complaints also are relevant to the Post's liability.  The Post misrepresents

its complaint procedures in order to invoke the Faragher-Ellerth defense.  Defendants' Exhibit 2

includes three pages from the purportedly applicable policy, which permits complaints to "the

Company" generally ("employees . . . should report the matter as soon as possible to the

Company"), as well as "a manager in the Human Resources Department or an attorney in the

Legal Department."  Defendants, however, fail to include the cover page and Introduction in the

exhibit.  The cover page explicitly indicates that the document is a News Corp. policy and the

Introduction defines the Company as "News Corporation."  Ex. 6 at NYP0000058, 60.

Therefore, to the extent these procedures even apply to the Post, they permit complaints to

employees of News Corp. (i.e., "the Company") and Ms. Guzman complied with the policy.  In

any event, even if she had not complied with the policy, Ms. Guzman's complaints are relevant

to whether the Post should have known about the hostile work environment considering the roles

of Ms. Wilson (head of the diversity committee) and Mr. Ramirez (an attorney) at the Company.[3]

Finally, Defendants already litigated and lost this issue.  Guzman, 2013 WL 5807058 at

*15-16 (Plaintiff "complained to members of the News Corp. diversity committee [Ms. Wilson

and Mr. Ramirez]," among others, and "Plaintiffs' complaints [ ] are sufficient to raise an issue

of fact for the jury as to . . . whether her complaints constituted her reasonable availment of

corrective opportunities.").  There is no basis to deviate from this rationale.[4]

---

[3] Defendants' citation to Levitant v. N.Y.C. Human Resources Admin., 05 Civ. 230(KAM)(MDG), 2011 WL
795050 at *3 (Feb. 28, 2011) is misplaced.  In Levitant, the court excluded evidence of certain complaints because
they related to claims for *retaliation that had been dismissed*.  Id.  By contrast, Ms. Guzman does not seek to
introduce complaints to Ms. Wilson and Mr. Ramirez with regard to her still-pending retaliation claims.
[4] Indeed, Defendants identify no prejudice whatsoever other than their unexplained and conclusory assertion that
admission of these highly probative complaints "will only confuse the jury."

III.    **Ms. Guzman's Complaints to Management Are Admissible**

Dede Brown, Lisa Barnett and Paul Armstrong are management or executive employees of the Post to whom Ms. Guzman complained.  Ex. 7 at ¶ 47.  Defendants previously argued that these complaints to purportedly "non-qualifying individuals" must be disregarded.  Ex. 8 at p. 9-10.  The Court rejected the argument:  "[Plaintiff] also testified that she complained to three members of the Post's executive management team.  Plaintiff has adduced sufficient evidence to raise an issue of fact about the adequacy of her complaints."  Guzman, 2013 WL 5807058 at *15.  Indeed, because the Post's purported complaint procedure permits complaints to "the Company," Ms. Guzman's complaints to three members of management adheres to the policy.  In any event, Defendants' argument that these complaints have no bearing on whether the Post knew or should have known about the hostile work environment is ridiculous.  The fact that several such officials were aware of the hostile environment is plainly relevant to the Post's awareness of same.

Finally, as with her complaints to Ms. Wilson and Mr. Rodriguez, Ms. Guzman's complaints to Ms. Brown, Mr. Barnett and Mr. Armstrong are necessary to show that she was subjectively offended, and to rebut the argument that she could not have been offended because she purportedly failed to complain about the environment.  See supra.[5]

IV.    **Ms. Guzman's Complaints Regarding the Racist Cartoon Are Admissible**

Defendants also seek to exclude evidence regarding an email sent by Ms. Guzman concerning a racist cartoon published in the Post in February 2009.  They argue that the email

---

[5] Defendants' argument that Plaintiff failed to complain in a timely manner and, as a result, that they cannot be held liable for the hostile work environment, is without merit.  In making this argument, Defendants openly disregard the complaints Ms. Guzman made prior to February 2009 by claiming in completely conclusory fashion that they are not relevant to impute liability under Faragher-Ellerth.  As explained herein, all of Ms. Guzman's complaints were in accordance with the Post's policies and, even if they were not, also are relevant to (i) whether the Post should have known about the hostile work environment, and (ii) whether Ms. Guzman was subjectively offended by same.  Moreover, unlike those herein, the complaints in Eichler v. Am. Int'l Grp., Inc., 05 Civ. 5167(FM), 2007 WL 963279 at *10 (S.D.N.Y. Mar. 30, 2007), "made no mention of sexual harassment [and] were insufficient to put AIG on notice that she was complaining about a sexually-hostile work environment or any other violation of the employment laws."

4

does not raise a complaint concerning *employment* discrimination.  However, Ms. Guzman's complaints concerning the racist cartoon are covered under § 1981, which does not require that a complaint concern an employment relationship.  Thus, even if Plaintiff's complaints concerning the racist cartoon were not protected under Title VII, the NYSHRL or NYCHRL, they *would* be protected under § 1981.[6]  This point has been raised numerous times both in this case and in a related case, Fenner, *et al*. v. News Corporation, *et al*., No. 09 Civ. 9832(LGS), yet Defendants ignore it in the hopes that the Court will overlook this important distinction between the laws at issue.

Defendants' argument that the Cartoon email cannot be introduced to show that Ms. Guzman complained to management because such would be hearsay is complete nonsense, as **Ms. Guzman sent the email to management and human resources**.  Ex. 9 (email sent to Col Allan, Defendant and Editor-in-Chief of the Post); Ex. 10 (email sent to Human Resources).  Therefore, Ms. Guzman would not be introducing the email for the purpose of proving the truth of its contents, but rather to demonstrate that the email, which contains a protected complaint, was sent to the Post's management.  This is no different from introducing evidence of any other complaint.  Furthermore, Defendant Allan testified to being "disappointed" at Guzman's public complaints concerning the Cartoon.  Ex. 11 at 63:21-64:12.  This reaction, which requires introduction of the complaint, is highly probative of Mr. Allan's attitude towards employee complaints and, in turn, his retaliatory animus towards Ms. Guzman.

---

[6] See also Guzman, 2013 WL 5807058 at *20-21 ("Plaintiff has submitted evidence sufficient for a jury to conclude that Defendants were aware of Ms. Guzman's complaints about the Cartoon and the racist and sexist environment at the Post . . . The evidence is sufficient for a jury to find a 'but-for' causal connection between Ms. Guzman's complaints about the Cartoon and her termination.").

## CONCLUSION

Accordingly, Plaintiff respectfully requests that Defendants' motion *in limine* to Exclude

Evidence Relating to Irrelevant Purported Complaints be denied in its entirety.

Dated: November 27, 2013
       New York, New York

Respectfully submitted,

**THOMPSON WIGDOR LLP**

By: _____
        Douglas H. Wigdor
        Lawrence M. Pearson
        Michael J. Willemin
        Christopher R. Lepore

85 Fifth Avenue, 5th Floor
New York, New York 10003
Telephone:  (212) 257-6800
Facsimile:  (212) 257-6829
dwigdor@thompsonwigdor.com
lpearson@thompsonwigdor.com
mwillemin@thompsonwigdor.com
clepore@thompsonwigdor.com

*Counsel for Plaintiff Sandra Guzman*

6