# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
SANDRA GUZMAN,

                      Plaintiff,                    No. 09 Civ. 9323 (LGS)

                          v.

NEWS CORPORATION, NYP HOLDINGS,
INC., d/b/a THE NEW YORK POST, and COL
ALLAN, in his official and individual capacities,

                      Defendants.
------------------------------------------------------------ X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS NYP HOLDINGS, INC. AND
COL ALLAN'S MOTION FOR SUMMARY JUDGMENT**

THOMPSON WIGDOR LLP

85 Fifth Avenue
New York, NY 10003
Phone: (212) 257-6800
Facsimile: (212) 257-6845

*Counsel for Plaintiff*

Ms. Guzman use of the word "sexy" to compliment another female coworker or celebrity. (Guz. at 467; Allan at 241-42). Notably, Ms. Guzman's experience at the Company was also affected by the racially and sexually offensive incidents she learned of from coworkers, such as the harassment of Nicole Faux by Defendant Allan. Guz. at 168-69. This evidence is relevant in considering the workplace environment in its totality.[27]

## V.  PLAINTIFF MADE PROTECTED COMPLAINTS ABOUT THE COMPANY'S HOSTILE ENVIRONMENT AND DISCRIMINATION MULTIPLE TIMES

Defendants argue that Plaintiff's hostile work environment claims must be dismissed because the Post did not know, and should not reasonably have known, of the offending conduct. (Def. Mem. at p. 27).   However, Plaintiff complained numerous times directly to Company management about the hostile work environment to which she was subjected and, therefore, the Company "knew or reasonably should have known about the harassment" and is vicariously liable for same. Petrosino v. Bell Atl., 385 F.3d 210, 255 (2d Cir. 2004).

Plaintiff complained about a sexually and racially hostile work environment.[28] Ms. Guzman complained of numerous and specific incidents to Ms. Jehn, Mr. Goodstein, Mr. Ramirez, Ms. Wilson, Ms. Brown, Mr. Armstrong and Ms. Barnett.  See Facts § C.  These

---

[27] See Leibovitz v. New York City Transit Authority, 252 F.3d 179, 190 (2d Cir. 2001)("[E]vidence of harassment directed at other co-workers can be relevant to an employee's own claim of hostile work environment discrimination"); Cruz v. Coach Stores Inc., 202 F.3d 560, 570 (2nd Cir. 2000) ("Because the crucial inquiry focuses on the nature of the workplace environment as a whole, a plaintiff who herself experiences discriminatory harassment need not be the target of other instances of hostility in order for those incidents to support her claim.").

[28] Defendants completely misrepresent the record by stating that Ms. Guzman never complained about racial harassment. (Def. Mem. at p. 28 (citing Guz. at 151-153)). Ms. Guzman testified that she complained to Ms. Jehn about "several sexist and racially discriminatory incidents." (Guz. at 151:1-5). Defendants also inaccurately state that "Ms. Guzman could not recall if she told Jehn about Riedel's singing [of 'I want to live in America']." Def. Mem. at p. 28. To the contrary, Ms. Guzman testified that she "believe[d] [she] mentioned that incident to [Ms. Jehn]." (Guz. at 222-223). Defendants also misrepresent that it is undisputed that Plaintiff did not complain about the "Santeria" comment. Def. Br. at p. 28. Ms. Guzman unequivocally testified that she did complain about this comment to "Rick [Ramirez], to Mitsy [Wilson] and several other people." (Guz. at 231:2-6). Ms. Wilson is the head of Defendant News Corp.'s Diversity Team, and Mr. Ramirez is a member of that team. Id. 153:18-24; 156:20-21. Ms. Guzman also complained to Mr. Ramirez and Ms. Wilson about Defendant Allan being a racist and that his behavior "kind of showed the whole newsroom was sexist and racist." (Guz. at 157:21-24).

complaints were unquestionably sufficient to notify the Post of the hostile work environment to which Plaintiff was subjected. Thus, the Company is vicariously liable for same regardless of whether the harassers were supervisors. See Petrosino, 385 F.3d at 225 ("vicarious liability depends on the plaintiff showing that the employer knew (or reasonably should have known) about the harassment but failed to take appropriate remedial action."). These complaints also defeat Defendants' reliance on the Faragher-Ellerth defense because "[w]hen harassment is perpetrated by the plaintiff's coworkers, an employer will be liable if the plaintiff demonstrates that the employer . . . knew of the harassment but did nothing about it." Feingold v. New York, 366 F.3d 138, 152 (2d Cir. 2004).

Defendants are only entitled to invoke Faragher-Ellerth if the undisputed evidence establishes: "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." Faragher v. City of Boca Raton, 524 U.S. 775, 778 (1998). "The Second Circuit has recently noted that because the employer bears the burden of proving the Faragher-Ellerth defense, even summary judgment on this issue is cautioned against unless "'the evidence is so overwhelming that the jury could rationally reach no other result.'" Prince v. Madison Square Garden, 427 F. Supp. 2d 372, 382 (S.D.N.Y. 2006) (citing Fairbrother v. Morrison, 412 F.3d 39, 53 (2d Cir.2005). Defendants cannot satisfy either prong of this burden.

First, the Post did not exercise reasonable care to prevent and correct harassment. Despite Ms. Guzman's numerous complaints, including complaints to management concerning Mr. Goodstein's sexual harassment as early as 2006, the Company took no action to prevent and correct the harassment to which Ms. Guzman was subjected. (Guz. at 185:2-5). Defendants'

## CONCLUSION

For the foregoing reasons, Plaintiff Sandra Guzman respectfully submits that the motion for summary judgment of Defendants NYP Holdings, Inc., d/b/a The New York Post, and Col Allan regarding the Amended Complaint be denied in its entirety.

Dated: May 24, 2013
New York, New York

Respectfully submitted,

**THOMPSON WIGDOR LLP**

By: _____

Douglas H. Wigdor
Lawrence M. Pearson

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dwigdor@thompsonwigdor.com
lpearson@thompsonwigdor.com

*Counsel for Plaintiff*