# Exhibit 2

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/27/2013

# Kasowitz, Benson, Torres & Friedman LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

MARK W. LERNER
DIRECT DIAL: 212-506-1728
MLERNER@KASOWITZ.COM

ATLANTA
HOUSTON
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY

June 26, 2013

<u>Via E-mail</u>

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007

> Re: *Guzman v. NYP Holdings, Inc., et al.*
> <u>No. 09 CV 9323 (LGS)</u>

Dear Judge Schofield:

    This firm represents the defendants in the above-referenced matter. We write concerning defendants' motions for summary judgment, filed May 10, 2013. The Supreme Court's decisions handed down but two days ago in <u>Univ. of Tex. Southwestern Med. Ctr. v. Nassar</u>, No. 12-484, 2013 WL 3155234 (U.S. June 24, 2013), and <u>Vance v. Ball State Univ.</u>, No. 11-556, 2013 WL 3155228 (U.S. June 24, 2013), bear directly on these motions and constitute new controlling authority. As a result, certain legal standards referenced in the parties' briefs in support of and in opposition to summary judgment are no longer applicable. (<u>See</u> ECF No. 144, §§ III, V; ECF No. 155, §§ III, V; ECF No. 166, §§ II, IV.)

    It has long been established that an employer only may be vicariously liable under Title VII for harassment by a "supervisor." <u>See</u> <u>Burlington Indus., Inc. v. Ellerth</u>, 524 U.S. 742, 761 (1998). In <u>Vance, supra</u>, the Court defined who is meant by the term "supervisor," and explicitly limited the scope of that definition to persons "empowered . . . to take tangible employment actions against the victim." <u>Vance</u>, 2013 WL 3155228, at *7 (such actions being to hire, fire, demote, promote, transfer and discipline).

    Here, Guzman seeks to hold defendants vicariously liable for the alleged acts of Les Goodstein, a man who was not even employed by the New York Post and whom she admitted was "not [her] supervisor," but from whom, she belatedly claims in opposition to the motion, that she "took day-to-day direction" (ECF No. 156, at ¶ 73) and that *ergo* he supervised her.[1] <u>Vance</u> resolves any possible ambiguity on this issue as there is no evidence that Goodstein was "empowered" to take any "employment action against [plaintiff]." <u>Vance</u>, 2013 WL 3155228, at *7. There is no record evidence – none – that Goodstein, who ran the Community Newspaper Group, could hire, fire, demote, promote, transfer or discipline Guzman. In fact, it is undisputed that Guzman was hired by Lachlan Murdoch and later fired by Paul Carlucci, each when serving

---

[1] Guzman would also hold defendants *directly* liable for Goodstein's purported conduct; however, Guzman cannot hold defendants directly liable as she failed to reasonably avail herself of the Post's complaint procedures and/or present evidence that the Post was aware of the purported conduct. (<u>See</u> ECF No. 144, § V; ECF No. 166, § IV.)

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

The Honorable Lorna G. Schofield
June 26, 2013
Page 2

as publisher of the New York Post, and received all of her assignments, performance reviews and discipline from her supervisors, Chris Shaw and Joseph Robinowitz, both editors for the New York Post.

Moreover, Vance expressly signals that under its unambiguous definition of supervisor, "the question of supervisor status, when contested, can very often be resolved as a matter of law before trial," thereby "focus[ing]" the parties and "simplif[ying]" the case. Id. at *13. As there can be no dispute of fact as to Goodstein's lack of supervisory status, certainly, it is appropriate here to resolve this issue at this summary judgment stage.

In the Nassar decision, the Supreme Court now holds that a plaintiff must show that a retaliatory motive was the "but for" cause – and not just a "motivating factor" – of an allegedly retaliatory employment action to make out a claim for retaliation under Title VII. 2013 WL 3155234, at *13-14. The Court held that so long as a legitimate reason exists for an employment action, summary judgment is appropriate, even where a plaintiff posits the existence of evidence of retaliatory animus. Id. at *14. Here, Guzman contends that she was terminated in retaliation for her having raised a complaint to a member of the Post's human resources staff some seven months prior. Defendants have stated unassailable lawful reasons – the economic collapse and closing of the newspaper supplement which she was responsible for editing, among other things – for all actions at issue. Based on this evidence, even if Guzman had evidence of retaliatory animus, which she does not, Nassar requires that summary judgment be granted because Guzman has no evidence that retaliatory motive was the "but for" cause of her employment termination.

We would be happy to provide more extensive briefing on the application of these two decisions to the motions before the Court and will await any further instructions the Court may have in that regard. We thank Your Honor for your consideration in this matter.

Respectfully submitted,

Mark W. Lerner

cc: Lawrence M. Pearson, Esq.