# Exhibit 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                             :
SANDRA GUZMAN,                               :    Civ. No.: 09 CV 9323 (LGS)
                                             :
                      Plaintiff,             :
                                             :
              vs.                            :
                                             :
NEWS CORPORATION, NYP HOLDINGS,              :
INC., d/b/a THE NEW YORK POST,               :
and COL ALLAN, in his official and           :
individual capacities,                       :
                                             :
                      Defendants.            :
------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS NYP HOLDINGS, INC. AND COL ALLAN'S MOTION FOR SUMMARY JUDGMENT

KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP
Marc E. Kasowitz (mkasowitz@kasowitz.com)
Mark W. Lerner (mlerner@kasowitz.com)
Blythe E. Lovinger (blovinger@kasowitz.com)
Garrett D. Kennedy (gkennedy@kasowitz.com)
1633 Broadway
New York, New York 10019
Tel.:   (212) 506-1700

Attorneys for Defendants NYP Holdings,
Inc., d/b/a the New York Post, and Col Allan

on performance). Courts routinely grant summary judgment when faced with far more egregious conduct.[26]

Guzman must also show subjective offense, see Fierro v. Saks Fifth Ave., 13 F. Supp. 2d 481 (S.D.N.Y. 1998) (dismissing where no subjective offense), which she cannot: she never complained about any of this conduct (see § IV.C) and maintained a "friendly" relationship with Riedel (see, Facts, §C, n.10, supra), which facts are "simply incompatible with her allegation that [Post employees] engaged in conduct so severe and pervasive that it altered the conditions of her employment." Martinez v. Conn. State Library, 817 F. Supp. 2d 28, 51 (D. Conn. 2011).

The NYCHRL requires a separate analysis, but the same conclusion. Guzman must show that "she has been treated less well," Zambrano–Lamhaouhi, 2011 WL 5856409, at *9, but conduct amounting to "petty slights and trivial inconveniences" is not actionable, Campbell, 2012 WL 400959, at *8. Guzman claims no more than "petty slights," see Fullwood v. Assoc. for the Help of Retarded Children, Inc., 2010 WL 3910429, at *9 (S.D.N.Y. Sept. 28, 2010) (dismissing "sporadic" comments, including referring to black employees working in cotton fields and sitting in back of bus), her work did not suffer, and she alleges no misconduct by a supervisor. Her own behavior evidences this: she never complained about any of this conduct (see § IV.C); she stayed "friendly" with Riedel, asking him about *West Side Story* and for his help to get a friend an audition for the musical, and never asked him to stop singing; *she* approved a headline calling an individual "Cha Cha"; and she later voluntarily attended a dinner honoring him, where she greeted both him and his wife (Good. at 147; Guz. at 190-91).

---

[26] See Rios, 2008 WL 657121, at *4 (plaintiff told to either not "speak Puerto Rican" or go back to her own country, shown multiple offensive cartoons, had coffee spit on her, and had "Puerto Rican scum" written on her car, among other things); Rivera v. Rochester Genesee Regional Transp. Auth., 761 F. Supp. 2d 54, 57-58 (W.D.N.Y. 2011) (granting summary judgment where plaintiff called, inter alia, "'n*gger,' 'boy' and 'monkey'"); Negron v. Rexam Inc., 104 Fed. Appx. 768, 770 (2d Cir. 2004) (employee called a racial epithet "a handful of times," including over a loudspeaker, insufficient); Stembridge v. City of New York, 88 F. Supp. 2d 276, 286 (S.D.N.Y. 2000) (granting summary judgment where plaintiff was referred to as an "uppity n*gger" and a "boy," harasser called other African-American "animals" and "washroom attendant," and hung a black doll).

v. Bank of Tokyo-Mitsubishi UFJ, Ltd., 2011 WL 666187, at *9 (S.D.N.Y. Feb. 9, 2011) (quoting Patterson, 375 F.3d at 229).

Even assuming *arguendo* that the evidence established a hostile work environment, Allan cannot be liable because he was not involved in creating it. There is no evidence Allan was aware of, "participated" in, or "encourag[ed], condon[ed], or approv[ed]" any conduct contributing to Guzman's race-based harassment claim, or was involved in her sex-based claim through the one-time telling a story and showing a news photograph. Emmons, 715 F. Supp. 2d at 420 (quoting Feingold, 366 F.3d at 157); Durkin, 678 F. Supp. 2d at 136 (citation omitted). This single-occurrence is insufficient to create a hostile work environment.

Thus, all claims against Allan must be dismissed for these reasons as well.

## CONCLUSION

For the foregoing reasons, Defendants NYP Holdings, Inc., d/b/a The New York Post, and Col Allan respectfully request that this Court grant summary judgment dismissing with prejudice Guzman's Amended Complaint in its entirety.

Dated: May 10, 2013
New York, New York

Respectfully submitted,

KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP

By: /s/ Mark W. Lerner
Marc E. Kasowitz (mkasowitz@kasowitz.com)
Mark W. Lerner (mlerner@kasowitz.com)
Blythe E. Lovinger (blovinger@kasowitz.com)
Garrett D. Kennedy (gkennedy@kasowitz.com)
1633 Broadway
New York, New York 10019
Tel.: (212) 506-1700
Fax: (212) 506-1800
Attorneys for Defendants NYP Holdings, d/b/a the
New York Post, and Col Allan

30