# Exhibit 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
SANDRA GUZMAN,                                              :
                                                            :
                              Plaintiff,                    :
                                                            :
              vs.                                           :   Civ. No.: 09 CV 9323 (LGS)
                                                            :
NEWS CORPORATION, NYP HOLDINGS,                             :
INC., d/b/a THE NEW YORK POST,                              :
and COL ALLAN, in his official and                          :
individual capacities,                                      :
                                                            :
                              Defendants.                   :
------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS NYP HOLDINGS, INC. AND COL ALLAN'S MOTION FOR SUMMARY JUDGMENT

KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP
Marc E. Kasowitz (mkasowitz@kasowitz.com)
Mark W. Lerner (mlerner@kasowitz.com)
Blythe E. Lovinger (blovinger@kasowitz.com)
Garrett D. Kennedy (gkennedy@kasowitz.com)
1633 Broadway
New York, New York 10019
Tel.:   (212) 506-1700

Attorneys for Defendants NYP Holdings, Inc.,
d/b/a the New York Post, and Col Allan

Likewise, the Court cannot consider acts which are claimed without any record evidence that they even occurred,[18] such as Allan's alleged use of term "bitch" once in 2003 (Guz. at 240-41 [Pear. Dec., Exh. 1]); his purportedly "rubbed his penis" against a Post employee at a parties (Faux at 19-20, 34-38; Allan at 504 [Lern. Dec., Exhs. 12, 28]); another employee's mention of hiring more "testosterone" (Guz. Aff. ¶ 14.); and one employee propositioning another (Id., ¶ 10; Guz. at 238 [Pear. Dec., Exh. 1]).  Finally, Guzman's page of handwritten notes purportedly made at a Post editorial meeting are untimely as they were made in or about September 2005 (Guz. at 495-96 [Pear. Dec., Exh. 1]), they are hearsay,[19] and Guzman admitted all comments related to news stories discussed. (id. at 495-98.)  See Lyle v. Warner Bros. Tel. Prod'ns., 34 Cal. 4th 264 (2006).  Guzman has never identified a single sex-based comment arising in these meetings.

IV. **GUZMAN DID NOT AVAIL HERSELF OF COMPLAINT PROCEDURES AND HER EMPLOYER CANNOT THEREFORE BE LIABLE**

Guzman fails to refute Defendants' Faragher-Ellerth defense because it remains undisputed that (i) the Post's anti-harassment policy requires that "employees . . . have an obligation to notify a manager in the Human Resources Department or an attorney in the Legal Department" (Lern. Dec., Exh. 26), which comports with testimony on this topic (see, e.g., Scial. at 64-66; Jehn at 54, 57 [Lern. Dec., Exhs. 9, 11]), (ii) she was aware of this requirement (CSMF, ¶ 58), and (iii) she never complained in accordance with this policy until after an unreasonable delay, in February 2009 (Guz. at 167 [Lern. Dec., Exh. 15]).  Defendants dispute that she ever engaged in a protected act, but accept as true for this motion.  The failure to comply with this

---

[18] See Whidbee, 223 F.3d at 71; Ozenne v. Univ. of Conn. Health Care, 292 F.Supp.2d 425, 434 (D. Conn. 2003) (dismissing claim where no evidence from third-party attesting to truth of matter asserted); Peterson v. Washington Cty. Dep't of Pub. Works, 2002 WL 32344505, at *4 n.6 (N.D.N.Y. Dec. 19, 2002) (requiring submission of admissible evidence of conduct) (citations omitted).

[19] Guzman's assertion that this was a "contemporaneous" writing is belied by the document's plain reference to "daily" commentary.

9

policy precludes liability for all but Allan's alleged 2007 barroom conduct, based on his supervisory status. (Motion, § V.)[20] Guzman's other purported complaints to non-qualifying individuals does not comport with policy.[21]

Finally, Guzman notes that the Faragher-Ellerth defense does not apply to her NYCHRL claims. However, she still must show that the Post "should have known" about the purported conduct, and there is no evidence to support such a finding. Zakrewska v. The New School, 14 N.Y.3d 469, 479 (2010). Guzman cites to no case holding that complaining to non-supervisors or employees of a different company is sufficient to put the Post on notice, because there is none. This is all the more so where, as here, she did not ask these individuals to take any action on her behalf, or anticipate that they would take action. (Guz. at 145-46, 155, 159-61 [Pear. Dec., Exh. 1].) In addition, the record supports that all complained-of allegations (save Riedel) occurred years prior thereto, and there is *no* evidence of any discriminatory conduct occurring after this complaint, i.e. that the Post could have remedied.

## CONCLUSION

Based on the foregoing, Defendants NYP Holdings, Inc., d/b/a the New York Post, and Col All respectfully request that the Court grant summary judgment dismissing with prejudice Plaintiff's Amended Complaint in its entirety.

---

[20] Guzman claims that she complained to Jehn regarding Riedel's singing. (Pl. Brf. at 27 n.28.) She never did (CSMF, ¶ 28), but even accepting this, it would be the sole raced-based conduct complained of in compliance with the Post's procedures and assuredly insufficient to establish a hostile work environment. (Def. Brf., § IV.A.)

[21] Guzman claims *for the first time* in her opposition that she complained to Jehn about Boyle, following three years of discovery, a prior affidavit, and two deposition days. Such a new factual allegation is not properly considered when first raised in opposition to summary judgment (see Pl. Brf., § V). See, e.g., Petrisch, 2013 WL 1316712, at *8-9 (disregarding factual allegations first raised in opposition to summary judgment). Further, given that Guzman does not allege the timeframe of a single of Boyle's purported comments, she cannot show that she complained in a reasonably timely manner (Pl. Brf., § V), and liability should be precluded, as Guzman may not ask the Court "presume" facts. See also United Mag., 393 F. Supp. 2d at 211(citation omitted).

Dated: May 31, 2013
      New York, New York

                          Respectfully submitted,

                          KASOWITZ, BENSON, TORRES
                              & FRIEDMAN LLP

                      By: /s/ Mark W. Lerner
                          Marc E. Kasowitz (mkasowitz@kasowitz.com)
                          Mark W. Lerner (mlerner@kasowitz.com)
                          Blythe E. Lovinger (blovinger@kasowitz.com)
                          Garrett D. Kennedy (gkennedy@kasowitz.com)

                      1633 Broadway
                      New York, New York 10019
                      Tel.: (212) 506-1700
                      Fax: (212) 506-1800

                      Attorneys for Defendants
                      NYP Holdings, Inc., d/b/a the New York Post
                      and Col Allan