UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SANDRA GUZMAN,

                       Plaintiff,         No. 09 Civ. 9323 (LGS)

      v.

NYP HOLDINGS INC., d/b/a
THE NEW YORK POST,
and COL ALLAN, in his official and
individual capacities,

                       Defendants.
-----------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE THE TESTIMONY AND REPORTS OF JUNE TRAFTON

**THOMPSON WIGDOR LLP**

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845

*Counsel for Plaintiff Sandra Guzman*

Plaintiff Sandra Guzman ("Plaintiff" or "Ms. Guzman"), by and through her undersigned counsel, submits this memorandum of law in opposition to the motion *in limine* of Defendants NYP Holdings, Inc., d/b/a The New York Post (the "Post" or the "Company") and Col Allan (together, "Defendants") to Exclude the Testimony and Reports of June Trafton.

## I. Legal Standard

Federal Rule of Evidence ("FRE") 403 only permits the exclusion of otherwise relevant evidence if the probative value of such evidence is "**substantially outweighed** by a danger of one or more of the following: **unfair** prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." (emphasis added). Exceptions to the general inadmissibility of hearsay include: (i) a statement that (a) "is made for – and is reasonably pertinent to – medical diagnosis or treatment" and (b) describes medical history; past or present symptoms or sensations; their inception; or their general cause; and (ii) "a statement of the declarant's . . . emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health)." Fed. R. Evid. 803(4) and (5). The evidence Defendants seek to exclude – highly probative evidence from Ms. Guzman's therapist, Ms. Trafton – neither prejudices Defendants nor runs afoul of the rules against the admission of hearsay.

## II. Argument

Defendants' motion asks the Court exclude undeniably relevant evidence concerning Ms. Guzman's emotional distress without providing a single legitimate basis for doing so. Defendants correctly state that "garden variety" emotional distress does not **require** the introduction of medical evidence. However, Defendants do not, because they cannot, point to any authority whatsoever for the proposition that the testimony of a treating therapist is not **permitted** in garden variety cases. Indeed, the very authority cited by Defendants specifically

1

contemplates testimony corroborating that of a plaintiff: "In 'garden variety' emotional distress cases, the evidence of mental suffering is **generally** limited to the testimony of the plaintiff." Defs. Mem. at p. 2-3 (citing MacMillan v. Millenium Broadway Hotel, 873 F. Supp. 546, 560 (S.D.N.Y. 2012) (emphasis added). This statement is nothing more than recognition that garden variety cases generally involve only a plaintiff's testimony. This in no way establishes a prohibition of additional testimony. See also Abel v. Town Sports Int'l, LLC, 09 Civ. 10388(DF), 2012 WL 6720919 at *16 (S.D.N.Y. Dec. 18, 2012) ("In cases involving garden-variety emotional distress, damages awards are based **primarily** on the plaintiffs' description of mental anguish in somewhat general terms.") (emphasis added).

Consistent with this reality, courts routinely permit corroboration of a plaintiff's emotional distress, even in garden variety cases. Indeed, "[w]hile a 'plaintiff's subjective testimony, standing alone, is generally insufficient to sustain an award of emotional distress damages,' **the award can be substantiated by other evidence, such as the testimony of witnesses** 'or the objective circumstances of the violation itself.'" Abel, 2012 WL 6720919 at *16 (emphasis added) (citing Reiter v. Metro. Transp. Auth., No. 01 Civ. 2762, 2003 WL 22271223, at *7 (S.D.N.Y. Sept. 30, 2003) (quoting Patrolmen's Benevolent Ass'n v. City of N. Y., 310 F.3d 43 (2d Cir. 2002). As such, third-party testimony is proper. See, e.g., Abel, 2012 WL 6720919 at *6, 15 (recounting testimony of plaintiff's psychologist in case where plaintiff had "previously inform[ed] the Court that he was not claiming more than "'garden variety' emotional distress."); MacMillan v. Millennium Broadway Hotel, 873 F. Supp. 2d 546, 561 (S.D.N.Y. 2012) (recounting third-party corroborating testimony prior to determining that the evidence supported a finding of garden variety emotional distress); Fowler v. New York Transit

Auth., 96 Civ. 6796(JGK), 2001 WL 83228 at *13-15 (S.D.N.Y. Jan. 31, 2001) (garden variety damages appropriate where plaintiff's testimony was corroborated by doctor and therapist).

Ms. Guzman seeks nothing more than to call Ms. Trafton as a fact witness to corroborate Ms. Guzman's claims of garden variety emotional distress. Such testimony would not constitute inadmissible hearsay, as anything told by Ms. Guzman to Ms. Trafton would be admissible pursuant to the exceptions found in FRE 803(4) and (5) ("then-existing mental, emotional or physical condition" and "statements made for medical diagnosis or treatment," respectively). Defendants' argument that the testimony would be duplicative is silly. For example, Defendants plan on calling more than one witness to corroborate the fabricated purported reason for Ms. Guzman's termination.

Defendants' argument that Plaintiff agreed not to call Ms. Trafton as an expert witness is factually correct, but legally irrelevant. As explained unambiguously in Plaintiff's May 14, 2012 letter to Magistrate Judge Ellis:

> First, Ms. Guzman has not noticed Ms. Trafton *as an expert*, and does not intend to offer Ms. Trafton *as an expert* . . . Furthermore, Defendants' belief that Ms. Trafton will be called as an eleventh hour *expert witness* is in complete contradiction to the Federal Rules of [Civil Procedure], which states that a party "must disclose" their intention to call *an expert witness* in a timely fashion. See [Fed. R. Civ. P.] 26(a)(2). Ms. Guzman has not made such a disclosure because at this time she has no intention of calling an *expert* to talk about her past mental anguish.

Def. Ex. 4 (emphasis added). Nothing has changed. Ms. Guzman seeks to call Ms. Trafton to testify only as to facts, not expert opinion. For that reason, Defendants' attempt to exclude her testimony as improper opinion evidence under FRE 701 is misplaced and must be rejected. The simple fact is that Ms. Trafton was listed on Plaintiff's Rule 26(a) Initial Disclosures on April 16, 2010, more than three-and-a-half years ago. Defendants' claim that they are unable to mount a

3

defense against Ms. Trafton's testimony due to her purported violation of New York State law is absurd. Defendants' assertion that they are incapable of obtaining rebuttal evidence to cross examine Ms. Trafton would likewise mean that they cannot rebut any testimony offered by Plaintiff, as nary a witness will document everything they intend to testify about. Defendants have been aware of Ms. Trafton's relevance to this action for more than three-and-a-half years, and had an opportunity to (and did) depose her. There is no basis to conclude that they are incapable of cross-examining her at trial and, in any event, Defendants cite no law in support of their purported "equity" argument.

It is quite literally impossible that Ms. Trafton's testimony will result in unfair prejudice to Defendants. Defendants' sole argument is that "[i]ntroduction of such evidence would only create the risk of prejudice to defendants in that the jury might improperly perceive Guzman's damages to have been greater than garden variety." Defs. Mem. at p. 4. This argument is a red herring because the only speculative result of such perception would be an award of compensatory damages higher than that permitted in garden variety cases. This will not prejudice Defendants in any manner because any such excessive award would simply be remitted. This case presents precisely the same facts as Abel. In that case, the "[p]laintiff [ ] previously inform[ed] the Court that he was not claiming more than garden variety emotional distress' - and resisted certain discovery on that basis." Abel, 2012 WL 6720919 at *15. Nevertheless, the "[p]laintiff's own testimony that he suffered emotional distress due to the hostile work environment . . . was corroborated by third parties, as well as by 'the objective circumstances' of the work environment itself." Id. at *5. The jury awarded the plaintiff $300,000, which is precisely Defendants' alleged fear herein. Id. at *1. The court in Abel

4

proceeded to remit the award to $100,000. Id. at 16-18. There is no reason that this Court cannot do the same if the jury awards excessive compensatory damages.

For all the reasons cited herein, Plaintiff also must be permitted to testify as to her treatment by Ms. Trafton, even if Ms. Trafton herself is not permitted to testify.

With regard to the Reports, Plaintiff agrees that they are not covered by the medical records hearsay exception pursuant to FRE 803(4). However, the Reports would nonetheless be admissible in a variety of circumstances, including: (i) under 801(d)(B) if Defendants argue that Ms. Trafton's testimony is recently fabricated; or (ii) as non-hearsay should Ms. Trafton need to be impeached with the contents of the Reports for any reason.

Finally, Defendants' request to renew their application to conduct an Independent Psychiatric Examination of Ms. Guzman if Ms. Trafton is permitted to testify is completely baseless, conflicts directly with the Court's prior direction at the parties' March 28, 2013 conference with Your Honor, and represents nothing more than an attempt to harass and cause distress to Ms. Guzman. As explained herein, Ms. Guzman still claims only garden variety emotional distress and does not intend to call any expert witness to testify as to Ms. Guzman's emotional distress.

5

## CONCLUSION

Accordingly, Plaintiff respectfully requests that Defendants' motion *in limine* to Exclude the Testimony and Reports of June Trafton be denied in its entirety.

Dated: November 27, 2013
New York, New York

Respectfully submitted,

**THOMPSON WIGDOR LLP**

By: _____
Douglas H. Wigdor
Lawrence M. Pearson
Michael J. Willemin
Christopher R. Lepore

85 Fifth Avenue, 5th Floor
New York, New York 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6829
dwigdor@thompsonwigdor.com
lpearson@thompsonwigdor.com
mwillemin@thompsonwigdor.com
clepore@thompsonwigodor.com

*Counsel for Plaintiff Sandra Guzman*