UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SANDRA GUZMAN,

                            Plaintiff,    :    No. 09 Civ. 9323 (LGS)

      v.

NYP HOLDINGS INC., d/b/a
THE NEW YORK POST,
and COL ALLAN, in his official and
individual capacities,

                         Defendants.
------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO ALLEGATIONS OF
PURPORTED CONDUCT OF DEFENDANT ALLAN THAT IS NOT PROBATIVE OF
ANY ISSUE IN THIS CASE**

**THOMPSON WIGDOR LLP**

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845

*Counsel for Plaintiff Sandra Guzman*

Plaintiff Sandra Guzman ("Plaintiff" or "Ms. Guzman"), by and through her undersigned counsel, hereby submits this opposition to Defendants NYP Holdings, Inc., d/b/a The New York Post (the "Post" or the "Company") and Col Allan's (together, "Defendants") motion *in limine* to Exclude Evidence Relating to Allegations of Purported Conduct of Defendant Allan That Is [Purportedly] Not Probative of Any Issue In This Case.

In this motion *in limine*, Defendants seek to exclude five racially discriminatory comments by Defendant Allan. This Court explicitly referenced four of these comments as evidence of race and national origin harassment in denying Defendants' summary judgment motion, including Mr. Allan's calling a black female employee a "damn girl," referring to protesters of the Post's cartoon portraying Barack Obama as a dead chimpanzee as "minorities" who were "not smart," and calling Hispanic professional athlete Pedro Martinez a "criminal." Guzman v. News Corp., 09 CIV. 09323 (LGS), 2013 WL 5807058 at *15-16 (S.D.N.Y. Oct. 28, 2013). This Court is not required to "indulge [Defendants'] efforts to revive its unsuccessful summary judgment arguments" on a motion *in limine*. See U.S. Underwriters Ins. Co. v. Falcon Constr. Corp., No. 02-C-4182, 2006 WL 3146422 at *2-3 (S.D.N.Y. Oct. 30, 2006) (denying motion *in limine* where party's argument was "an improper attempt to relitigate an issue that [the court] previously decided in her opinion denying [defendant's] prior motion for summary judgment"). After four years of highly contentious litigation, and numerous irrelevant and invasive inquiries intended to embarrass, bully, and shame Ms. Guzman for bringing her claims, Defendants' 14 motions *in limine* (comprising 70 pages of additional briefing, despite a 30-page limit on summary judgment) on a myriad of previously decided issues cannot be interpreted as zealous advocacy. Rather, they are a transparent and bad faith attempt to overwhelm the Court and Plaintiff.

1

## I.     As This Court Has Already Recognized, Mr. Allan's Racist Comments Are Admissible And Probative Of Animus

Federal Rule of Evidence 403 only permits the exclusion of otherwise relevant evidence if the probative value of such evidence is "**substantially outweighed** by a danger of one or more of the following: **unfair** prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." (emphasis added). Defendants' motion fails to set forth any reasonable non-conclusory basis to believe that the evidence at issue runs afoul of Rule 403 in any way. Simply put, while the evidence addressed herein certainly "tends to establish liability [and] is [thus] prejudicial to the interests of the defendant," it does not have "an undue tendency to suggest decision on an improper basis." Perry v. Ethan Allen, Inc., 115 F.3d 143, 151 (2d Cir. 1997). Therefore, Defendants' motion must be denied.

Of course, it is undisputed that a plaintiff can prove discriminatory intent through the use of discriminatory comments towards others in the plaintiff's protected class. See, e.g., Lewis v. Depository Trust & Clearing Corp., 04 CIV. 4569 (GEL), 2006 WL 2482699, at *7 (S.D.N.Y. Aug. 29, 2006) ("Circumstances contributing to an inference of discriminatory intent may include . . . 'invidious comments' about members of the protected class to which plaintiff belongs") (citing Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994)). Indeed, where evidence of discrimination exists, an employer's professed views and attitudes may be used to demonstrate animus. See Tomassi v. Insignia Financial Group. Inc., 478 F.3d 111 (2d Cir. 2007) (discriminatory remarks relevant to determining whether "decision-maker was motivated by assumptions or attitudes relating to the protected class"). Racist comments are not "stray" and "may constitute evidence of an intent to discriminate" if a "sufficient nexus exists between the comments and the adverse employment action." Howe v. Town of Hempstead, No. 04 Civ. 0656(DRH)(ETB), 2006 WL 3095819, at *7 (E.D.N.Y. Oct. 30, 2006). All that is

2

necessary to demonstrate such a nexus exists is that "the comments were made by the decision-maker or by someone who had great influence over the decision-maker." Id. It is undisputed that Mr. Allan was one of the primary individuals involved in terminating Ms. Guzman's employment.

Here, pursuant to the Court's Opinion and Order denying Defendants' motion for summary judgment, it has already been decided that four of the comments at issue are highly probative of discrimination and harassment on the basis of race and national origin. The last comment is similarly probative – if not even more so – than the other four. To that end, Mr. Allan referred to a Hispanic individual as "one of those" and commented, "they probably look alike" in reference to Hispanics. Defs. Mem. at 2. Defendants offer no specific argument as to how this constitutes a "stray remark" because there is none: Mr. Allan was quite clearly saying that all Hispanics are fungible and/or interchangeable. Thus, all of these comments are admissible evidence of Mr. Allan's animus and cannot possibly be truthfully described as "race neutral." Id.

## II. Neither The Statutes Of Limitations For Ms. Guzman's Claims, Nor Her Presence When Mr. Allan Made The Comments Have Any Bearing On Their Admissibility As Evidence

Without citing authority, Defendants argue that "under clear law" three comments made by Mr. Allan during Ms. Guzman's employment should be excluded because they fall outside statutes of limitations. However, "this argument confuses the limitations period on a claim with the admissibility of evidence relating to that claim. Otherwise admissible evidence does not become inadmissible if the statute of limitations would have run on a claim that arose on that date." Port Auth. Police Asian Jade Soc. of New York & New Jersey Inc. v. Port Auth. of New York & New Jersey, 681 F. Supp. 2d 456, 462 (S.D.N.Y. 2010). Indeed, "**it is reversible error**

3

**to preclude otherwise admissible evidence solely because it dated to a time when a claim would have been time-barred**." Id. (emphasis added); Fitzgerald v. Henderson, 251 F.3d 345, 365 (2d Cir. 2001) ("[a] statute of limitations does not operate to bar the introduction of evidence that predates the commencement of the limitations period but that is relevant to events during the [statutory] period."). For purposes of Ms. Guzman's hostile environment claims, these comments also are admissible. See Barounis v. New York City Police Dept., No. 10 Civ. 2631(SAS), 2012 WL 6194190 (S.D.N.Y. Dec. 12, 2012) ("[B]ecause a hostile work environment claim is comprised of a series of separate acts that collectively constitute an unlawful employment practice, some of the component acts can fall outside the statutory time period."). The law is clear, but Defendants have portrayed it falsely—statutes of limitations for antidiscrimination laws have no bearing on the admissibility of these five comments.

As this Court recognized, Ms. Guzman may introduce evidence of "racial harassment observed only by others as part of her hostile work environment claim." Guzman, 2013 WL 5807058 (citing Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 71 (2d Cir.2000) ("[T]he mere fact that the plaintiff was not present when a racially derogatory comment was made will not render that comment irrelevant to his hostile work environment claim' because 'the fact that a plaintiff learns second-hand of a racially derogatory comment or joke by a fellow employee or supervisor also can impact the work environment.'") (quoting Schwapp v. Town of Avon, 118 F.3d 106, 111 (2d Cir.1997)). That Ms. Guzman was not present for Mr. Allan calling Ebony Clark a "damn girl" and describing protesters of the Cartoon as "minorities" who are "not smart" does not render those comments inadmissible.

## III. Evidence Of Harassment Of Other Employees Is Admissible

Defendants also ask the Court to disregard Mr. Allan's comment referring to Ebony Clark as a "damn girl" because he was not referring to Ms. Guzman. However, it is well-established that "[t]he testimony of other employees about their treatment by the defendant is relevant to the issue of the employer's discriminatory intent." Zubulake v. UBS Warburg LLC, 382 F. Supp. 2d 536, 544 (S.D.N.Y. 2005); see also Rifkinson v. CBS, Inc., 94 CIV. 7985 (KTD)(JCF), 1997 WL 634514, *2 (S.D.N.Y. Oct. 14, 1997) ("Demonstrated bias by a decision maker is probative of discriminatory animus, and is therefore admissible even if that bias was directed against employees not similarly situated to the plaintiff."). See also Bundy v. Jackson, 641 F.2d 934, 940, n. 3 (D.C. Cir. 1981) (admitting testimony of sexual harassment from former employees employed up to seven years before the start of plaintiff's employment); West v. Philadelphia Elec. Co., 45 F.3d 744, 757 (3d Cir. 1995) (error to exclude evidence of harassment of co-workers occurring prior to limitations period); Robinson v. Jacksonville Shipyards, Inc., 760 F. Supp. 1486, 1499 (M.D. Fla. 1991) (permitting testimony of sexual harassment in the workplace eight years prior to EEOC charge because "incidents involving other female employees place the conduct at issue in context," "[t]he perception that the work environment is hostile can be influenced by the treatment of other persons of a plaintiff's protected class," and "other incidents of sexual harassment are directly relevant to an employer's liability for the acts of employees and to the issue of an appropriate remedy"). In employment discrimination cases, "[b]ecause the crucial inquiry focuses on the nature of the workplace environment as a whole, a plaintiff who herself experiences discriminatory harassment need not be the target of other instances of hostility in order for those incidents to support her claim." Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir. 2000). Accordingly, this Court must admit evidence of Mr. Allan's racism.

## **CONCLUSION**

For the above reasons, Plaintiff respectfully requests that this Court deny Defendants' request to exclude the above-described evidence.

Dated: November 27, 2013
New York, New York

Respectfully submitted,

**THOMPSON WIGDOR LLP**

By: _____
Douglas H. Wigdor
Lawrence M. Pearson
Michael J. Willemin
Christopher R. Lepore

85 Fifth Avenue, 5th Floor
New York, New York 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6829
dwigdor@thompsonwigdor.com
lpearson@thompsonwigdor.com
mwillemin@thompsonwigdor.com
clepore@thompsonwigodor.com

*Counsel for Plaintiff Sandra Guzman*